UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
AMY VELEZ et al.                                       :
                                                       :
                              Plaintiffs,              :
                                                       :         04 Civ. 9194 (GEL)
        -against-                                      :
                                                       :         **OPINION AND ORDER**
NOVARTIS CORPORATION et al.                            :
                                                       :
                              Defendants.              :
-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-5-06

Steven Wittels and Jeremy Heisler, Sanford,
Wittels & Heisler, LLP, New York, New York,
David W. Sanford and Lisa Goldblatt, Sanford,
Wittels & Heisler, LLP, Washington, DC,
Grant Morris, Law Offices of Grant E. Morris,
Washington, DC, for Plaintiffs.

Andrea Christensen and Jordan Schwartz,
Kaye Scholer LLP, New York, New York,
for Defendant.

GERARD E. LYNCH, District Judge:

Plaintiffs in this putative class action move for a judicial finding and order that defendant Thomas Ebeling has been validly served. The motion will be granted.

Defendant Ebeling is the Chairman of the Board of Directors of defendant Novartis Pharmaceuticals Corporation ("NPC"). The corporate headquarters of NPC is in East Hanover, New Jersey. Deposition testimony from Gary Rosenfeld, Vice President for Finance and Business Administration of co-defendant Novartis Corporation, an affiliate of NPC, establishes that Ebeling, a citizen of Germany who resides in Switzerland, travels to the NPC headquarters approximately ten times per year and stays from one to three days per trip, although Ebeling does not have a personal office there. While in NPC's New Jersey office, Ebeling reviews

NPC's business performance, is involved in the development of NPC's business plan, and makes human resources decisions.[1] Ebeling himself, the person with the greatest knowledge of the extent of his contacts with the New Jersey headquarters, has not provided an affidavit regarding his presence there in connection with this motion.

Under N.Y. C.P.L.R. § 308(2), service may be effected by "delivering the summons within the state to a person of suitable age and discretion at the [person's] actual place of business . . . and . . . by mailing the summons by first class mail to the person to be served at his . . . actual place of business." The question for decision is thus whether the New Jersey corporate headquarters is an "actual place of business" of Ebeling, the Chairman of the Board.[2]

Plaintiffs do not challenge Ebeling's assertions that the New Jersey office is not his

---

[1] Defendant repeatedly emphasizes the testimony of another Novartis official, Judy O'Hagan, that Ebeling visits the New Jersey offices on a "quarterly" basis, while simultaneously deriding O'Hagan's testimony as "hearsay." Defendant ignores Rosenfeld's testimony, even though he cites for another purpose the very page on which Rosenfeld gives apparently *first-hand* testimony that Ebeling's visits are far more frequent than quarterly. While it is true that plaintiffs relied principally on O'Hagan's testimony, rather than Rosenfeld's, in their opening brief, defense counsel's insistence on a "fact" that is known to be contradicted by more persuasive testimony is questionable advocacy.

[2] Both parties focus almost exclusively on the issue of whether the New Jersey office is Ebeling's actual place of business. Neither party notes, even in passing, that while § 308(2) authorizes service to an individual's actual place of business "within the state," East Hanover, New Jersey, is most certainly *not* within New York. However, § 313 states that a person "subject to the jurisdiction of the courts of the state . . . may be served with the summons without the state, in the same manner as service is made within the state." Because neither party has raised, much less briefed, the jurisdictional issue, and because Ebeling claims that "[t]he submission of [his memorandum in opposition] does not constitute an admission that [he] is a party to this proceeding or that this Court has jurisdiction over him" (Def. Mem. 2), the only issue presented by this motion is the question of whether Ebeling was served at his "actual place of business." The Court, therefore, makes no ruling and expresses no opinion on its jurisdiction over Ebeling in this matter, or on whether Ebeling has waived any objections to jurisdiction by not raising them in response to plaintiffs' instant motion or in any other way.

2

principal office or his principal place of business, and that he spends most of his time in Germany or Switzerland. However, New York law is clear that a person can have more than one "actual place of business" for the purposes of § 308(2). See, e.g., Velez v. Vassallo, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002), citing Gibson, Dunn & Crutcher LLP v. Global Nuclear Servs. & Supply, Ltd., 721 N.Y.S.2d 315, 317 (1st Dep't 2001). In the absence of any factual showing by defendant, the record does not make clear the extent of Ebeling's other business activities, his role in NPC's European parent, or how much of NPC's business he conducts from Europe. The record does make clear, however, that the offices in East Hanover, New Jersey, are the principal place of business of NPC, that Ebeling is the Chairman of NPC's Board of Directors, that Ebeling visits those offices on nearly a monthly basis and stays an average of two days on each visit, and that he conducts business while he is there. Indeed, while it is perfectly normal for the Chairman of the Board of a corporation to have offices, and even a principal office, elsewhere (such as at the headquarters of a parent corporation), it is a somewhat surprising notion that the headquarters of a corporation is not at least *an* "actual place of business" of the Chairman of the Board when, as here, he visits the headquarters with some regularity.

The cases cited by Ebeling do not hold otherwise. Ebeling is correct that the mere fact that an individual is an officer or director of a company does not automatically make the company's headquarters the individual's actual place of business. Anon Realty Assoc., L.P. v. Simmons Stanley Ltd., 583 N.Y.S.2d 778 (Sup. Ct. 1992). However, the facts here show not merely that Ebeling is the Chairman of NPC, but also that he visits the New Jersey office on an almost-monthly basis. In Anon Realty and National Union Fire Insurance Co. v. Forman 635

3

Joint Venture, 94 Civ. 1312, 1996 WL 272074 (S.D.N.Y. May 21, 1996), both cited by Ebeling, the individuals who challenged jurisdiction had never been to the offices in question. Similarly, Ebeling's reliance on Robins v. Max Mara, U.S.A., Inc., 923 F. Supp. 460 (S.D.N.Y. 1996), is to no avail. The Robins Court held that a foreign-resident Chairman of the American arm of a multi-national enterprise was not properly served because plaintiff in that case failed to comply with the specific demands of the *mailing* prong of § 308(2). The subsequent discussion, concerning whether the Chairman's "actual place of business" was at the company's New York headquarters, was pure dicta, and it is perhaps for that reason the Robins Court did not discuss in any detail the frequency or the purposes of the Chairman's trips to the office there at issue. Id at 469.

Alternatively, Ebeling argues that plaintiffs have failed to comply with § 308(2)'s requirement that the summons be left with a "person of suitable age and discretion," because the summons was left with a "non-employee security guard." This argument verges on the frivolous. New York courts have upheld service on, for example, a receptionist. See, e.g., Oxhandler v. Sekhar, 451 N.Y.S.2d 100 (1st Dep't 1982). In the context of a suburban business campus, a security guard at the entrance to a facility serves a similar function. As with residents of private residential communities, corporations and their executives cannot insulate themselves from service by placing a receptionist at a perimeter location removed from the actual office building, or by subcontracting the receptionist's function to an independent contractor such as a security firm. See Costine v. St. Vincent's Hosp. & Med. Ctr., 570 N.Y.S.2d 50 (1st Dep't 1991) (finding service proper where summons was left with a security guard at the entrance to a private residential community). The process server's affidavit demonstrates that the security guard here

4

was to all appearances a person of suitable age, and the security guard's own affidavit with respect to his handling of the summons demonstrates that he was indeed a person of suitable discretion, who handled the matter precisely as he should have.

The purpose of § 308(2) is to assure that the defendant has "fair notice" of the suit and to afford him an opportunity to litigate. Karlin v. Avis, 326 F. Supp. 1325, 1329 (E.D.N.Y. 1971). There is no question whatsoever that fair notice has been satisfied here. Ebeling is not a simple foreign citizen and resident who should be served under the Hague Convention before being held to answer a lawsuit in the United States. He is the Chairman of the Board of a Delaware corporation having its principal place of business just 26 miles from this courthouse, and he regularly does its business there. Plaintiffs' method of service, which was in accord with New York law, was perfectly calculated to insure that Ebeling would receive notice of the lawsuit, and Ebeling has clearly received such notice. It is not particularly clear from the complaint that Ebeling will ultimately prove an appropriate defendant in this case, even if plaintiffs' claims against their corporate employer prove meritorious. But gamesmanship about technicalities of service is not a proper way to raise whatever defenses he may have to those claims. More typically, as in this case, it is a waste of the Court's time and the parties' resources, and it is particularly so when defendant's argument ignores crucial facts and does not deign to provide the defendant's own account of the facts relevant to the issue. Ebeling has been properly served, and plaintiffs' motion is granted.

SO ORDERED.

Dated: New York, New York
      April 4, 2006

_____
GERARD E. LYNCH
United States District Judge