```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/09
```

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

──────────────────────────────────────x

AMY VELEZ, et al., Individually and on
Behalf of Others Similarly Situated,

        Plaintiffs,

   -against-                                04 Civ. 9194 (CM)

NOVARTIS PHARMACEUTICALS
CORPORATION,

        Defendant.

──────────────────────────────────────x

    MEMORANDUM DECISION AND ORDER (1) DISMISSING CLASS-WIDE
    CLAIMS WITH RESPECT TO PROMOTIONS WITHIN THE SALES FORCE
    ("LEVELING" PROMOTIONS); (2) DENYING DEFENDANT'S MOTION TO
    STRIKE PLAINTIFFS' RULE 56.1 STATEMENT; (3) GRANTING
    PLAINTIFFS' MOTION TO STRIKE EXHIBIT D TO DEFENDANT'S REPLY
    BRIEF; (4) DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT DISMISSING THE CLASS CLAIMS WITH RESPECT TO PAY
    DISCRIMINATION AND PREGNANCY DISCRIMINATION REGARDING
    PROMOTIONS AND WORKING CONDITIONS; AND (5) DENYING AS
    MOOT PLAINTIFFS' MOTION TO SUSPEND CONSIDERATION OF
    DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

McMahon, J.:

    This Court recently took over management of this action from The Hon. Gerard E. Lynch, who now sits on the United States Court of Appeals for the Second Circuit.

    Pending at the time I took on this matter was defendant's motion for partial summary judgment on some but not all of the class claims certified by Judge Lynch. With one notable exception, plaintiffs opposed the motion; the notable exception is that plaintiffs have made the strategic decision to concede the class-wide claims with respect to promotions within the sales force (so-called "leveling" promotions), leaving only the named plaintiffs' individual claims concerning their own lack of promotion for consideration by the jury. (Pls.' Mem. in Opp. to Def.'s Mot. for Partial Summ. J. at 2.) The Court hereby dismisses the class claims concerning leveling promotions.

    The parties have made dueling motions to strike various components of the paperwork submitted in support of or in opposition to defendant's motion for partial

summary judgment. This Court takes a dim view of such motions in general and rarely grants them. Defendant's motion to strike plaintiffs' Rule 56.1 statement is denied. However, plaintiffs' motion to strike the 56-page "exhibit" to defendant's "Appendix in Further Support of its Motion for Partial Summary Judgment" is granted. The document is not an exhibit; it is pure argument, which should have been included in a brief, if it was to be included at all.

But even were the Court to consider defendant's inappropriately argumentative "exhibit," it would not alter the conclusion I have reached after reading the briefs, the expert reports and Judge Lynch's class certification opinion. The fact is, a massive amount of paper has been wasted by defendant in a quixotic quest to keep much of plaintiffs' case from the jury. NPC's effort is in vain.

Defendant's moving papers – especially its brief – reveal that the ground for the motion is plaintiff's purported failure to adduce sufficient evidence of class-wide pay or pregnancy discrimination to make out a prima facie case of either disparate impact or disparate treatment discrimination. Fortunately, no lengthy opinion is needed to dispose of such an argument, predicated as it is on the alleged inadequacies of the reports of plaintiffs' experts. As Judge Lynch said over and over again when he certified the class, it is not the province of the Court to insert itself between dueling experts, which is what we have here. Nor is it the Court's role to determine whether plaintiffs' anecdotal evidence actually proves their manifold claims. Plaintiffs' evidence – all of it – is sufficient to get the disputed class claims beyond the first McDonnell Douglas question, as to which their burden is minimal. Whether this Court finds that evidence persuasive is of no moment. Plaintiffs have demanded a jury, and a jury they shall have.

The motion for partial summary judgment is denied. Plaintiffs' motion to suspend consideration of that motion is therefore denied as moot.

The Clerk of the Court is directed to close out the motions at Docket Nos. 136, 144, 152 and 168.

This constitutes the opinion and order of the Court.

Dated: October 20, 2009

_____
U.S.D.J.

BY ECF TO ALL COUNSEL