UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMY VELEZ, PENNI ZELINKOFF, MINEL
HIDER TOGERTGA, MICHELLE WILLIAMS,
JENNIFER WAXMAN-RECHT, KAREN
LIGGINS, LORI HORTON, HOLLY WATERS,
WENDY PINSON, ROBERTA VONLINTEL,
ASHLEY NARMOUR, CATHERINE WHITE,
KELLY CORBETT, SUE EARL, JAMIE
HOLLAND, JOAN DURKIN, SIMONA LOPES,
MARYANNE JACOBY and MARTA DEYNE

Individually and on Behalf of Others Similarly
Situated,

                   Plaintiffs,

           -against-

NOVARTIS PHARMACEUTICALS
CORPORATION,

                 Defendants.

Case No. 04 Civ. 09194 (CM)

## <u>DEFENDANT'S PROPOSED REQUESTS TO CHARGE AND VERDICT FORM</u>

     Defendant, Novartis Pharmaceuticals Corporation ("Novartis"), by its attorneys Vedder

Price P.C. and as required by the Rules of this Court, hereby respectfully submits its proposed

Requests to Charge and Verdict Form to the jury in the above-captioned action.

## GENERAL JURY INSTRUCTIONS

### 1.     Role of the Court.

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, Modern Federal Jury Instructions ¶ 71.09, Instr. 712 (2006).**

2.    **Role of the Jury.**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not evidence or any indication of my views of what your decision should be as to whether or not the plaintiffs have proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, Modern Federal Jury Instructions ¶ 71.01, Instr. 71-3 (2006) (edited and abbreviated).**

3.    **Sympathy.**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u> ¶ 71.01, Instr. 71-10 (2006).**

4.    __Publicity.__

There may be some newspaper attention given to this case, or there may be some talk

about it on the radio or television.  If there is that kind of media attention during the trial, you

must insulate yourselves from all information about this case,  except what comes to you in this

courtroom through the rules of evidence.  So, when you leave here and go to your home and pick

up the paper, if you see something about the case, you must put the paper down right away.  Do

not read  the article.

I will also tell you to avoid listening to or watching any radio or television discussion of

the case.

__4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, Modern Federal Jury Instructions__
__¶ 71.01, Instr. 71-12 (2006).__

5.    **Corporate Parties.**

In this case, the defendant, Novartis Pharmaceuticals, is a corporation.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

---

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, Modern Federal Jury Instructions** ¶ 72.01, Instr. 72-1 (2008).

6.    **Burden of Proof.**

This is a civil case and as such the plaintiffs have the burden of proving the material

allegations of their complaint by a preponderance of the evidence.  What I mean is that when you

consider all the evidence in this case, you must be persuaded that it is more probably true than

not.  If after considering all of the testimony you are satisfied that the plaintiffs have carried their

burden of proving each essential point as to which they have the burden of proof by a

preponderance of the evidence, then you must find for the plaintiffs on their claims.  If after such

consideration you find that the plaintiffs have not carried their burden of proof, or that the

testimony of both parties are in balance or equally probable, then the plaintiffs have failed to

sustain their burden and you must find for the defendant.

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, Modern Federal Jury Instructions ¶ 73.01, Instr. 73-1 (2009), edited by Federal Civil Jury Instructions of the Seventh Circuit, Instr. 1.27 (2005 ed) (modified).**

7.    **What Is and Is Not Evidence.**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts. By contrast, the question of a lawyer is not to be considered by you to be evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose— such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you along to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

---

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u> ¶ 74.01, Instr. 74-1 (2007).**

## 8.    <u>Direct and Circumstantial Evidence.</u>

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That it all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

-10-

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u> ¶ 74.01, Instr. 74-2 (2007).**

9.      **Summaries and Charts Admitted as Evidence.**

The parties have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u> ¶ 74.06, Instr. 74-11 (2007).

10.    **Depositions.**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u> ¶ 74.07, Instr. 74-14 (2007).**

## 11.    <u>Witness Credibility.</u>

You have had the opportunity to observe all the witness.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was her demeanor—that is, how did she carry herself, what was her behavior, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which she testified, the accuracy of his memory, her candor or lack of candor, his intelligence, the reasonableness and probability of her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.

-14-

Always remember that you should use your common sense, your good judgment and your own life experience.

---

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u> ¶ 76.01, Instr. 76-1 (2007) (modified).**

**12.** **Interest in Outcome.**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no mater what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected her testimony.

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, Modern Federal Jury Instructions ¶ 76.01, Instr. 76-3 (2007).**

CHICAGO/#2030529.1

13.    **Expert Witnesses—Generally.**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u> ¶ 76.01, Instr. 76-9 (2007).**

CHICAGO/#2030529.1

14.    **Duty to Deliberate/Unanimous Verdict.**

You will now return to decide the case. In order to prevail, the plaintiffs must sustain their burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiffs have succeeded, you should return a verdict in their favor on that claim. If you find that the plaintiffs failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u> ¶ 78.01, Instr. 78-3 (2009).

15.     **Alterations to Documents.**

Certain of the exhibits that were admitted into evidence may have blanks in them, which indicates that certain parts of the exhibit were covered up when provided by one side to the other during pre-trial discovery in this case or in preparing the exhibit for trial. These blanks resulted from an agreement between the parties, or an order of the Court, that certain sections of some documents could be permissibly covered by the party producing or offering them. You should not draw any inference, positive or negative, or in favor of or against one party or the other, from the fact that an exhibit admitted into evidence in this case contains blanks.

## INTRODUCTION TO MERITS INSTRUCTIONS

As I said at the beginning of the trial this case is a class action involving women who worked as sales representatives or first-level managers for the defendant, Novartis Pharmaceuticals Corporation ("Novartis"), during the years 2002-2007. Plaintiffs' lawsuit claims that Novartis violated federal law by discriminating against the class on the basis of sex with respect to pay, promotion to first-level manager, and by treating pregnant class members and those returning from maternity leave less favorably in the terms and conditions of their employment.

Novartis denies discriminating against any employees on the basis of gender or pregnancy.

16.    **Gender Discrimination.**

The plaintiffs have alleged that they have been discriminated against on the basis of gender and pregnancy.  Gender refers to the characteristic of being male or female.  Accordingly, testimony about or evidence showing alleged discrimination or harassment on the basis of any other characteristic, such as race, age, or religion, is irrelevant to this case and should be entirely disregarded by you.

**ABA Model Jury Instructions, Employment Litigation (2d ed. 2005), § 1.04[1] (modified).**

17.    **PATTERN OR PRACTICE – PAY DISCRIMINATION**

Plaintiffs claim that Novartis had a pattern or practice of discriminating against female sales representatives and first level managers with respect to pay because of their gender.

To succeed on this claim, Plaintiffs must prove by a preponderance of the evidence that there were pay disparities between comparable male and female sales representatives and first level managers at Novartis; that those disparities were the result of gender discrimination; and that gender-based pay discrimination was Novartis' regular practice, rather than something unusual. If you find that Plaintiffs have not proved this, you must find for Novartis.

Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 877 (1984);  International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336-37 (1977);  The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, Federal Civil Jury Instructions of the Seventh Circuit, Inst. 3.03 (2005 ed.) (modified)

CHICAGO/#2030529.1

18.    **PATTERN OR PRACTICE – PROMOTION DISCRIMINATION**

Plaintiffs claim that Novartis had a pattern or practice of discriminating against female sales representatives with respect to promotions to first level manager positions because of their gender.

To succeed on this claim, Plaintiffs must prove by a preponderance of the evidence that a disparity exists in promotion to first-level manager between class members and comparable male employees at Novartis; that this disparity was the result of gender discrimination; and that gender-based discrimination in promotion to first level manager was Novartis' regular practice, rather than something unusual. If you find that Plaintiffs have not proved this, you must find for Novartis.

Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 877 (1984);  International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336-37 (1977);  The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, Federal Civil Jury Instructions of the Seventh Circuit, Inst. 3.03 (2005 ed.) (modified)

-23-

### 19.    **PATTERN OR PRACTICE – PREGNANCY DISCRIMINATION**

Plaintiffs claims that Novartis had a pattern or practice of discriminating against pregnant class members by treating them less favorably in the terms and conditions of their employment because of their pregnancies.

To succeed on this claim, Plaintiffs must prove by a preponderance of the evidence that a disparity exists in the terms and conditions of employment between pregnant class members and comparable non-pregnant employees; that this disparity was the result of gender discrimination; and that discrimination with respect to the terms and conditions of pregnant class members was Novartis' regular practice, rather than something unusual. If you find that Plaintiffs have not proved this, you must find for Novartis

Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 877 (1984);  International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336-37 (1977);  The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, Federal Civil Jury Instructions of the Seventh Circuit, Inst. 3.03 (2005 ed.) (modified)

## 20.    NOVARTIS' RIGHT TO MAKE BUSINESS JUDGMENTS

In deciding whether Novartis had a pattern or practice of gender discrimination, you must determine whether Novartis based pay and promotion decisions it made with respect to class members on gender or pregnancy. If Novartis exercised its business judgment in making those decisions, and did so not on the basis of sales representatives' gender but for some other reason, then Novartis had a right to exercise that judgment even if it later proves to be incorrect or unfair and even if you disagree with that judgment.

You should remember that the law requires only that an employer not discriminate against an employee because of the employee's gender. So far as you are concerned in this case, an employer may refuse to transfer, promote, discipline, deny pay increases, or otherwise adversely affect an employee for any other reason – good or bad, fair or unfair – and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the employer even though you personally may not approve of the action taken and would have acted differently under the circumstances.

U.S. Eleventh Circuit District Judges Ass'n, Pattern Jury Instructions – Civil Cases, Inst. 1.4.1 (1999 ed.) (modified); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981); Sample v. Aldi Inc., 61 F.3d 544, 551 (7th Cir. 1995); McCoy v. WGN Continental Broadcasting Co., 957 F.2d 368, 373 (7th Cir. 1992); Mechnig v. Sears Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir. 1988).

21. **Damages Generally.**

I will next instruct you regarding the law of damages available for the claims raised by the plaintiffs. The fact that I am instructing you as to the proper measure of damages should not be considered by you, in any way, as meaning that I have any views as to which party is entitled to your verdict in this case. I am instructing you on all aspects of the law at this time.

Plaintiffs seek lost wages and benefits. However, even if you conclude that plaintiffs have lost wages or benefits, you, the jury, will not be responsible for computing back or front pay. This computation, if any, will be done by the Court.

If you find for the plaintiffs on any of their claims against Novartis, then, and only then, would you consider the amount which, in the exercise of your good judgment and common sense, you find is fair and just compensation for damages that the plaintiffs sustained in accordance with the rules of law as I will describe them for you. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiffs from a preponderance of the evidence in the case in accordance with the other instructions. If, therefore, you find that the plaintiffs have not proven their case by a preponderance of the evidence, you must find for Novartis. If you find for Novartis, you do not need to consider the instructions I give on damages.

**O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2000) (modified).**

CHICAGO/#2030529.1

### 22. **Compensatory Damages.**

If you find that Novartis discriminated against the class representatives who testified at trial, then you must determine an amount that is fair compensation for damages suffered. You may award compensatory damages only for injuries that those individuals proved, by a preponderance of the evidence, were caused by Novartis' wrongful conduct.

Compensatory damages seek to make the individual testifying class representative(s) whole – that is, to compensate her for the "non-economic loss" which encompasses physical injuries as well as emotional or psychological injuries that she suffered because of the defendant's wrongful conduct. Compensatory damages can include medical and other expenses that the class representatives may have borne. The damages that you award must be fair compensation, no more and no less. A testifying class representatives is not entitled to an award of compensatory damages for any injuries they sustained as a result of other causes or contributing factors.

I cannot give you a yardstick by which to measure the dollar value of pain or injury. There is no exact standard for fixing the compensation to be awarded for these elements of damage. You will have to determine, based on your common sense and experience, that amount of money which will fairly and reasonably make the class representative whole or compensate them for the damage, if any, they prove they sustained as a consequence of Novaratis' unlawful acts. Any award you make should be fair in light of the evidence presented at trial.

-27-

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of compensatory damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.60, 171.90 (5th ed. 2001) (modified); <u>Broadnax v. New Haven</u>, 415 F.3d 265, 271-72 (2d Cir. 2005); <u>Robinson v. Metro-North Commuter R.R.</u>, 267 F.3d 147, 157 (2d Cir. 2001).

CHICAGO/#2030529.1

23.    **Punitive Damages.**

In addition to the actual damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of the plaintiffs, then you must decide whether defendant Novartis acted with malice or with reckless indifference to plaintiffs' right not to be discriminated against on the basis of gender and/or pregnancy.  Novartis acted with malice or indifference if Plaintiffs have proved by a preponderance of the evidence that there is a pattern or practice of Novartis' managerial employees knowing that their conduct was in violation of laws prohibiting discrimination, or acting with reckless disregard of the law – that is, with an intention to disregard what they knew was a high probability that their acts were in violation of the law.

However, you may not award punitive damages if it has been proved by a preponderance of the evidence that Novartis itself made a good-faith effort to comply with the law prohibiting discrimination, such as by issuing an anti-harassment policy and training Novartis employees about that policy, and that the managers responsible for the discrimination were therefore acting in contradiction of company policy and practice which was intended to prevent discrimination.

If you find that defendant acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then in addition to any actual damages to which you find plaintiffs entitled, you may, but are not required to, award plaintiffs an additional amount as punitive damages if you find it is appropriate to punish the defendant or to deter defendant and others from like conduct in the future.  Whether to award plaintiffs punitive damages, and the amount of those damages, are within your discretion.


**4 Sand, Siffert, Loughlin, Reiss, Allen & Rakoff, Modern Federal Jury Instructions ¶ 88.03[4], Instr. 88-72 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (5th ed. 2001), § 171.94; Kolstad v. Am. Dental Ass'n, 527 U.S. 525 (1999).**

## DEFENDANT'S PROPOSED SPECIAL CHARGE TO THE JURY

This is a class action involving a large number of female sales representatives and first level managers employed by Novartis.  Under the legal procedures involved, the individual sales representatives and managers were automatically included in the class and had no opportunity to withdraw from it. Therefore, the number of people included in the class has no bearing on whether Novartis engaged in the alleged conduct.

**Fed.R.Civ.P 23(b)(2)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AMY VELEZ, et al.,

        Plaintiffs,

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

        Defendant

No. 04 CV 9149

Judge McMahon

**VERDICT FORM**

[Place an "x" on the appropriate line for each claim.]

Question 1.    Did the plaintiffs prove by a preponderance of the evidence that Novartis engaged in a pattern or practice of gender discrimination?

Yes        _____

No        _____

   If you answer "yes" to Question 1, then answer Questions 1a and 2, 3, 4, 5 and 6.

   If you answer "no" to Question 1, sign the verdict form.


   Question 1a.    Was your "yes" answer to Question 1 based on:

   - decisions regarding pay?        _____

   - decisions regarding promotion to first level manager?      _____

   - terms and conditions of employment for pregnant class members?_____

<u>Question 2.</u>     Did the plaintiffs prove by a preponderance of the evidence that they are entitled to punitive damages?

Yes     _____

No      _____

<u>Question 3</u>.  Did the plaintiffs prove by a preponderance of the evidence that class representative Kelly Corbett is entitled to compensatory damages?

Yes     _____

No      _____

<u>Question 4</u>.     Did the plaintiffs prove by a preponderance of the evidence that class representative Jamie Holland is entitled to compensatory damages?

Yes     _____

No      _____

<u>Question 5</u>.     Did the plaintiffs prove by a preponderance of the evidence that class representative Jennifer Recht is entitled to compensatory damages?

Yes     _____

No      _____

<u>Question 6</u>.     Did the plaintiffs prove by a preponderance of the evidence that class representative Holly Waters is entitled to compensatory damages?

CHICAGO/#2030529.1

Yes    _____

No     _____


Question 7.     Did the plaintiffs prove by a preponderance of the evidence that class

representative Catherine White is entitled to compensatory damages?

Yes    _____

No     _____




Signatures:

_____          _____
Foreperson

_____          _____

_____          _____

Date:  May _____, 2010

Dated: Chicago, Illinois.                    Respectfully submitted,
      January 29, 2010

                                        By:  /s/ Richard H. Schnadig
                                            Richard H. Schnadig, Esq. 02495384
                                            Thomas G. Abram, Esq. 00004405
                                            Aaron R. Gelb, Esq. 06230930
                                            Sara J. Kagay, Esq. 06286528
                                            Elizabeth N. Hall, Esq. 06286976
                                            222 North LaSalle Street, Suite 2600
                                            Chicago, Illinois  60601-1003
                                            (312) 609-7500
                                            (312) 609-5005

                                            Jonathan A. Wexler
                                            Vedder Price P.C.
                                            1633 Broadway
                                            47th Floor
                                            New York, New York  10019
                                            Telephone:  (212) 407-7700
                                            Fax:  (212) 407-7799

                                            Attorneys for Defendant
                                            NOVARTIS PHARMACEUTICALS
                                            CORPORATION

CHICAGO/#2030529.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PROPOSED REQUEST TO CHARGE AND VERDICT FORM was filed electronically and served on the following by depositing same in the United States mail, with proper first-class postage prepaid on January 29, 2010:

David Sanford
Katherine Kimpel
Katherine Leong
Felicia Medina
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, DC 20009

Steven Wittels
Jeremy Heisler
**SANFORD, WITTELS & HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019

Grant Morris
**LAW OFFICES OF GRANT E. MORRIS, ESQ.**
1666 Connecticut Avenue, N.W., Suite 310
Washington D.C. 20009

/s/ Richard H. Schnadig
Richard H. Schnadig