UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------

AMY VELEZ, et al.,

Individually and on Behalf of Others Similarly
Situated,

Plaintiffs,

Case No. 04 Civ. 09194 (CM)

-against-

NOVARTIS PHARMACEUTICALS
CORPORATION,

Defendant.

----------------------------------------------

## PRETRIAL ORDER

The parties having conferred among themselves and with the Court pursuant to Fed. R.

Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order

herein.

## I. NATURE OF THE CASE

This case is a class action involving women who worked as sales representatives or first-

level managers for the defendant, Novartis Pharmaceuticals Corporation ("Novartis") during the

years 2002-2007. Plaintiffs contend that Novartis violated federal law by discriminating against

the class on the basis of sex with respect to pay, promotion to first-level manager, and by treating

pregnant class members and those returning from maternity leave less favorably in the terms and

conditions of their employment.

### A.    Plaintiffs' Proposed Additional Language

In sum, Plaintiffs contend that Novartis denied the approximately 5,600 women in the

class the opportunity to work in an environment free of discrimination.

Plaintiffs contend that there are two sources for this unlawful discrimination. First, that Novartis has a discriminatory corporate culture that permits and fosters discriminatory treatment of its female sales representatives in pay, promotions, and the terms and conditions of employment for pregnant women. Second, that Novartis' policies and procedures incorporate unjustified and excessive discretion and subjectivity in the evaluation, compensation, and general day-to-day management of the representatives; and that these policies and procedures, even though neutral on their face, nonetheless cause unlawful discriminatory results.

Plaintiffs seek declaratory and injunctive relief and monetary damages.

**B.      Defendant's Proposed Additional Language**

Novartis denies discriminating against any employee on the basis of gender or pregnancy. Plaintiffs seek monetary damages.

## II.      JURY/NON JURY

A jury has been claimed and there is no dispute as to whether this action should be tried to a jury. As stated in this Court's Order of October 21, 2009, the trial will last five calendar weeks.

## III.      STIPULATED FACTS

**A.      Organization of Novartis' Field Force**

1.      Novartis maintains a field sales force of over 6,000 sales representatives.

2.      Each sales representative is responsible for calling on physicians in a certain "territory." Each sales representative is also a member of a "district" or "area" with approximately 10-12 other sales representatives, which is overseen by a District Manager ("DM") or Area Sales Manager ("ASM"). In turn, each district is part of a "region" overseen by a Regional Director ("RD").

2

**B.      Performance Evaluations**

3.      A sales representative's performance is formally evaluated by his/her DM or ASM on: (1) sales numbers and effort (the "Objectives" portion of the evaluation); and (2) "Competencies" or "Values and Behaviors."

4.      The manager assigns a numerical rating (from 1 to 3, with 1 being the lowest) to each aspect of the evaluation to form an overall rating.

**C.      Compensation Policies and Practices**

5.      Representatives receive an annual base salary.  Representatives also eligible for incentive payments based on their sales performance, and can also receive annual merit and promotion-related increases to their base salaries.

**D.      Tenure of Witnesses**

6.      Arlene Adoff was employed by Novartis Pharmaceuticals Corporation ("Novartis") between March 1997 and August 2009.

7.      Frank Arena was hired by a Novartis predecessor company in June 1974 and is currently employed by Novartis.

8.      Nicole Beale has been employed by Novartis since May 1998.

9.      Michael Beck has been employed by Novartis since July 2001.

10.     Jennifer Blum has been employed by Novartis since June 2002.

11.     Tara Blum was employed by Novartis between July 2003 and June 2005.

12.     Jessica Borsa was employed by Novartis between July 2001 and February 2006.

13.     Barbara Brown has been employed by Novartis since March 1997.

14.     Rich Burns was hired by a Novartis predecessor company in June 1982 and is currently employed by Novartis.

3

15.    Brian Campbell was employed by Novartis between June 1998 and April 2007.

16.    Kelly Corbett was employed by Novartis between May 2002 and April 2005.

17.    Bernice Dezelan was employed by Novartis between May 2003 and November 2006.

18.    J. Roland ("Dan") Duhart was employed by Novartis between May 2003 and February 2005.

19.    Matthew Compton was hired by a Novartis predecessor company in November 1988 and is currently employed by Novartis.

20.    Dominic DiCindio was hired by a Novartis predecessor company in April 1991 and is currently employed by Novartis.

21.    Marina Edler was employed by Novartis between September 2003 and May 2005.

22.    Dean Fritz was hired by a Novartis predecessor company in June 1972 and is currently employed by Novartis.

23.    James Gaffney has been employed by Novartis since September 1998.

24.    Kathleen Goetz was hired by a Novartis predecessor Company in March 1991, worked for that organization and Novartis until April 2000, was rehired by Novartis in March 2001 and is currently employed by Novartis.

25.    Barry Hardin was hired by a Novartis predecessor company in April 1991 and is currently employed by Novartis.

26.    Mark Gunning was hired by a Novartis predecessor company in September 1986 and worked for Novartis until February 2008.

27.    Jamie Holland was employed by Novartis between April 2000 and August 2004.

28.     Bruce Holstein was hired by a Novartis predecessor company in April 1992 and is currently employed by Novartis.

29.     Terri Kelly has been employed by Novartis since June 2000.

30.     Maria LaRosa was hired by a Novartis predecessor company in February 1996 and is currently employed by Novartis.

31.     Sharon Larrison was hired by a Novartis predecessor company in July 1985 and actively worked for Novartis until December 2007.

32.     Christine Macarelli was employed by Novartis between December 2000 and March 2006.

33.     David Moatazedi was employed by Novartis between February 2000 and April 2005.

34.     Judy O'Hagan was hired by a Novartis predecessor company in March 1978 and worked for Novartis until September 2007.

35.     Melissa Parker was hired by a Novartis predecessor company in September 1988 and is currently employed by Novartis.

36.     Angela Plonczyk was employed by Novartis between November 2001 and December 2006.

37.     Jennifer Waxman-Recht was hired by a Novartis predecessor company in June 1997 and was employed by Novartis until June 2005.

38.     Raelene Ryan was employed by Novartis between June 2001 and August 2003.

39.     Marjorie Salame has been employed by Novartis since December 2000.

40.     Kelli Shannon was employed by Novartis between February 2002 and September 2009.

5

41.    Joseph Simmons has been employed by Novartis since June 2000.

42.    Michelle Spadaro was employed by Novartis between July 2003 and April 2005.

43.    Barbara Stark was employed by Novartis between June 2002 and June 2008.

44.    Perry Sternberg was employed by Novartis between December 2002 and August 2008.

45.    Lee Anne Torelli has been employed by Novartis since January 1997.

46.    Gustavo Torres was employed by Novartis between February 2005 and August 2006.

47.    Michelle Tsai has been employed by Novartis since July 2000.

48.    Holly Waters was employed by Novartis between April 2001 and November 2004.

49.    Catherine White was employed by Novartis between March 2001 and July 2004.

50.    Brad Willie was hired by a Novartis predecessor company in November 1992 and is currently employed by Novartis.

51.    Amy Zschiesche was employed by Novartis between June 2004 and March 2006.

## IV. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

**A.    Plaintiffs' Contentions**

Plaintiffs contend (1) that a pattern or practice of disparate treatment exists at Novartis with respect to pay, promotion and the terms and conditions of employment for pregnant women; and (2) that Novartis' personnel evaluation, compensation and generalized management system – although neutral on its face – is overly subjective and that this subjectivity has a disparate impact

on pay, promotions into management, and the terms and conditions of employment for pregnant women and new mothers returning from maternity leave.

Plaintiffs will present the expert testimony of four experts: Dr. Louis Lanier, Dr. James Outtz, Dr. David Martin, and Professor Deborah Rhode. Dr. Lanier will testify that he found statistically significant disparities in pay and promotion for female sales employees at the company. In keeping with Judge Lynch's analysis in his certification Order, the statistical data of generalized pay and promotion disparities is also relevant to the pregnancy claims. Drs. Outtz and Martin will testify about design flaws in the performance management and compensation systems at Novartis, highlighting examples of excessive subjectivity, unjustified discretion and the use of an ill-designed forced distribution curve. Professor Rhode will explain to the jury the complex and subtle ways in which stereotypes and bias can operate in the workplace, ways that that specialized knowledge might help the jury contextualize and evaluate the significant anecdotal evidence in this case, and some best practices that can be used to prevent, offset, or correct such prejudice.

Plaintiffs will also present the testimony of 15 class members, each of whom will explain their experiences with (a) discriminatory treatment from coworkers and managers; (b) discriminatory performance evaluations; (c) discriminatory compensation decisions; and / or (d) discriminatory treatment regarding promotions into management. (Witnesses including Tara Blum, Jessica Borsa, Kelly Corbett, Bernice Dezelan, Jamie Holland, Terri Kelly, Christine Macarelli, Angela Plonczyk, Jennifer Recht, Raelene Ryan, Marjorie Salame, Kelli Shannon, Barbara Stark, Holly Waters, Catherine White, and Amy Zschiesche). In addition, seven of our Plaintiffs' witnesses will testify about their experiences being subjected to denial of promotional opportunities, stricter scrutiny, hostile comments, unreasonable discipline and/or adverse

employment actions because of their pregnancies and taking of maternity leave. (Witnesses including Tara Blum, Terri Kelly, Christine Macarelli, Jennifer Recht, Raelene Ryan, Holly Waters, and Amy Zschiesche). Former District Manager Barbara Stark will also testify on behalf of Plaintiffs, confirming many aspects of the above testimony based on her own experiences managing female sales representatives.

In addition, the testimony of some of Novartis' own managers further support Plaintiffs' case. The testimony of some of Novartis' Corporate Designees lays out the policies and procedures at Novartis, including its flaws. (Witnesses including Judith O'Hagan and Domenick DiCindio). Moreover, some of Novartis' fact witnesses also provide testimony that supports Plaintiffs' contentions. For example, Nicole Beale, current Director of Specialty Medicines Training and witness for the Defendant, will testify that in her experience, the Novartis performance evaluation system was unfair.

Throughout their case, Plaintiffs will introduce exhibits that include but are not limited to (a) Novartis' policies and procedures (e.g., JX 2-5, 20-22, PX 870, PX 885), (b) class members' performance reviews and other periodic review documents (e.g., PX 19, PX 72, PX 467, PX 320-21), (c) emails and other communications between class members, Novartis management, Novartis Human Resources, and other Novartis employees (e.g., PX 20-22, 526-27), (d) personal and medical records which document the damage caused by Novartis' discrimination (e.g., PX 1013-15, 1044, 1067), and (f) statistical tables (PX 955-66).

Plaintiffs' above list of anticipated testimony and exhibits in support is illustrative and cannot be exhaustive or exclusive given the enormity of the record here.

8

**B.    Defendant's Contentions**

Novartis' list of anticipated testimony and exhibits in support is illustrative and cannot be exhaustive or exclusive given the enormity of the record here.

1.    Plaintiffs will be unable to prove that Novartis discriminated against the class with respect to pay.

(a)    Witnesses including:  Rona Anhalt, Frank Arena, Michael Beck, Maria LaRosa, Sharon Larrison, Kevin Murphy, Robert Topel, LeeAnn Torelli, Finis Welch and Christopher Winship.  In addition, NPC occurrence witnesses are expected to rebut Plaintiffs' testimony alleging pay discrimination, including the following:  Brian Campbell, James Gaffney, Barry Hardin, Sharon Larrison, Perry Sternberg.  Novartis will also cross examine Plaintiffs and their witnesses.

(b)    Exhibits including:  Company documents related to performance review guidelines, including DX 1-DX 4, DX 13-DX 20; Company documents regarding compensation, including DX5, DX10, DX 11, DX 38; performance evaluations of Plaintiffs, including DX42, DX 49, DX 50; other performance-related documents, including D57, D67, DX 163, DX 176; other pay-related documents, including DX 66, DX 174 and DX 175; and expert tables and exhibits, including DX 189-DX 207, DX 209-DX 223 and DX 229-232.

2.    Plaintiffs will be unable to prove that Novartis discriminated against the class with respect to promotions to first-level manager.

(a)    Witnesses including:  Frank Arena, Nicole Beale, Jennifer Blum, Debbie Freire, Dean Fritz, Kathleen Goetz, Maria LaRosa, Sharon Larrison, Melissa Parker, LeeAnn Torelli, Michelle Tsai and Finis Welch.  In addition, NPC occurrence witnesses are expected to rebut Plaintiffs' testimony alleging discrimination in promotions, including:  James Gaffney,

CHICAGO/#2030357.3

Bruce Holstein, Sharon Larrison, David Moatazedi (by deposition). Novartis will also cross examine Plaintiffs and their witnesses.

        (b)    Exhibits including: Company documents related to performance review guidelines, including DX 1-DX 4, DX 13-DX 20; Company documents related to promotion and the Management Development Program ("MDP"), including DX 8, DX 22; performance evaluations of Plaintiffs, including DX 42, DX 49-DX 52, DX 109; other performance-related documents, including DX 53, DX 54, DX 57, DX 67, DX 73-DX 77; other documents related to promotions and MDP, including DX 56, DX 58-DX 65; and expert tables and exhibits, including DX 189-DX 207, DX 209-DX 223, and DX 229-232.

      3.     Plaintiffs will be unable to prove that Novartis discriminated against the class by treating pregnant class members less favorably in the terms and conditions of employment.

        (a)    Witnesses including: Frank Arena, Nicole Beale, Jennifer Blum, Kathleen Goetz, Maria LaRosa, Sharon Larrison, Melissa Parker, LeeAnn Torelli, Michelle Tsai and Finis Welch. In addition, NPC occurrence witnesses are expected to rebut Plaintiffs' testimony alleging pregnancy discrimination, including: Brian Campbell, James Gaffney, Bruce Holstein and Brad Willie. Novartis will also cross examine Plaintiffs and their witnesses.

        (b)    Exhibits including: Company documents related to maternity and family leave, including DX 7, DX 33, DX 35-DX 37; documents related to performance, including DX 109, DX 167-DX 168, DX 171-DX 173, DX 182, DX 184-186; other documents related to Plaintiffs' pregnancy and leave claims, including DX177-DX178; and expert tables and exhibits.

      4.     No significant disparity exists in pay between class members and comparable male employees, and Plaintiffs cannot meet their burden of showing an identifiable employment policy or practice at Novartis that caused any disparity.

CHICAGO/#2030357.3

(a)    Witnesses including: Finis Welch. *See also* 1a, above.

(b)    Exhibits including: Expert tables and exhibits, including DX 189-DX 207, DX 209-DX 223. *See also* 1b, above.

5.    No significant disparity exists in promotion to first-level manager between class members and comparable male employees, and Plaintiffs cannot meet their burden of showing an identifiable employment policy or practice at Novartis that caused any disparity.

(a)    Witnesses including:    Kevin Murphy, Robert Topel, Finis Welch, Christopher Winship. *See also* 2a, above.

(b)    Exhibits including: Expert tables and exhibits, including DX 189-DX 207, DX 209-DX 223. *See also* 2b, above.

6.    No significant disparity exists in the terms and conditions of employment between pregnant class members and comparable non-pregnant employees, and Plaintiffs cannot meet their burden of showing an identifiable employment policy or practice at Novartis that caused any disparity.

(a)    Witnesses including: Finis Welch. *See also* 3a, above.

(b)    Exhibits including: Expert tables and exhibits, including DX 189-DX 207, DX 209-DX 223. *See also* 3b, above.

7.    Even if Novartis is found liable, Plaintiffs cannot meet their burden of proof to establish that Novartis engaged in intentional discrimination with malice or with reckless indifference to the federally protected rights of an aggrieved individual such that punitive damages may be awarded.

(a)    Witnesses including: Frank Arena, Maria LaRosa, LeeAnn Torelli, Nicole Beale, Jennifer Blum, Kathleen Goetz, Michelle Tsai, Melissa Parker, Barbara Brown, Rich

11

Burns, Brian Campbell, Matt Compton, Dominick DiCindio, Roland Duhart, Marina Edler, Debbie Freire, Dean Fritz, James Gaffney, Barry Hardin, Bruce Holstein, Sharon Larrison, Joseph Simmons, Michelle Spadaro, Perry Sternberg, Kevin Murphy, Robert Topel, Finis Welch, Christopher Winship, Brad Willie.

       (b)    Exhibits including:  Company documents related to Novartis' equal employment opportunity policies, including DX 25, DX 28-DX 32; Company documents related to Human Resources investigations, including DX 23-DX 24, DX 26-DX 27; Company documents related to Women in Leadership, including DX 37; see also 1b, 2b, 3b, 4b, 5b, 6b, 7b, above.

       8.    Even if Novartis is found liable, Novartis will establish that it has engaged in good faith efforts to enforce an anti-discrimination policy.

       (a)    Witnesses including:  Barbara Brown, Debbie Freire, Maria LaRosa, LeeAnn Torelli.

       (b)    Exhibits including:  Company documents related to Novartis' equal employment opportunity policies, including DX 25, DX 28-DX 32; Company documents related to Human Resources investigations, including DX 23-DX 24, DX 26-DX 27; correspondence and other documents relating to policies, investigation and enforcement.

       9.    Plaintiffs are not entitled to any damages.

       (a)    Witnesses including Finis Welch, Dr. Michael Spring.  See also 1a, 2a, 3a, 4a, 5a, 6a, 7a, 8a, 9a.

       (b)    Exhibits including all expert exhibits and tables.  See also 1b, 1b, 3b, 4b, 5b, 6b, 7b, 8b, 9b.

CHICAGO/#2030357.3

## V.  ISSUES TO BE TRIED

**A.     Plaintiffs' Proposed Issues to be Tried**

1.     Whether there was or is an imbalance in the monies paid to female class members class members when compared to Novartis' male employees; and whether the defendant's employment practices, that seem to be impartial, are a cause of the imbalances in defendant's work force (to be tried by the jury);

2.     Whether there is an imbalance in promotional opportunities granted to class members when compared to Novartis' male employees; and whether the defendant's employment practices, that seem to be impartial, are a cause of the imbalances in defendant's work force (to be tried by the jury);

3.     Whether pregnant employees are treated less favorably in the terms and conditions of employment when compared to Novartis' non-pregnant employees; and whether the defendant's employment practices, that seem to be impartial, are a cause of the imbalances in defendant's work force (to be tried by the jury);

4.     Whether Novartis engaged in a pattern and practice of paying class members less than comparable male employees; and that this disparate treatment was caused by intentional gender discrimination (to be tried by the jury);

5.     Whether Novartis engaged in a pattern and practice of failing to promote female class members as a whole to management positions while promoting comparably or less qualified men to management positions; and that this disparate treatment was caused by intentional gender discrimination (to be tried by the jury);

6.     Whether Novartis engaged in a pattern and practice of treating pregnant class members less favorably in the terms and conditions of employment than non-pregnant

employees; and that this disparate treatment was caused by intentional gender discrimination (to be tried by the jury);

7.     Whether Plaintiffs are entitled to back pay and/or front pay(to be tried by the Court);

8.     Whether the plaintiffs testifying at trial are entitled compensatory damages (to be tried by the jury);

9.     Whether Plaintiffs are entitled to punitive damages (to be tried by the jury);

10.     Whether Plaintiffs are entitled to other damages, including attorneys' fees, costs, and expenses (to be tried by the Court); and

11.     Whether Plaintiffs are entitled to injunctive relief pursuant to Part X1 – Relief Sought (to be tried by the Court).

**B.     Defendant's Proposed Issues to be Tried**

1.     Can Plaintiffs meet their burden of proof to establish a systematic pattern and practice of paying class members less than comparable male employees because of their sex?

2.     Can Plaintiffs meet their burden of proof to establish a systematic pattern and practice of failing to promote class members to first-level management positions because of their sex?

3.     Can Plaintiffs meet their burden of proof to establish that Novartis has engaged in a pattern and practice of treating pregnant class members less favorably in the terms and conditions of employment because of pregnancy?

4.     Can Plaintiffs meet their burden of proof to establish (a) a disparity between what class members are paid and the pay of comparable male employees; and (b) an identifiable employment policy or practice at Novartis that caused any disparity?  [To be tried to the Court]

CHICAGO/#2030357.3

5.    Can Plaintiffs meet their burden of proof to establish (a) a disparity between the class members and comparable male employees with respect to promotion to first-level manager; and (b) an identifiable employment policy or practice at Novartis that caused any disparity? [To be tried to the Court]

6.    Can Plaintiffs meet their burden of proof to establish (a) a disparity between pregnant class members and comparable non-pregnant employees with respect to the terms and conditions of employment; and (b) an identifiable employment policy or practice at Novartis that caused any disparity? [To be tried to the Court]

7.    If Novartis is found liable, is the class entitled to back pay? [To be tried to the Court]

8.    If Novartis is found liable, is the class entitled to front pay? [To be tried to the Court]

9.    If Novartis is found liable, is the class entitled to injunctive relief? [To be tried to the Court]

10.    If Novartis is found liable, can Plaintiffs meet their burden of proof to establish that Novartis engaged in intentional discrimination with malice or with reckless indifference to the federally protected rights of an aggrieved individual such that punitive damages may be awarded?

11.    If Novartis is found liable, can Novartis establish that it has engaged in good faith efforts to enforce an anti-discrimination policy?

12.    If Novartis is found liable, are the testifying Class Representatives entitled to compensatory damages?

CHICAGO/#2030357.3

13.     If Novartis is found liable, are Plaintiffs' counsel entitled to attorneys' fees and costs? [To be tried to the Court]

## VI. JOINT EXHIBITS OF THE PARTIES

| JX 1 | NPCX 14391-416 | Code of Employee Conduct |
|---|---|---|
| JX 2 | NPCX 14366-68 | Policy Manual – Equal Employment Opportunity (Effective 6/30/1997, Revised 7/2005) |
| JX 3 | NPCX 19161 | Policy Manual – Equal Employment Opportunity/Affirmative Action (Effective 6/30/1997) |
| JX 4 | NPCX 14317-19 | Policy Manual – Sexual and Other Prohibited Harassment (Revised 8/2002) |
| JX 5 | NPCX 14349-51 | Policy Manual – Sexual and Other Prohibited Harassment (Effective 1/1/2005, Revised 7/2002) |
| JX 6 | NPCX 13854-55 | Novartis Pharmaceuticals Alertline Document |
| JX 7 | NPCX 19077 | Common Disability Questions and Answers |
| JX 8 | NPCX 19075-76 | Short-Term Disability Information |
| JX 9 | NPCX 19084 | Personal Time Off Guidelines |
| JX 10 | NPCX 2591004-11 | Family Care Leave Policy |
| JX 11 | NPCX 19152-56 | Policy Manual – Family and Medical Leave (Effective 1/1/1998) |
| JX 12 | NPCX 1869757-58 | 8/2004 Novartis Sales Force – Job Share: Guidelines/Process |
| JX 13 | NPCX 2029560-61 | 11/2002 Novartis Sales Force – Job Share: Guidelines/Process |
| JX 14 | NPCX 1801524 | Management Development Process – Pre-Management Development Process Checklist |
| JX 15 | NPCX 1802494-96 | Leaders Think SM@RT: Management Development I Workshop – Workshop Objectives |
| JX 16 | NPCX 15000 | 2003/2004 Performance Rating & Distribution Guidelines |
| JX 17 | NPCX 2590005-14 | Unpaid Medical Leave Policy |
| JX 18 | NPCX 014352-60 | Family Care Leave Policy (O'Hagan Dep. Ex. 14) |
| JX 19 | NPCX 14998 | 2004 Year End Performance & Compensation Planning |
| JX 20 | NPCX 15002 | 2004 Performance Rating Guidelines |
| JX 21 | NPCX 2589682-724 | Values, Behaviors & Profiles |
| JX 22 | NPCX 2589725-30 | Mass Market Sales Profiles |
| JX 23 | NPCX 14679-89 | Management Development Program – Manager's 24Guide |
| JX 24 | NPCX 1802491-93 | Leaders Think SM@RT: Managers Guide to the MDP – The MDP Checklist – NEO Assessment |

16