UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMY VELEZ, PENNI ZELINKOFF, MINEL HIDER TOBERTGA, MICHELLE WILLIAMS, JENNIFER WAXMAN-RECHT, KAREN LIGGINS, LORI HORTON, HOLLY WATERS, WENDY PINSON, ROBERTA VONLINTEL, CATHERINE WHITE, KELLY CORBETT, JAMIE HOLLAND, JOAN DURKIN, SIMONA LOPES, MARYANNE JACOBY, and MARTA DEYNE, | ) ) ) ) ) ) ) ) ) ) ) ) | 04 Civ. 09194  (CM) |
| Individually and on Behalf of Others Similarly Situated, | ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| v. | ) ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) | |
| DEFENDANT. | ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE UNVERIFIED INTERROGATORY RESPONSES**

## **Table of Contents**

Table of Authorities.................................................................................................ii

Procedural History................................................................................................2

Argument...............................................................................................................3

I.  PLANTIFFS' UNVERIFIED INTERROGATORY RESPONSES ARE IRRELEVANT......3

      A.      Legal Standard..............................................................................3

      B.      Unverified Interrogatory Responses Are Not Probative of Any Issue
             in Dispute................................................................................3

II.  INTRODUCTION OF UNVERIFIED INTERROGATORIES SHOULD BE
     PRECLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 403......................4

Conclusion............................................................................................................5

**Table of Authorities**

*Arlio v. Lively*, 474 F.3d 46 (2d Cir. 2007) …………...……………………………...3

*Barrett v. Orange County Human Rights Comm'n*, 194 F.3d 341 (2d Cir. 1999) ………………..3

*Chaiken v. VV Publ. Corp.*, 119 F.3d 1018  (2d Cir. 1997)……. …………………………………..3

*City of New York v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir. 1981) …………………………..4, 5

*DeLaTorre v. Town of Marlborough*, No. 95-CV-1262, 1997 U.S. Dist. LEXIS 3506,
    (N.D.N.Y.  Mar. 13, 1997) …………………………………………………………………..3, 4

*Dooley v. Columbia Presbyterian Med. Ctr.*, No. 06 Civ. 5644, 2009 U.S. Dist.
    LEXIS 66369, (S.D.N.Y.  July 29, 2009)……… …………………………………………...4, 5

Fed. R. Evid. 401…………………………………………………………………………………3

Fed. R. Evid. 402………………………………………………………………………………….3

Fed. R. Evid. 403………………………………………………………………………………….4

*Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192 (D. Conn. 2009)…… ………………………4

*Mroz v. City of Tonawanda*, 999 F. Supp. 436 (W.D.N.Y 1998)……….. ……………………3, 4

*Nieves v. Dist. Council 37*, No. 04 Civ. 8181, 2009 U.S. Dist. LEXIS 112653,
    (S.D.N.Y Nov. 24, 2009) ………………………………………………………………….3, 4

*Santrayll v. Burrell*, 993 F. Supp. 173 (S.D.N.Y. 1998)…… …………………………………….3

*United States v. 143-147 E. 23rd St.*, 77 F.3d 648 (2d Cir. 1996)……….. ……………………….3

Plaintiffs in this Motion *in Limine* seek to preclude Defendant Novartis Pharmaceuticals Corporation ("Novartis") from introducing as evidence or referring to any unverified interrogatory responses.

## PROCEDURAL HISTORY

During the course of this litigation, and in the interest of expediting discovery, Plaintiffs' counsel produced to Novartis unverified interrogatory responses for certain individual Plaintiffs. Counsel for Plaintiffs subsequently provided Defendants with verified interrogatory responses for these Plaintiffs.[1] These responses contained certain minor corrections that were made by the Plaintiffs. Two of the Plaintiffs who submitted amended responses are expected to testify for Plaintiffs at trial. Plaintiffs anticipate that Novartis will attempt to use prior, unverified interrogatory responses to cross-examine Plaintiffs' witnesses. Such evidence has no bearing on any fact to be decided at trial. Moreover, the evidence is also highly prejudicial to Plaintiffs. Accordingly, this Court should preclude Novartis *in limine* from introducing evidence or referring to any unverified interrogatory responses at trial.

---

[1]   For example, unverified Objections and Responses to Novartis's Damages Discovery Interrogatories for Plaintiff Angela Plonczyk were served on November 16, 2009. Ms. Plonczyk then served verified Amended Objections and Responses to these interrogatories on December 30, 2009. Similarly, Plaintiff Catherine White filed unverified Objections and Responses to Novartis's Damages Discovery Interrogatories on December 23, 2009. Verified Amended Objections and Responses for Ms. White were served on January 11, 2009.

## ARGUMENT

### I.   PLANTIFFS' UNVERIFIED INTERROGATORY RESPONSES ARE IRRELEVANT.

#### A.   Legal Standard

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible, and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (vacating judgment based on the failure to exclude facts that were not relevant to material issues); *Santrayll v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998) (precluding evidence that was "not of consequence to the determination of th[e] action"). District court rulings on the admissibility of evidence are reviewed "only for manifest error because the decision of which evidence is admissible is one that is committed to the district judge's discretion." *Barrett v. Orange County Human Rights Comm'n*, 194 F.3d 341, 346 (2d Cir. 1999) (internal citations and quotations omitted).

#### B.   Unverified Interrogatory Responses Are Not Probative of Any Issue in Dispute.

The unverified interrogatory responses should be excluded because they are not probative of any issue in dispute. *See* Fed. R. Evid. 401, 402. Courts routinely refuse to accord unsworn statements, such as unverified interrogatory responses, any evidentiary weight. *See United States v. 143-147 E. 23rd St.*, 77 F.3d 648, 657-58 (2d Cir. 1996) (finding that the district court properly disregarded an unsworn letter in considering motion for summary judgment); *Chaiken v. VV Publ. Corp.*, 119 F.3d 1018, 1033 (2d Cir. 1997) (finding that unsworn letters failed to satisfy the requirements of Rule 56(e) and could not be used to defeat summary judgment);

3

*Nieves v. Dist. Council 37*, No. 04 Civ. 8181, 2009 U.S. Dist. LEXIS 112653, at \*3-4 (S.D.N.Y

Nov. 24, 2009) (refusing to consider unsworn documents that had been submitted); *Mroz v. City*

*of Tonawanda*, 999 F. Supp. 436, 457-58 (W.D.N.Y 1998) (holding that an unsworn statement

"must be disregarded for purposes of Defendants' and Plaintiff's motions for summary

judgment"); *DeLaTorre v. Town of Marlborough*, No. 95-CV-1262, 1997 U.S. Dist. LEXIS

3506, at \*12-14 (N.D.N.Y. Mar. 13, 1997) (granting summary judgment for the defendant where

the only evidence submitted by the plaintiff to support the claim was unverified interrogatories).

Similarly, the unverified interrogatory responses of certain Plaintiffs carry no evidentiary

weight and, therefore, cannot possibly be relevant to any issues before the jury.   Accordingly,

this Court should preclude Novartis from introducing or referring to unverified interrogatory

responses pursuant to Federal Rules of Evidence 401 and 402.

## II.   INTRODUCTION OF UNVERIFIED INTERROGATORIES SHOULD BE PRECLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 403.

Assuming, *arguendo*, that this evidence is relevant, any probative value is substantially

outweighed by its prejudice.   Federal Rule of Evidence 403 provides that "[a]lthough relevant,

evidence may be excluded if its probative value is substantially outweighed by the danger of

unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Allowing Novartis to introduce or refer to unverified interrogatories would be an absolute

waste of the Court's and the jury's time. *See, e.g., Hardy v. Town of Greenwich*, 629 F. Supp. 2d

192, 196 (D. Conn. 2009) (noting the "Court's interest in judicial economy and desire to use the

jurors' time wisely").   The admission of such evidence would result in a distracting and pointless

mini-trial about how discovery in this case proceeded and why the witness initially submitted

unverified interrogatory responses. *City of New York v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir.

4

1981) (finding that the district court did not abuse its discretion in precluding a government report pursuant to Rule 403 because its admission would have led to "an inquiry into collateral issues"); *Dooley v. Columbia Presbyterian Med. Ctr.*, No. 06 Civ. 5644, 2009 U.S. Dist. LEXIS 66369, at *6-7 (S.D.N.Y.  July 29, 2009) (granting motion *in limine* in medical malpractice case to exclude a consent order signed by the defendant in another case because it would "invit[e] a distracting 'mini-trial' into the course of the main proceedings").  In accordance with Federal Rule of Evidence 403, this Court should exclude Novartis from introducing or referring to unverified interrogatories in order to prevent an unnecessary "mini-trial" into the collateral issue of how discovery proceeded in this case.

## CONCLUSION

Evidence and argument relating to unverified interrogatory responses are irrelevant to any issue in dispute and should be excluded pursuant to Federal Rules of Evidence 402 and 403 and the law of this Circuit.  Moreover, the introduction of such evidence would unnecessarily prolong this litigation and waste this Court's resources.  For the foregoing reasons, Plaintiffs respectfully request that this Court grant its Motion *in Limine* to preclude Novartis from introducing or referring to any unverified interrogatory responses at trial.

January 29, 2010

David Sanford, D.C. Bar No. 457933
Katherine M. Kimpel, D.C. Bar No. 493028
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Ave. NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776

5

Jeremy Heisler, (JH-0145)
Steven Wittels, (SLW-8110)
**SANFORD WITTELS & HEISLER, LLP**
950 Third Ave., 10th Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave. NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile:  (202) 742-7776

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and that a true and correct copy of the foregoing was served by U.S. mail on this 29th day of January, 2010 upon the following parties:

> Richard H. Schnadig, Esq.
> **VEDDER PRICE, P.C.**
> 222 North LaSalle Street
> Chicago, IL 60601
>
> *Attorneys for Defendant Novartis Pharmaceuticals Corporation*
>
> Sarah E. Siegel

7