UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY VELEZ, PENNI ZELINKOFF, MINEL HIDER TOBERTGA, MICHELLE WILLIAMS, JENNIFER WAXMAN-RECHT, KAREN LIGGINS, LORI HORTON, HOLLY WATERS, WENDY PINSON, ROBERTA VONLINTEL, CATHERINE WHITE, KELLY CORBETT, JAMIE HOLLAND, JOAN DURKIN, SIMONA LOPES, MARYANNE JACOBY, and MARTA DEYNE,<br><br>Individually and on Behalf of Others Similarly Situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>DEFENDANT. | 04 Civ. 09194 (CM) |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE OR MAKING ANY ARGUMENT BASED ON PLAINTFFS' DECISION NOT TO CALL CERTAIN CLASS REPRESENTATIVES <u>AND CLASS MEMBERS AT TRIAL</u>

## Table of Contents

Table of Authorities..................................................................................................ii

Background......................................................................................................................2

Argument..........................................................................................................................3

I. PLAINTIFFS' DECISION NOT TO CALL CERTAIN CLASS MEMBERS OR CLASS REPRESENTATIVES IS IRRELEVANT......................................................3

    A. Legal Standard..................................................................................3

    B. Plaintiffs' Decision Not to Call Certain Witnesses is Not Probative of Any Issue in Dispute ...............................................................................3

    C. Plaintiffs' Decision Not to Call a Named Plaintiff is Not Probative of Any Issue in Dispute................................................................................5

II. ANY PROBATIVE VALUE OF PLAINTIFFS' DECISION NOT TO CALL CERTAIN CLASS MEMBERS OR CLASS REPRESENTATIVES IS SUBSTANTIALLY OUTWEIGHED BY THE LIKELIHOOD OF CONFUSION AND ITS PREJUDICIAL EFFECT .....................................................................6

    A. Legal Standard..................................................................................6

    B. Evidence Concerning the Fact That Certain Class Representatives and Members Are Not Testifying Would Confuse the Jury, Waste the Court's Time, and Prejudice Plaintiffs...........................................................6

    C. Evidence Concerning the Number of Class Representatives and Members Testifying Would Confuse the Jury, Waste the Court's Time, and Prejudice Plaintiffs. ...............................................................................7

Conclusion........................................................................................................................7

## Table of Authorities

*Deler v. Commodore Cruise Line*, No. 92 Civ. 4473, 1995 U.S. Dist. LEXIS 18341 (S.D.N.Y. Dec. 12, 1995) ............................................................................4

Fed.R.Civ.P. 10(a)................................................................................................5

Fed. R. Evid. 401........................................................................................passim

Fed. R. Evid. 402........................................................................................passim

Fed. R. Evid. 403........................................................................................passim

*Graves v. United States*, 150 U.S. 118 (1893)......................................................4

McCormick, On Evidence § 272, at 804-08 (3d ed. 1984)...................................4

*Moore v. New York*, No. 04 Civ. 2965, 2008 U.S. Dist LEXIS 11367 (S.D.N.Y. Feb. 5, 2008).................................................................................................7

*Rippy-EL v. Makram*, No. 99-0321, 2000 U.S. App. LEXIS 13504 (2d Cir. Apr. 14, 2000)........4

*Santrayll v. Burrell*, 993 F. Supp. 173 (S.D.N.Y 1998).......................................3

*SEC v. Johnson*, No. 03 Civ. 177, 2006 U.S. Dist. LEXIS 50307 (S.D.N.Y. July 21, 2006).................................................................................................7

*United States v. Cook*, 776 F. Supp. 755 (S.D.N.Y. 1991)..................................3

*United States v. Nichols*, 912 F.2d 598 (2d Cir.1990).........................................4

*United States v. Torres*, 845 F.2d 1165 (2d Cir. 1988).......................................4

*United States v. Tyers*, 487 F.2d 828 (2d Cir.1973), *cert. denied*, 416 U.S. 97 (1974))..................................................................................................4

*Yeboah v. United States*, No. 99 Civ. 4923 (JFK), 2000 U.S. Dist. LEXIS 18450 (S.D.N.Y. Dec. 26, 2000)..............................................................................3

Plaintiffs in this Motion *in Limine* seek to prohibit Defendant Novartis Pharmaceuticals Corporation ("Novartis") from offering any evidence or argument concerning Plaintiffs' decision not to call certain Class Representatives and Class Members at trial.

## BACKGROUND

There are seventeen Class Representatives and approximately 5,600 Class Members in this case. Over the course of discovery, all of the Class Representatives and an additional 26 Class Members were designated by counsel for Plaintiff for deposition and subsequently deposed by defense counsel.

The parties have now exchanged witness lists. In an effort to abide by the time constraints imposed by this Court for trial, and for the sake of trial efficiency, counsel for Plaintiffs will not be calling each and every Class Representative to testify at trial. Instead, Plaintiffs have designated five Class Representatives as witnesses. For the same reason, Plaintiffs' counsel will not be calling each of the twenty-six Class Members who were subjected to a deposition. Rather, Plaintiffs have listed ten Class Members on their witness list; Novartis has listed several Class Members as well.

Novartis has made clear that it intends to rely on Plaintiffs' decision not to call each and every Class Representative and Class Member at trial. Given the Court's imposition of time limits for the parties' presentation of evidence, and the attendant need for the parties to limit their number of witnesses, any attempt by Defendant to have the jury draw a negative inference from Plaintiff's decision not to call each and every Class Representative and Class Member would be improper, and should therefore be precluded by this Court *in limine*.

2

## ARGUMENT

I. **PLAINTIFFS' DECISION NOT TO CALL CERTAIN CLASS CLASS REPRESENTATIVES IS IRRELEVANT.**

   A. **Legal Standard**

Federal Rules of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible, and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Courts have consistently applied these rules to preclude parties from presenting at trial evidence that on its face has no bearing on the issues the jury must decide. *See Yeboah v. United States,* No. 99 Civ. 4923 (JFK), 2000 U.S. Dist. LEXIS 18450, at *5 (S.D.N.Y. Dec. 26, 2000); *Santrayll v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998); *United States v. Cook*, 776 F. Supp. 755, 756 (S.D.N.Y. 1991).

   B. **Plaintiffs' Decision Not To Call Certain Witnesses Is Not Probative of Any Issue in Dispute.**

Plaintiffs' decision not to call certain witnesses at trial is not probative of any issue in dispute. The only issue to be decided by the jury is whether Novartis discriminated against female employees on the basis of their gender. The fact that certain Class Representatives and Class Members will not testify at trial does not make the likelihood of gender discrimination any more or less probable.

Presumably, Defendant intends to argue that Plaintiffs' decision not to call certain witnesses implies that their testimony would be unfavorable to Plaintiffs. Such a "missing witness" inference is not appropriate here, however, where Novartis has equal opportunity to call any of the Class Representatives or Class Members as witnesses. *See, e.g., United States v.*

3

*Nichols*, 912 F.2d 598, 601-02 (2d Cir. 1990) (holding that the failure to call law enforcement agents as witnesses did not require a missing witness charge since agents were equally available to the defendant); *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988) ("When 'a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction'" may the jury infer that a missing witness's testimony would be unfavorable to that party) (citing *Graves v. United States*, 150 U.S. 118, 121 (1893); McCormick, On Evidence § 272, at 804-08 (3d ed. 1984)). The "missing witness" principle articulated in the criminal context in "*Torres* and its progeny . . . [is] equally applicable in civil litigation." *Deler v. Commodore Cruise Line*, No. 92 Civ. 4473, 1995 U.S. Dist. LEXIS 18341, at *13 n.2 (S.D.N.Y. Dec. 12, 1995).

Likewise, testimony from each and every Class Representative and Class Member would be unduly cumulative. *Id.* at *16 (holding that a missing witness charge was not warranted where "testimony would have been merely cumulative"). Indeed, any attempt by Plaintiffs to call all seventeen Class Representatives and all twenty-six Class Members who were deposed in this case would likely have provoked a Motion to Preclude on the basis of such testimony being cumulative. Under these circumstances, Defendant cannot argue for a missing witness inference. *See, e.g.*, *Rippy-EL v. Makram*, No. 99-0321, 2000 U.S. App. LEXIS 13504, at *8 (2d. Cir. Apr. 14, 2000) (holding that the district court did not err in refusing to give a missing witness instruction where "the witness could have been subpoenaed by either side"); *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988) (citing *United States v. Tyers*, 487 F.2d 828, 831 (2d Cir.1973), *cert. denied*, 416 U.S. 971 (1974)).

Moreover, a missing witness inference is inappropriate where, as here, the Court has strictly limited the time each side has to present its case. This Court has allotted each side a total

of eight days to make opening and closing arguments, present their witnesses, and cross-examine all of the witnesses offered by the other side. As a result of this time limitation, counsel for both sides have had to carefully consider all of their evidence and make strategic decisions about what to present to the jury and what to forebear at trial. Given this, it would be impossible for either side to offer every witness whose testimony might be relevant at trial. A missing witness inference is therefore inappropriate in this case.

### C. Plaintiffs' Decision Not To Call a Named Plaintiff Is Not Probative of Any Issue in Dispute.

Plaintiffs' decision not to call Named Plaintiff Amy Velez in particular is also irrelevant to the issues presented in this case. The Federal Rules of Civil Procedure do not dictate any particular order in which the Named Plaintiffs must be listed on the Complaint. To the contrary, Rule 10 requires only that the caption set forth the names of all parties. Fed.R.Civ.P. 10(a). The fact that Ms. Velez's name happens to appear first in the case caption is therefore of no significance.

Nor is there anything in the Rules of Evidence or the Rules of Civil Procedure that would require Plaintiffs to call any specific Class Representative, or a particular number of Class Representatives at trial. The fact that Plaintiffs chose not to call Ms. Velez, and the number of Class Representatives Plaintiffs choose to call are therefore of no moment.

Accordingly, this Court should preclude Novartis from making any argument and from requesting that the jury draw any inference based on Plaintiffs' decision not to call Ms. Velez, or based on the number of Class Representatives Plaintiffs do call, at trial.

II. **ANY PROBATIVE VALUE OF PLAINTIFFS' DECISION NOT TO CALL CERTAIN CLASS MEMBERS OR CLASS REPRESENTATIVES IS SUBSTANTIALLY OUTWEIGHED BY THE LIKELIHOOD OF CONFUSION AND ITS PREJUDICIAL EFFECT.**

A. **Legal Standard**

Even assuming *arguendo* that there was some scintilla of relevance to the fact that a particular Class Member or Class Representative did not testify at trial, this Court should nevertheless preclude its admission at trial because its value is substantially outweighed by the fact that this evidence will confuse the issue, waste this Court's time and prejudice Plaintiffs. Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

B. **Evidence Concerning the Fact that Certain Class Representatives and Members Are Not Testifying Would Confuse the Jury, Waste the Court's Time, and Prejudice Plaintiffs.**

Evidence or argument about the fact that certain Class Representatives and Class Members are not testifying would unduly prejudice Plaintiffs because it would mislead the jury into believing that the missing witnesses would confirm Novartis's version of events. Requiring Plaintiffs to call certain Class Members and/or every Class Representative would place them in the untenable position of either having to expend valuable trial time disabusing the jury of this notion, or having to call additional class representatives or class members.

It would also divert the jury's attention from evaluating the evidence and witnesses actually presented at trial. The jury already has the challenging task of deciding the complex class issues it has before it. It should not be led to pointlessly speculate about theoretical witnesses who did not offer testimony at trial.

Moreover, the admission of this evidence or argument would compel Plaintiffs to put forth irrelevant rebuttal evidence and argument, further confusing the issues and creating undue delay. Finally, any negative information regarding Class Representatives or Class Members not testifying could unfairly prejudice the jury against the Class Representatives and Class Members who do testify.

### C. Evidence Concerning the Number of Class Representatives and Members Testifying Would Confuse the Jury, Waste the Court's Time, and Prejudice Plaintiffs.

The inclusion of evidence or argument about the number of Class Representatives and Class Members who are testifying for Plaintiffs could lead the jury to erroneously equate the strength of Plaintiffs' case with the number of Class Representatives and/or Class Members appearing as witnesses.

It is well-settled law in this Circuit that the weight of the evidence is not necessarily determined by the number of witnesses testifying. *SEC v. Johnson*, No. 03 Civ. 177, 2006 U.S. Dist. LEXIS 50307, at *16 (S.D.N.Y. July 21, 2006) (finding that the jury was properly instructed that "the weight of the evidence is not necessarily determined by the number of witnesses") (internal quotations omitted); *Moore v. New York*, No. 04 Civ. 2965, 2008 U.S. Dist LEXIS 11367, at *30 (S.D.N.Y. Feb. 5, 2008) ("[W]eight of the evidence is not simply a function of the number of witnesses on each side . . . .").

Finally, as stated above, this Court has imposed strict time limitations for each party to prove its case. As a result, Plaintiffs have had to make strategic decisions about which witnesses they absolutely must call in order to establish every element of their claims. Allowing the jury to draw any inference from Plaintiffs' decision to not call each and every Class Representative

7

and/or every Class Member would essentially penalize them for attempting to limit their case in the manner ordered by this Court.

## CONCLUSION

This Court has imposed a strict limit of eight days per side for each side to put on its respective case. This case involves complex issues of fact and law, and the valuable time of the jury and the Court should not be wasted with evidence or argument that is inadmissible pursuant to Federal Rules of Evidence 401, 402, and 403. For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion *in Limine* to preclude Novartis from introducing any evidence or argument regarding (1) the fact that certain Class Representatives or Class Members will not be testifying at trial, and (2) the number of Class Representatives or Class Members Plaintiffs call as witnesses.

January 29, 2010

_____
David Sanford, D.C. Bar No. 457933
Katherine M. Kimpel, D.C. Bar No. 493028
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Ave. NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Jeremy Heisler, (JH-0145)
Steven Wittels, (SLW-8110)
**SANFORD, WITTELS & HEISLER, LLP**
1350 Avenue of the Americas
31st Floor
New York, NY 10019
(646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave. NW, Suite 310

Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and that a true and correct copy of the foregoing was served by U.S. mail on this 29th day of January, 2010 upon the following counsel of record:

Richard H. Schnadig, Esq.
**VEDDER PRICE, P.C.**
222 North LaSalle St.
Chicago, IL 60601
(312) 609-7500

*Counsel for Novartis Pharmaceuticals Corporation*

Sarah Siegel