UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMY VELEZ, PENNI ZELINKOFF,                )
MINEL HIDER TOBERTGA,                       )
MICHELLE WILLIAMS, JENNIFER          )
WAXMAN-RECHT, KAREN LIGGINS,       )
LORI HORTON, HOLLY WATERS,             )
WENDY PINSON, ROBERTA                     )
VONLINTEL, CATHERINE WHITE,           )
KELLY CORBETT, JAMIE HOLLAND,       )
JOAN DURKIN, SIMONA LOPES,             )        04 Civ. 09194  (CM)
MARYANNE JACOBY, and MARTA          )
DEYNE,                                                    )
                                                                )
Individually and on Behalf of Others          )
Similarly Situated,                                      )
                                                                )
PLAINTIFFS,                                             )
                                                                )
        v.                                                      )
                                                                )
NOVARTIS PHARMACEUTICALS            )
CORPORATION,                                        )
                                                                )
DEFENDANT.                                           )

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM OFFERING EVIDENCE OR MAKING ARGUMENT ABOUT IRRELEVANT AND
<u>PREJUDICAL PERSONAL INFORMATION OF PLAINTIFFS</u>

## **Table of Contents**

Table of Authorities.................................................................................ii

Procedural History...............................................................................2

Argument.............................................................................................3

    I.   LEGAL STANDARD.....................................................................3

    II.  EVIDENCE OF JESSICA BORSA'S PRIOR BANKRUPTCY.............................4

    III. EVIDENCE OF KELLY CORBETT'S BREAST IMPLANTS AND
         LIPOSUCTION.........................................................................5

    IV. POSTINGS ON CAFEPHARMA BY JAMIE HOLLAND.....................................6

    V.  PERSONAL E-MAIL EXCHANGE BETWEEN MARJORIE SALAME AND HER
         HUSBAND.............................................................................6

    VI. EVIDENCE RELATING TO BARBARA STARK'S THREE HOMES....................7

Conclusion.........................................................................................8

## Table of Authorities

*Arlio v. Lively*, 474 F.3d 46 (2d Cir. 2007)....................................................................3

*Bush v. Dictaphone Corp.*, 161 F.3d 363 (6th Cir. 1998)...............................................4

*City of New York v. Pullman Inc.*, 662 F.2d 910 (2d Cir. 1981).....................................7

*Davidson v. Smith*, 9 F.3d 4 (2d Cir. 1993).....................................................................4

Fed. R. Evid. 401...............................................................................................................3

Fed. R. Evid. 403. ........................................................................................................3, 4

Fed. R. Evid. 609(b).........................................................................................................4

*Galt Capital, LLP v. Seykota*, No. 2002-63, 2007 U.S. Dist. LEXIS 92955 (D.V.I. Dec. 14,
    2007)............................................................................................................................4

*Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192 (D.Conn. 2009)..............................4

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143 (S.D.N.Y.
    Apr. 13, 2006)............................................................................................................5

*Koufakis v. Carvel*, 425 F.2d 892 (2d Cir. 1970)............................................................7

*Magelky v. BNSF Ry. Co.*, No. 1:06-cv-025, 2008 U.S. Dist. LEXIS 6573 (D.N.D. Jan. 28,
    2008)............................................................................................................................4

*Mannie v. Potter*, 394 F.3d 977 (7th Cir. 2005)..............................................................4

*Santrayll v. Burrell*, 993 F. Supp. 173 (S.D.N.Y. 1998).................................................3

*United States v. Quattrone*, 441 F.3d 153 (2d Cir. 2006)...............................................6

*Williams v. Vail Resorts Dev. Co.,* No. 02-CV-016-J, 2003 U.S. Dist. LEXIS 27799 (D.Wyo.
    Nov. 3, 2003).............................................................................................................5

Plaintiffs, in this Motion *in Limine*, seek to prohibit Defendant Novartis Pharmaceuticals Corporation ("Novartis") from offering any evidence or making any argument relating to irrelevant personal information solicited by Novartis during depositions of Plaintiffs' witnesses.

## PROCEDURAL HISTORY

During the course of discovery, Defendant deposed several of Plaintiffs' Class Representatives, Class Members, and witnesses about personal information that has no bearing on this case. Specifically, Defendant questioned Class Member Jessica Borsa about the fact that she filed for bankruptcy in 1991 or 1992. Borsa Dep. at 39:4-40 (attached hereto as Exhibit 1). Defendant extensively questioned Class Representative Kelly Corbett about the fact that she has had breast implants. Corbett Dep. 12:4-19:25; 177:5-181:17 (attached hereto as Exhibit 2). Defendant also questioned Ms. Corbett's psychologist about the fact that Ms. Corbett underwent liposuction. Spring Dep. 18:12-15 (attached hereto as Exhibit 3). Novartis has also designated this portion of Ms. Corbett's psychologist's deposition for introduction at trial.

Defendant also questioned Class Representative Jamie Holland about Internet postings she made about this lawsuit on "Cafepharma," a website targeted towards pharmaceutical sales representatives. VEL 005177, 005178 (attached hereto as Exhibit 4); Holland Dep. 210:19-215:8 (attached hereto as Exhibit 5). It examined Class Member Marjorie Salame about a personal e-mail she sent to her husband in which she calls members of the Army "country bumpkins, most of whom didn't finish high school and don't know anything." NPCX 3086596-97 (attached hereto as Exhibit 6.) The portion of Ms. Salame's deposition that contains this statement includes similar statements that may be construed as disparaging remarks against the United States' military. Finally, Novartis questioned Barbara Stark about the fact that she and her husband own three homes. Stark Dep. 15:4-16:25 (attached hereto as Exhibit 7).

All of the above deposition testimony pertains to witnesses' personal circumstances that have no bearing on any issue in this case. Moreover, reference to this deposition testimony would be highly prejudicial, and would cause undue consumption of time in the litigation on collateral matters, as well as jury confusion. For these reasons, the Court should preclude Defendants from offering evidence or making any argument pertaining to this testimony.

## ARGUMENT

The personal information provided in the above-mentioned deposition testimony is irrelevant to any issue in this case, and any probative value is substantially outweighed by its prejudice.

## I.   LEGAL STANDARD

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible, and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (vacating judgment based on failure to exclude facts that were not relevant to material issues); *Santrayll v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998) (precluding evidence that was "not of consequence to the determination of th[e] action").

Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

3

II.   **EVIDENCE OF JESSICA BORSA'S PRIOR BANKRUPTCY**

Ms. Borsa testified in her deposition that she filed for bankruptcy nearly twenty years ago in 1991 or 1992. The fact that Ms. Borsa filed for bankruptcy has no bearing on Plaintiffs' gender discrimination claims against Novartis. Moreover, the bankruptcy is so remote in time that it could not possibly have any probative value. *See, e.g.*, *Mannie v. Potter*, 394 F.3d 977, 981-82 (7th Cir. 2005) (finding that statements made by a supervisor before 1997 were too remote to be relevant to a civil rights claim involving events in 2000); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (refusing to admit comments by supervisor that were "remote in time" in age discrimination case); *Davidson v. Smith*, 9 F.3d 4, 7 (2d Cir. 1993) (upholding the district court's ruling that the probative value of 15-year-old evidence was outweighed by its prejudice); *Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 195 (D.Conn. 2009) (holding that the probative value of evidence is "significantly reduced by its remoteness to the time period at issue"). In fact, even criminal convictions bearing on honesty that are more than ten years old are presumptively inadmissible under the Federal Rules of Evidence. Fed. R. Evid. 609(b).

Moreover, any probative value of this information would be outweighed by the danger that jurors might unfairly penalize Ms. Borsa based on the fact that she previously filed for bankruptcy. *Magelky v. BNSF Ry. Co.*, No. 1:06-cv-025, 2008 U.S. Dist. LEXIS 6573, at *4 (D.N.D. Jan. 28, 2008) (holding that evidence of plaintiff's prior bankruptcy "would be unfairly prejudicial, confuse the issues, mislead the jury, and result in undue delay and a waste of time"); *Galt Capital, LLP v. Seykota*, No. 2002-63, 2007 U.S. Dist. LEXIS 92955, at *7-8 (D.V.I. Dec. 14, 2007) (holding that the preclusion of bankruptcy petitions was proper pursuant to Federal Rule of Evidence 403). Accordingly, this Court should preclude Novartis from offering any evidence or argument relating to Ms. Borsa's prior bankruptcy at trial.

### III.   EVIDENCE OF KELLY CORBETT'S BREAST IMPLANTS AND LIPOSUCTION

The fact that Ms. Corbett had breast implants and liposuction has no bearing on any of the issues before the jury.   She will not be offering testimony concerning inappropriate comments or behavior by her supervisor or anyone else at Novartis.   Allowing defendants in gender discrimination cases to make such inquiries would not further the goal of eliminating discrimination in the workplace.   Moreover, none of the damages she is seeking relate to the fact that she had breast implants.   Similarly, the testimony of Dr. Spring designated by Novartis referencing Ms. Corbett's liposuction is irrelevant.

Any scintilla of relevance that this information might have would be substantially outweighed by its prejudicial effect.   Such information is highly personal in nature.   Moreover, individual jurors might have pre-conceived views about women who undergo these types of medical procedures and hold this against Ms. Corbett during deliberations.   Novartis should not be permitted to unfairly impugn the character of Ms. Corbett based on her personal medical decisions.   *See, e.g., L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *8 (S.D.N.Y. Apr. 13, 2006) (excluding evidence of sexual harassment charge filed against plaintiff because "the naked presentation of such details may be of a sufficiently inflammatory or prurient nature to be significantly prejudicial"); *see also Williams v. Vail Resorts Dev. Co.*, No. 02-CV-016-J, 2003 U.S. Dist. LEXIS 27799, at *27 (D.Wyo. Nov. 3, 2003) (precluding the defendant's evidence that plaintiff had "breast augmentation surgery and a procedure on her eyes . . . . These facts have nothing to do with this lawsuit, and would be submitted by Defendants merely in an effort to attack . . . [plaintiff's] character.").   For these reasons, this Court should preclude Novartis from offering any evidence or argument relating to the fact that Ms. Corbett has had breast implants and liposuction.

IV.    **POSTINGS ON CAFEPHARMA BY JAMIE HOLLAND**

Ms. Holland was questioned during her deposition about two postings she made on "CafePharma," a website targeted to individuals employed in the pharmaceutical industry. The fact that Ms. Holland posted comments on "CafePharma" is not probative of any factual dispute the jury must decide.

In addition, any probative value is outweighed by undue prejudice. The strong opinions about Novartis and this particular litigation expressed by Ms. Holland in these posts could "unduly inflame the passion of the jury." *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006). Accordingly, this Court should preclude Novartis from offering any evidence or argument relating to Ms. Holland's postings on "CafePharma."

V.    **PERSONAL E-MAIL EXCHANGE BETWEEN MARJORIE SALAME AND HER HUSBAND**

During her deposition, Marjorie Salame was questioned about a personal e-mail she sent to her husband in which she refers to members of the Army as "country bumpkins, most of whom didn't finish high school and don't know anything." As Ms. Salame explained during her deposition, she was merely attempting to comfort her husband who had been having problems with his sergeant. The issue to be determined by the jury is whether Novartis engaged in unlawful gender discrimination. Ms. Salame's views about the military have no bearing on this issue whatsoever.

In addition, any probative value of the e-mail exchange would be substantially outweighed by its prejudicial effect and a waste of judicial resources. A witness's unflattering views of the military, taken out of context, are likely to conjure strong feelings among potential jurors in New York City. Introduction of these e-mails could cause the jury to improperly

invalidate Ms. Salame's testimony purely because of her views of the military.  Moreover, the introduction of evidence regarding testimony that is not even remotely relevant to the issues at trial would waste considerable time in what is already anticipated to be a lengthy trial involving complex issues.  *See City of New York v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir. 1981) (upholding the district court's exclusion of evidence which would "have been likely to protract an already prolonged trial with an inquiry into collateral issues").

## VI.  EVIDENCE RELATING TO BARBARA STARK'S THREE HOMES

Ms. Stark was questioned during her deposition about the fact that she owns three homes. Novartis should be precluded at trial from introducing this wholly irrelevant line of inquiry.  Ms. Stark's personal financial situation is of no consequence to Plaintiffs' claims of gender discrimination.  Indeed, the only reason Novartis might seek to introduce this testimony would be to inflame the passions of the jury, some of whom might not be able to afford even one home. Novartis should not be permitted to play on any resentment jurors might hold against people of Ms. Stark's status.  *See, e.g., Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) (holding that the characterization of a case as one pitting a man of modest resources against a powerful and unscrupulous man with untold wealth was improper and prejudicial); *Silbergleit v. First Interstate Bank, N.A.*, 37 F.3d 394, 395-96 (8th Cir. 1994) (finding that improper questioning about Plaintiff's personal wealth and other topics in an age discrimination lawsuit was sufficiently prejudicial to warrant a new trial); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, No. 04 Civ. 10014, 2009 U.S. Dist. LEXIS 89183, at *17-18 (S.D.N.Y. Sept. 28, 2009) (granting motion *in limine* to preclude the plaintiff from inquiring into the actual amount of witnesses' compensation); *Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518-19 (S.D.N.Y. 2008) ("[P]arties are not permitted to argue to the fact finder's potential economic sympathies or

prejudices.").

## CONCLUSION

Evidence and argument relating to the deposition testimony outlined above is both irrelevant and highly prejudicial and should be excluded pursuant to the Federal Rules of Evidence 402 and 403 and the law of this Circuit.  Accordingly, Plaintiffs respectfully request that this Court grant their Motion *in Limine* to prohibit Novartis from offering any evidence or argument relating to irrelevant and personal information of Plaintiffs.

Dated: January 29, 2010

**SANFORD WITTELS & HEISLER, LLP**

David Sanford, D.C. Bar No. 457933
Katherine M. Kimpel, D.C. Bar No. 493028
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Ave. NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776
*Attorneys for Plaintiff*

Jeremy Heisler, (JH-0145)
Steven Wittels, (SLW-8110)
**SANFORD, WITTELS & HEISLER, LLP**
1350 Avenue of the Americas
31st Floor
New York, NY 10019
(646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave. NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile:  (202) 742-7776
*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and that a true and correct copy of the foregoing was served by U.S. mail on this 29th day of January, 2010 upon the following parties:

Richard H. Schnadig, Esq.
**VEDDER PRICE, P.C.**
222 North LaSalle St.
Chicago, IL 60601

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*


_____
Sarah E. Siegel