AMY VELEZ, PENNI ZELINKOFF, )
MINEL HIDER TOBERTGA, MICHELLE )
WILLIAMS, JENNIFER WAXMAN- )
RECHT, KAREN LIGGINS, LORI )
HORTON, HOLLY WATERS, WENDY )
PINSON, ROBERTA VONLINTEL, )
CATHERINE WHITE, KELLY CORBETT, )
JAMIE HOLLAND, JOAN DURKIN, )
SIMONA LOPES, MARYANNE JACOBY )
and MARTA DEYNE, )
)
**Individually and on Behalf of Others** )
**Similarly Situated,** )
)
**PLAINTIFFS,** )
)
**v.** )
)
**NOVARTIS PHARMACEUTICALS** )
**CORPORATION,** )
)
**DEFENDANT.** )
)
)
)
)

04 Civ. 09194  (CM)

**PLAINTIFFS' PROPOSED JURY
INSTRUCTIONS AND VERDICT
FORM**

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

### CLASS ACTION – DEFINITION

This lawsuit has been brought as a class action. A class is a group of individuals who have been recognized by the Court as having common legal interests. They are allowed to proceed in court as a group because the Court has concluded that they have met all the requirements for a class action. In this case, the Court has allowed the case to go forward as a class action on behalf of approximately 5600 sales representatives and managers. You are being asked to render a verdict on whether the class has suffered illegal gender discrimination.

Fed. R. Civ. P. 23; *Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243 (S.D.N.Y. 2007).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

## PLAINTIFFS' SUMMARY OF CLAIMS

The plaintiffs bring this class action lawsuit against the defendant, Novartis Pharmaceuticals Corporation (hereinafter, "Novartis" or the "defendant"), charging that it discriminated against class members on the basis of their gender in violation of federal law. Plaintiffs contend that their rights to equal employment opportunities and to work in an environment free of discrimination have been violated. The Court has certified a class of approximately 5600 women made up of the following individuals:

> All women who are currently holding or have held, a sales-related job position with Novartis Pharmaceuticals Corporation ("NPC" or "Novartis") during the time period July 15, 2002 through November 30, 2007 [the "class period"]. Those positions are Sales Representatives, Sales Consultants, Senior Sales Consultants, Executive Sales Consultants, Sales Associates, Sales Specialists, Senior Sales Specialists, and District Managers I. [Hereinafter, the "class" or "plaintiffs"].

Specifically, the class claims that:

(1) Novartis has a discriminatory corporate culture that subjects female sales representatives to discriminatory denial of promotions and unequal pay, and that also discriminates against pregnant employees;

(2) Novartis' policies and procedures, while seemingly neutral on their face, are flawed because Novartis over-delegates discretion to supervisors, which results in discriminatory pay and promotion for women and inequitable treatment of pregnant employees; and

(3) The over-delegation of discretion and excessive subjectivity that marks Novartis' personnel management policies and practices enables gender-based pay,

promotion, and pregnancy discrimination at Novartis.   Additionally, the company-wide delegation to supervisors of the authority to make subjective decisions regarding employee management, evaluation, compensation, and promotion also causes illegal gender stereotyping and resulting discrimination to women throughout the sales force at Novartis.

*Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243 (S.D.N.Y. 2007).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3**

**DISCRIMINATION BASED ON GENDER – TITLE VII**

The women in this case base their lawsuit on Title VII of the Civil Rights Act of 1964. The primary purposes of Title VII are to achieve equality of employment opportunities, to remove barriers that have operated in the past to favor an identifiable group of employees over other employees (in this case to favor male employees at Novartis), and to compensate women and to make them whole for injuries suffered on account of unlawful employment discrimination and retaliation.

Title VII specifically makes it is unlawful employment practice for an employer:

(1)     to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's gender; or

(2)     to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's gender.

The Pregnancy Discrimination Act of 1978 provides that Title VII's prohibition on gender discrimination includes discrimination on the basis of:

Pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work.

Federal Employment Jury Instructions § 1:740 (McNamara & Southerland) (Rev. 9. 2009) (modified); 42 U.S.C. § 2000e-2(a); 42 U.S.C. §2000e(k); *Connecticut v. Teal*, 457 U.S. 440, 451 (1982); *Griggs v. Duke Power Co.*, 401 U.S. 424, 429-30 (1971); *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006); *Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243 (S.D.N.Y. 2007).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 4**

**PREPONDERANCE OF THE EVIDENCE**

You, as the jury, are charged with deciding the facts presented to you, and determining whether the class has presented enough evidence in the discrimination claims for you to find in their favor. In doing so, you are asked to determine whether the class has established the elements of Title VII by a "preponderance of the evidence."

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of (1) all witnesses (both live or deposition testimony), regardless of who may have called them, and (2) all exhibits received in evidence, regardless of who may have produced them. It is your job to determine which witnesses and exhibits you find more persuasive.

To achieve a "preponderance of the evidence" means to prove that something is more likely true than not true. In other words, a preponderance of the evidence in this case means that when you consider and compare all the evidence in the case, you find that the plaintiffs' evidence as a whole has more convincing force, and produces in your mind a belief that it is more likely true that the class has suffered illegal gender discrimination than not true.

To reach this conclusion, you need not find that each and every witness or exhibit provided by the plaintiffs – women in this case – was more persuasive than any counter-testimony or evidence provided by the defendant Company. Instead, you must make a determination regarding the evidence as a whole.

3 Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) §§ 171.60, 171.61 (5th ed.) (modified); *Desert Palace Inc. v. Costa*, 539 U.S. 90 (2003).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 5

## DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE

"Direct Evidence" is direct proof of a fact, such as testimony, if believed, by a witness about what the witness said or heard or did.

"Circumstantial evidence" is simply a chain of circumstances that indirectly proves a fact.

There is a simple example of circumstantial evidence which is often used in this courthouse:

> Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

You should consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any and all evidence.

3 Fed. Jury Prac. & Inst. § 101.42 (O'Malley, Grenig, and Lee) (5th ed.) (modified); 4-74 Modern Federal Jury Instructions-Civil P 74.01 (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

## WEIGHT OF THE EVIDENCE AND NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of class members or other witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more probative or compelling than the testimony of a larger number of witnesses to the contrary.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.

This Court has allotted each side a total of eight days to make opening and closing arguments, present their witnesses and cross-examine witnesses offered by the other side. As a result of this time limitation, counsel for both sides have carefully considered all of their evidence and made strategic decisions about what to present to you. Given this, it would be impossible for either party to offer every witness whose testimony might be relevant at trial.

3 Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 105.11 (5th ed.) (modified); *Moore v. New York*, No. 04 Civ. 2965, 2008 U.S. Dist. LEXIS 11367, at \*30 (S.D.N.Y. Feb. 5, 2008); *SEC v. Johnson*, No. 03 Civ. 177, 2006 U.S. Dist. LEXIS 50307, at \*16 (S.D.N.Y. Jul. 21, 2006).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

## EVENTS SURROUNDING THE CLASS PERIOD

Evidence of discriminatory acts taking place before the class period -- here, acts before July 15, 2002 -- may be considered (a) in your evaluation of whether there is a traditional or historical pattern of discrimination at Novartis that continued after July 15, 2002, or (b) as evidence of a discriminatory corporate culture at Novartis or discriminatory intent, motive or state of mind on the part of Novartis' management.

Evidence of discriminatory acts taking place after the class period -- here, acts after November 30, 2007 -- may also be considered (a) in your evaluation of whether Novartis has continued to discriminate by maintaining or allowing an ongoing pattern of discrimination to continue after November 30, 2007, or (b) as evidence of an ongoing discriminatory corporate culture at Novartis or of discriminatory intent, motive, or state of mind on the part of Novartis' management.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977); *Coger v. Conn. Dep't. of Pub. Safety*, 143 Fed. Appx. 372, 374 (2d Cir. 2005); *Petrosino v. Bell Atl.*, 385 F.3d 210, 220 (S.D.N.Y. 2004) ("evidence of earlier promotion denials may constitute relevant 'background evidence in support of a timely claim....'") (citations omitted); *Samuels v. Albert Einstein Med. Ctr.*, 1998 U.S. Dist. LEXIS 17320, at *12-15 (E.D. Pa. Nov. 4, 1998); *see also Sheridan v. E.I. DuPont De Nemours & Co.*, 100 F.3d 1061, 1071 (3d Cir. 1996), *cert. denied*, 521 U.S. 1129 (1997); *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1214 (3d Cir. 1995); *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 54 (3d Cir. 1989).

9

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

## LIABILITY OF CORPORATION FOR DECISIONMAKERS' ACTIONS

A corporation is responsible for discriminatory employment actions of all persons it selects to play a role in the decision-making process. Any employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation or within the scope of his duties as an employee of the corporation.

Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 103.31 (5th ed.) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

### SAME GENDER DISCRIMINATION

Title VII covers same-gender discrimination in the same manner as it does discrimination against the opposite sex.  This means that a woman can commit gender discrimination against another woman.

Accordingly, even if a manager or a Human Resource representative is a woman, Novartis is liable for the discriminatory acts committed against female plaintiffs.

Federal Employment Jury Instructions § 1:240 (McNamara & Southerland) (Rev. 9. 2009) (modified); *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 79-80 (1998).

11

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

## EMPLOYER'S DUTY TO ELIMINATE KNOWN DISCRIMINATION

An employer who becomes aware of discrimination in its workplace must take prompt action to correct its practices and eliminate the discrimination. Anti-discrimination laws require the eradication of discriminatory treatment based on gender.

It is not a defense to a claim of discrimination that an employer has adopted anti-discrimination policies or provided training on those policies if the employer fails to enforce those policies.

*Bazemore v. Friday,* 478 U.S. 385, 394-97 (1986); *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 987-88 (1988); *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 75 (1986); *Corning Glass Works v. Brennan,* 417 U.S. 188, 205-06 (1974); *Sassaman v. Gamache,* 566 F.3d 307, 314 (2d Cir. 2009).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 11**

**INTERESTED WITNESS – EMPLOYEE OF PARTY**

The fact that certain witnesses called by Novartis were and still are employed by Novartis may be considered by you in deciding whether the testimony of one or more of these witnesses is in any way influenced by that employment relationship with Novartis.

*Majestic v. Louisville & N. R. Co.*, 147 F.2d 621, 627 (6th Cir. 1945); *Adams v. Supermarkets Gen. Corp.*, 525 N.Y.S.2d 208, 254-55 (N.Y. App. Div. 1988) (It is error to refuse to give the suggested charge if the witness is an employee of a party at the time of trial); *Dobro v. Sloan*, 368 N.Y.S.2d 621, 625-26 (N.Y. App. Div. 1975).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

### POST-COMPLAINT CONDUCT

You have heard evidence relating to Novartis' conduct after plaintiffs started this lawsuit by filing their complaint in November 2004. This evidence may include evidence of seemingly positive changes in personnel practices that occurred at some point after this lawsuit was filed. Changes an employer makes to its employment practices after being sued may be a result of the lawsuit and may have been adopted for use as a defense to the lawsuit. The change may only be temporary, and may be eliminated after the lawsuit ends. Therefore, actions taken after a lawsuit begins do not prove that the defendant has acted in good faith, that it did not previously discriminate, or that it does not continue to discriminate.

*Lam v. Univ. of Hawaii*, 40 F.3d 1551, 1561 n.17 (9th Cir. 1994); *Bouman v. Block*, 940 F.2d 1211, 1227 (9th Cir. 1991); *Gonzales v. Police Dep't.*, 901 F.2d 758, 762 (9th Cir. 1990); *James v. Stockham Valves & Fittings Co.*, 559 F.2d 310, 325 n.18 (5th Cir. 1977); *Solin v. State Univ. of N.Y.*, 416 F.Supp 536, 540 (S.D.N.Y. 1976); *Parham v. Southwestern Bell Tel. Co.*, 433 F.2d 421, 426 (8th Cir. 1970).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13**

**PROHIBITED CONSIDERATIONS FOR AN EMPLOYER
GENDER STEREOTYPING**

Treating someone differently or discriminating against them because of their gender, even if the treatment is not explicitly or obviously based on a characteristic of gender, violates Title VII.   Gender stereotyping occurs when an employer evaluates employees by assuming or insisting that they match a stereotype associated with their group.  The following are examples of the type of gender stereotyping that can lead to gender discrimination (other examples may also apply):

First Example: When the employer acts on the basis of a belief (a) either that women should not behave aggressively or assertively or, alternatively, that a woman cannot perform aggressively enough because she is a woman, or (b) that a woman is not devoted to her career because she has childbearing and child rearing responsibilities.

Second Example: When the employer (a) pays female employees less than men because it believes that women are willing to work for less or may have a high turnover rate, (b) fails to promote female or pregnant employees because it believes that women do not desire to be promoted, or (c) criticizes pregnant women more harshly or supervises them more closely because it believes that pregnant women are lazy or likely to not return to the company after they take maternity leave.

Federal Employment Jury Instructions § 1:740 (McNamara & Southerland) (Rev. 9. 2009) (modified); 29 C.F.R. § 1604.2(a)(1)(ii); *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), *overturned on other grounds*; *Corning Glass Works v. Brennan*, 417 U.S. 188, 205 (1974); *Lindhal v. Air France*, 930 F.2d 1434, 1439 (9th Cir. 1991).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 14**

**ONGOING DISCRIMINATION**

In determining whether discrimination occurred within the class period and the present, you may consider the effects of discriminatory practices or decisions that pre-date the class opening date. For example, if prior to 2002, female class members were paid less than men and the class members' lower salaries resulted from an illegal practice, then each paycheck issued to the class member that delivers less to that class member than to a comparable male employee, represents an additional wrong actionable under the anti-discrimination laws.

*Bazemore v. Friday,* 478 U.S. 385, 394-97 (1986); Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (2009).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 15

## TITLE VII – THEORIES OF LIABILITY

In this case, as previously stated, plaintiffs sued Novartis alleging it discriminated against a class of its female sales representative in violation of Title VII.   Title VII specifically prohibits gender discrimination under two different theories advanced by the class in this case: (1) disparate treatment, also known as "pattern or practice" and (2) "disparate impact."

Within each of these theories of liability, plaintiffs have three distinct pay, promotion, and pregnancy discrimination claims.  The charts below are illustrative:

| Plaintiffs Claim No. | Theory of Liability | Specific Claim |
|---|---|---|
| 1 | Disparate Treatment | Pay Discrimination |
| 2 | Disparate Treatment | Promotion Discrimination |
| 3 | Disparate Treatment | Pregnancy Discrimination |
| 4 | Disparate Impact | Pay Discrimination |
| 5 | Disparate Impact | Promotion Discrimination |
| 6 | Disparate Impact | Pregnancy Discrimination |

I will instruct you on each of the claims brought by the plaintiffs.  You may find for the plaintiffs, on all of these claims, some of these claims, or none of these claims.

42 U.S.C. §2000e-2(k)(1)(A); 42 U.S.C. § 2000e-2(m); 29 C.F.R. § 1606.2; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Connecticut v. Teal*, 457 U.S. 440 (1982); *Texas Dept. of Cmty.*

17.

*Affairs. v. Burdine*, 450 U.S. 248 (1981); *McDonnell Douglas v. Green*, 411 U.S. 792 (1973); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Malave v. Potter*, 320 F.3d 321 (2d Cir. 2003); *Robinson v. Metro North Commuter R.R. Co.*, 267 F.3d 147 (2d Cir. 2001).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 16

## DISPARATE IMPACT

The female class claims that Novartis caused an adverse or disparate impact on persons of plaintiffs' gender in violation of Title VII.  An adverse or disparate impact means an employment practice, policy, or decision-making process that is neutral in its treatment of different groups on its face, but in fact affects one group more harshly than another group when it is actually applied.

Here, plaintiffs allege that the delegation to supervisors of the authority to make subjective decisions regarding employee management, evaluation, compensation, and promotion also leads to illegal gender stereotyping and resulting discrimination. Additionally, plaintiffs allege that Novartis' human resources department has a practice marked by failure to implement and enforce policies.

To find disparate impact, you are *not required* to consider whether defendant *intended* to discriminate against persons of the plaintiffs' gender.  You must focus on the consequences or results of the employment practice or decision-making process at issue.

3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.24 (5th ed.) (modified); Federal Employment Jury Instructions § 1:550 (McNamara & Southerland) (Rev. 9. 2009) (modified); *Robinson v. Metro North R.R. Co.*, 267 F.3d 147, 160 (2d Cir. 2001); *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 17

## DISPARATE IMPACT – STATISTICAL EVIDENCE

When determining whether plaintiffs have shown a disparate impact based on female employees with respect to pay, promotion, and gender discrimination, you are to consider statistical evidence, as well as all other evidence introduced at trial. Statistical disparity alone can raise an inference of causation.

To prevail on their disparate impact discrimination claims, plaintiffs do not have to prove an imbalance with scientific certainty or mathematical precision. Plaintiffs must only prove that it is more likely than not that one or more of defendant's employment practices caused an imbalance between women and men with respect to pay, promotion, and unfavorable treatment with respect to pregnant class members.

With respect to pregnancy discrimination, it is appropriate to consider the statistical evidence plaintiffs have presented as to pay and promotion, because pay, promotion, and pregnancy discrimination are all forms of gender discrimination.

*Bazemore v. Friday*, 478 U.S. 385, 400-01 (1986); *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336, 359-61 (1977); *Meacham v. Knolls Atomic Power Lab*, 381 F.3d 56, 76 (2d Cir. 2004); *Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243 (S.D.N.Y. 2007).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18

## DISPARATE IMPACT

## EVIDENCE OF INTENTIONAL DISCRIMINATION
## SUBJECTIVE DECISION-MAKING

Subjective decision-making systems can be a mechanism for gender discrimination. In such systems, decisions about pay and promotions may be based on stereotypes about women and what their role in the workplace should be. You may consider the extent to which defendant's decision-making is subjective in determining whether there was intentional gender discrimination in pay, promotion, as well as pregnancy status at Novartis.

29 C.F.R. § 1604.2(a)(1)(ii); *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *City of Los Angeles Dep't. of Water & Power v. Manhart*, 435 U.S. 702, 707-08 (1978); *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291-92 (2d Cir. 1999); *Halbrook v. Reichhold Chems., Inc.*, 766 F. Supp. 1290, 1295-96 (S.D.N.Y. 1991), *aff'd*, 956 F.2d 1159 (2d Cir. 1992); *Lenihan v. City of New York*, 636 F. Supp. 998, 1009 (S.D.N.Y. 1985).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 19

## DISPARATE IMPACT – PAY CLAIM

To prevail on plaintiffs' disparate impact – pay claim, the class must prove all of the following elements by a preponderance of the evidence:

1.     Female class members make less money than their similarly-situated male colleagues; and

2.     Novartis' employment policies or practices, although seemingly gender neutral, have the effect of causing the difference in pay.

3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.24 (5th ed.) (modified); Federal Employment Jury Instructions § 1:550 (McNamara & Southerland) (Rev. 9. 2009) (modified).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 20

## DISPARATE IMPACT – PROMOTION CLAIM

To prevail on plaintiffs' disparate impact – promotion claim, the class must prove all of the following elements by a preponderance of the evidence:

1.    Female class members are promoted less frequently than similarly-situated male colleagues; and

2.    Novartis employment policies or practices, although seemingly gender neutral, have the effect of causing the difference in promotion.

3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.24 (5th ed.) (modified); Federal Employment Jury Instructions § 1:550 (McNamara & Southerland) (Rev. 9. 2009) (modified).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 21

## DISPARATE IMPACT – PREGNANCY DISCRIMINATION CLAIM

To prevail on plaintiffs' disparate impact – pregnancy claim, the class must prove all of the following elements by a preponderance of the evidence:

1.      Pregnant employees are treated worse in the terms and conditions of employment when compared to Novartis' non-pregnant employees.   Terms and conditions of employment, as used above, includes such things as unfavorable treatment with respect to termination, demotion, promotion, transfer, and discipline in the employment context; and

2.      Novartis' employment policies or practices, although seemingly gender neutral, have the effect of causing the difference with respect to the treatment of pregnant class members in Novartis' work force.

3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.24 (5th ed.) (modified); Federal Employment Jury Instructions § 1:550 (McNamara & Southerland) (Rev. 9. 2009) (modified).

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 22

### PATTERN OR PRACTICE OF DISCRIMINATION
### DISPARATE TREATMENT

A plaintiff class can show discrimination under Title VII by establishing a pattern or practice of discrimination at Novartis. Plaintiffs allege that defendant Novartis engaged in a "pattern or practice" of treating class members differently than male employees, on account of their gender. To establish a pattern or practice of gender discrimination, the plaintiff class must show that Novartis' discriminatory conduct was *intentional*, which means it was repeated, routine, or of a generalized nature. In other words, the conduct was not the mere occurrence of isolated or sporadic discriminatory acts.

Plaintiffs do not have to show that discrimination in compensation or promotional opportunities are formal or continuous policies of Novartis, that they existed continuously from July 15, 2002 to the present, or that these practices are found uniformly in every division or office at Novartis. Demonstrating the existence of a discriminatory pattern or practice establishes a presumption that individual class members were discriminated against on account of gender.

A pattern or practice of discrimination against a group can be established without proving that discrimination affected every class member uniformly, or at all times, or that every class member was discriminated against. An informal but pervasive custom and usage may be sufficient to find that a pattern or practice of discrimination existed or exists at Novartis.

*National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002); *Cooper v. Fed. Reserve Bank,* 467 U.S. 867, 875-76 (1984); *Robinson v. Metro-North Commuter R.R. Co.,* 267 F.3d 147, 158-59 (2d Cir. 2001); Federal Employment Jury Instructions § 1:370 (McNamara & Southerland) (Rev. 9. 2009) (modified).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23**

**DISPARATE TREATMENT UNDER TITLE VII – INTENT**

The plaintiff class must show that Novartis intentionally discriminated against them to prevail on their Title VII disparate treatment claims.  This does not mean that the plaintiffs must prove that the defendant acted out of hatred, conscious hostility or dislike of the class members.  Intentional discrimination is unlawful even if it is the result of subtle stereotypes of the class members and attitudes about their role in the workplace.  A stereotype is an assumption about an individual's character traits or interests in or ability to perform certain kinds of work based on a generalization about the character traits, interests, abilities, and characteristics of persons of the same gender.

The law prohibits employers from making decisions based on gender stereotypes, because the principle of non-discrimination requires that individuals be considered on the basis of individual capacities and not on the basis of any characteristics generally attributed to the group.

*Price Waterhouse v. Hopkins*, 490 U.S. 228, 251 (1989); *City of Los Angeles Dep't. of Water & Power v. Manhart*, 435 U.S. 702, 707 (1978); *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 119 (2d Cir. 2004); *King v. Bd. of Regents*, 898 F.2d 533, 539 (7th Cir. 1990); *Halbrook v. Reichhold Chems.*, 766 F. Supp. 1290, 1296 (S.D.N.Y. 1991).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 24

## DIRECT EVIDENCE OF INTENT IS NOT REQUIRED

Because employers rarely leave a paper trail–or "smoking gun"–attesting to a discriminatory intent, the class must often build their cases from indirect evidence and pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. Intentional discrimination may be inferred from the existence of other facts, or the cumulative weight of circumstantial evidence. The class is not required to produce direct evidence of intentional discrimination.

Therefore, you may consider circumstantial evidence such as the testimony and evidence offered by other employees, evidence relating to company-wide practices which may reveal patterns of discrimination against a group of employees, and other indirect evidence of discriminatory motive.

3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.26 (5th ed.) (modified); *Hollander v. American Cyanamid Co.,* 895 F.2d 80, 84-85 (2d Cir. 1990); *Epstein v. Kalvin-Miller Int'l, Inc.,* 121 F.Supp.2d 742, 748 (S.D.N.Y. 2000).

28

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25

### DISPARATE TREATMENT UNDER TITLE VII – PROOF OF INTENT BY INFERENCE – STATISTICAL EVIDENCE & ANECDOTAL EVIDENCE

As described above, intentional discrimination can be inferred from the existence of other facts and from circumstantial evidence.  In discrimination cases, circumstantial evidence is not only sufficient, but may also be more persuasive than direct evidence.

For example, you have been shown statistics in this case.  Statistics are one form of evidence from which you may find that a defendant intentionally discriminated against a plaintiff.  There is no minimum degree of disparity or statistical significance that must be met in order to establish a claim of discrimination.  Statistics that may be considered statistically insignificant to a social scientist or statistician may nonetheless be significant and relevant in a court of law.  Statistics alone can be sufficient to establish a pattern or practice of discrimination.

Additionally, you have heard testimony from witnesses, also known as anecdotal evidence, regarding gender discrimination.   Anecdotal evidence is valuable in determining whether a pattern or practice of discrimination exists at Novartis.

You must evaluate the usefulness and significance of both statistical and anecdotal evidence offered in this case based on all of the surrounding facts and circumstances, and in conjunction with all of the other evidence presented in this case.

3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.26 (5th ed.) (modified); *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 995 (1988); *Castaneda v. Partida*, 430 U.S. 482, 496 n.17 (1977); *Hazelwood School Dist. v. United States*, 433 U.S. 299, 307, 308 n.14 (1977); *Ottaviani v. State Univ. of N.Y.*, 875 F.2d 365 (2d Cir.1989); *Rossini v. Ogilvy & Mather, Inc.*, 798

F.2d 590, 604 (2d Cir.1986); *Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243, 266 (S.D.N.Y. 2007).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 26**

**MATHEMATICAL CERTAINTY NOT REQUIRED**

To prevail on their disparate treatment or disparate impact discrimination claims, plaintiffs do not have to prove discrimination with scientific certainty or mathematical precision.  Plaintiffs must only prove that it is more likely than not that one or more of defendant Company's employment practices were discriminatory.

*Bazemore v. Friday*, 478 U.S. 385, 400-01 (1986); *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336, 359-61 (1977).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27**

**DISPARATE TREATMENT**

**EVIDENCE OF INTENTIONAL DISCRIMINATION
SUBJECTIVE DECISION-MAKING**

Subjective decision-making systems can be a mechanism for gender discrimination. In such systems, decisions about pay, promotions, and other terms and conditions of employment may be based on stereotypes about women and what their role in the workplace should be. You may consider the extent to which defendant's decision-making is subjective in determining whether there was intentional gender discrimination in pay, promotion, as well as pregnancy status at Novartis.

29 C.F.R. § 1604.2(a)(1)(ii); *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *City of Los Angeles Dep't. of Water & Power v. Manhart*, 435 U.S. 702, 707-08 (1978); *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291-92 (2d Cir. 1999); *Halbrook v. Reichhold Chems., Inc.*, 766 F. Supp. 1290, 1295-96 (S.D.N.Y. 1991), *aff'd*, 956 F.2d 1159 (2d Cir. 1992); *Lenihan v. City of New York*, 636 F. Supp. 998, 1009 (S.D.N.Y. 1985).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 28

## EVIDENCE OF INTENTIONAL DISCRIMINATION
## FAILURE TO ERADICATE DISCRIMINATION

Intentional discrimination may be shown by evidence that the defendant Company knew of discrimination in the workplace but failed to correct practices that it knew caused the discrimination or failed to take other corrective measures.

*Bazemore v. Friday,* 478 U.S. 385, 394-97 (1986); *Anderson v. Pac. Mar. Ass'n,* 336 F.3d 924, 943-44 (9th Cir. 2003); *Pitre v. Western Elec. Co.,* 843 F.2d 1262, 1270-71 (10th Cir. 1988).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 29**

**EVIDENCE OF INTENTIONAL DISCRIMINATION**
**PRIOR ACTS OF DISCRIMINATION**

In deciding whether Novartis intentionally discriminated against the female class, you may consider evidence of defendant's acts or omissions that occurred before the opening dates for the class: July 15, 2002.  Prior acts of discrimination may be considered as background evidence and as evidence of motive, mental state, intent or reckless disregard of plaintiffs' rights.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977); *Coger v. Conn. Dep't. of Pub. Safety*, 143 Fed. Appx. 372, 374 (2d Cir. 2005); *Petrosino v. Bell Atl.*, 385 F.3d 210, 220 (S.D.N.Y. 2004).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 30

## EVIDENCE OF INTENTIONAL DISCRIMINATION
## STATEMENTS MADE IN THE WORKPLACE

Evidence of inappropriate comments made about women, or about women in the workforce, may reflect an employer's perceptions of women, an employer's hostility toward women, or an employer's intent to discriminate against women in employment decisions. Therefore, you may consider evidence of inappropriate comments made about women, and/or discriminatory or stereotyped comments made or tolerated by those who participate in employment decisions that affect women, in determining whether defendant intentionally discriminated against class members in pay, promotion, and pregnancy.

While an employer does not intentionally discriminate solely because its ordinary employees make occasional, inappropriate stray remarks, circumstantial evidence of a discriminatory atmosphere at plaintiffs' place of employment is relevant to the question of defendant's motive.

*Price Waterhouse v. Hopkins*, 490 U.S. 228, 251 (1989) ("stereotyped remarks can certainly be *evidence* that gender played a part" in decision); *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983); *Back v. Hastings on Hudson Union Free School Dis.*, 365 F.3d 107,119 (2d Cir. 2004); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 861-62 (9th Cir. 2002); *Heyne v. Caruso*, 69 F.3d 1475, 1480-81 (9th Cir. 1995); *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 897-98 (9th Cir. 1994); *Pitre v. Western Elec. Co.*, 843 F.2d 1262, 1270 (10th Cir. 1988); *Conway v. Electro Switch Corp.*, 825 F.2d 593, 597-98 (1st Cir. 1987).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 31

## DISPARATE TREATMENT UNDER TITLE VII – PAY CLAIM ELEMENTS AND BURDEN OF PROOF

To prevail on their claim that Novartis discriminated against them in violation of Title VII, the plaintiffs have the burden of proving by a preponderance of the evidence:

1.    That Novartis engaged in a pattern or practice of paying female class members less than comparable male employees exists,

2.    That this disparate treatment was caused by intentional gender discrimination.

Federal Employment Jury Instructions § 1:580 (McNamara & Southerland) (Rev. 9. 2009) (modified); 3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.20 (5th ed.) (modified); 42 U.S.C. § 2000e.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 32**

**DISPARATE TREATMENT UNDER TITLE VII – PROMOTION CLAIM
ELEMENTS AND BURDEN OF PROOF**

To prevail on their claim that Novartis discriminated against them in violation of Title VII, the plaintiffs have the burden of proving by a preponderance of the evidence:

1.    That Novartis engaged in a pattern or practice of failing to promote female class members as a whole to management positions while promoting comparably or less qualified men to management positions; and

2.    That the disparate treatment was caused by intentional gender discrimination.

Federal Employment Jury Instructions § 1:580 (McNamara & Southerland) (Rev. 9. 2009) (modified); 3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.20 (5th ed.) (modified); 42 U.S.C. § 2000e.

PLAINTIFFS' PROPOSED INSTRUCTION NO. 33

## DISPARATE TREATMENT UNDER TITLE VII - PREGNANCY ELEMENTS AND BURDEN OF PROOF

To prevail on their claim that Novartis discriminated against them in violation of Title VII, the plaintiffs have the burden of proving by a preponderance of the evidence:

1.     That Novartis engaged in a pattern or practice of treating pregnant class members worse in the terms and conditions of employment than non-pregnant employees exists.  Terms and conditions of employment, as used above, includes such things as unfavorable treatment with respect to termination, demotion, promotion, transfer, and discipline in the employment context; and

2.     That the disparate treatment was caused by intentional gender discrimination.

Federal Employment Jury Instructions § 1:580 (McNamara & Southerland) (Rev. 9. 2009) (modified); 3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 171.20 (5th ed.) (modified); 42 U.S.C. § 2000e.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 34**

**COMPENSATORY DAMAGES – PROOF**

Damages means the amount of money which will reasonably and fairly compensate the testifying plaintiffs for any injury you find was caused by Novartis. It is the duty of the Court to instruct you about the measure of damages. If you have returned a verdict in favor of the plaintiff class under Title VII, you must determine the compensatory damages of the plaintiffs that testified at trial ("testifying plaintiffs"). The testifying plaintiffs have the burden of proving their own damages by a preponderance of the evidence and it is for you to determine what damages, if any, have been demonstrated.

In determining the measure of damages, you should consider: the nature and extent of the injuries; the mental, physical, and emotional pain and suffering experienced; embarrassment or humiliation; and loss or enjoyment of life (that is plaintiff's loss of the ability to enjoy certain aspects of her life as a result of Novartis' discriminatory actions).

Federal Employment Jury Instructions § 1:1230 (McNamara & Southerland) (Rev. 9. 2009) (modified); 9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2003) (modified); Faculty of Federal Advocates, *Ad Hoc* Committee, *Model Employment Law Jury Instructions*, Aug. 21, 2006, at 58.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 35**

**EGGSHELL SKULL DOCTRINE**

It is well settled law that a defendant takes the plaintiff as it finds her.  Thus, the testifying class members' emotional distress caused by Novartis must be fully compensated.  Novartis is liable for all injuries it caused the testifying class members even if the harm caused by Novartis exacerbated a testifying class member's pre-existing condition or the testifying class member was particularly sensitive or vulnerable to emotional injury.

*United States v. Feola*, 420 U.S. 671, 685 (1975).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 36**

**DAMAGES - DIFFICULTY CALCULATING IS NO OBSTACLE**

If compensatory damages are appropriate, injured female employees are entitled to damages even if they are difficult to calculate.  While damages do not have to be calculated using mathematical precision, plaintiffs must provide sufficient evidence to take the amount of damages out of the realm of speculation and conjecture.  Justice and public policy require, however, that a wrongdoer shall bear the risk of the uncertainty that his own wrong has created, and which prevents precise computation of damages.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. On the other hand, the law does not require that the plaintiffs prove the amount of their losses with mathematical precision but only with as much definiteness and accuracy as circumstances permit.

Federal Employment Jury Instructions § 1:1230 (McNamara & Southerland) (Rev. 9. 2009) (modified); 9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2003) (modified); Faculty of Federal Advocates, *Ad Hoc* Committee, *Model Employment Law Jury Instructions*, Aug. 21, 2006, at 58; *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 264-65 (1946).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 37**

**PUNITIVE DAMAGES – TITLE VII**

If you find for the class on any of the claims listed above and you find that Novartis' acts were undertaken maliciously or in reckless disregard for the class members' rights to work in an environment free of gender discrimination, you may award the class punitive damages. The law authorizes an award of punitive damages for the purpose of punishing a wrongdoer and serving as an example or warning to other defendants not to engage in conduct of the types just described.

Conduct is malicious or in reckless disregard for the plaintiffs' rights if: 1) the defendant discriminated in the face of a perceived risk that its actions violated federal law; or 2) the discriminatory acts are egregious or outrageous.

If you find that punitive damages are appropriate, you must use reason in setting the amount appropriate for the class as a whole and not just for the testifying plaintiffs. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes outlined above, but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any punitive damages to any actual harm inflicted on the plaintiff class as a whole. You may consider evidence reflecting harm caused by Novartis' past conduct prior to the start of the class period, July 15, 2002, in setting an award of punitive damages.

Additionally, you may consider Novartis' net worth in fixing your damages award.

3C Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 170.64 (5th ed.) (modified); *Kolstad v. American. Dental Ass'n*, 527 U.S. 526, 535-36 (1999); *United States v. Space Hunters, Inc.*, 429 F.3d 416, 427 (2d Cir. 2005) (citations omitted)).

# VERDICT FORM

## I.    DISPARATE IMPACT

    A.    Did Plaintiffs prove that female class members make less money than their male colleagues and that Novartis' employment policies or practices have the effect of causing the difference in pay (as explained by the Court in Instruction No. 19)?

                YES_____ NO_____

**You must next answer Question B.**

    B.    Did Plaintiffs prove that female class members are promoted less frequently than their male colleagues and that Novartis' employment policies or practices have the effect of causing the differences in promotion (as explained by the Court in Instruction No. 20)?

                YES_____ NO_____

**You must next answer Question C.**

    C.    Did Plaintiffs prove that Novartis discriminated against pregnant female employees (as explained by the Court in Instruction No. 21)?

                YES_____ NO_____

**You must next answer Question D on the next page.**

## II.    DISPARATE TREATMENT

D.    Did Plaintiffs prove that Novartis engaged in a pattern or practice of gender discrimination by paying female class members less than male employees (as explained by the Court in Instruction No. 31)?

YES_____ NO_____

**You must next answer Question E.**

E.    Did Plaintiffs prove that Novartis engaged in a pattern or practice of gender discrimination by promoting female class members to management positions less frequently than male employees (as explained by the Court in Instruction No. 32)?

YES_____ NO_____

**You must next answer Question F.**

F.    Did Plaintiffs prove that Novartis engaged in a pattern or practice of gender discrimination by treating pregnant class members worse than their non-pregnant colleagues (as explained by the Court in Instruction No. 33)?

YES_____ NO_____

**If you answered YES to any of the above Questions A, B, C, D, E, or F (above), you must answer Questions G and F on the next page.**

**If you answered NO to every Question above (A, B, C, D, E, and F), then stop here.**

45

III.   **COMPENSATORY DAMAGES**

G.   Since you answered YES to either A, B, C, D, E, or F, you may award compensatory damages to any of the following plaintiffs who testified at trial listed below.  Next to each plaintiff's name, please specify the dollar amount of damages you are awarding that plaintiff.

Tara Blum:            $_____.

Jessica Borsa         $_____.

Kelly Corbett         $_____.

Bernice Dezelan       $_____.

Jamie Holland         $_____.

Christine Macarelli   $_____.

Angela Plonczyk       $_____.

Jennifer Recht        $_____.

Raelene Ryan          $_____.

Marjorie Salame       $_____.

Kelli Shannon         $_____.

Holly Waters          $_____.

Catherine White          $_____.

Amy Zschieshe           $_____.

You must next answer Question H.


IV.    **PUNITIVE DAMAGES**

      H.    Should the class be awarded punitive damages due to Novartis' conduct (pursuant to Instruction No. 37)?

            YES_____    Specify Dollar Amount:  $_____


            NO_____



**THANK YOU FOR YOUR TIME AND SERVICE.**

Dated: January 29, 2010

Respectfully submitted,
*Attorneys for Plaintiff*

David W. Sanford, D.C. Bar No. 457933
Katherine M. Kimpel, D.C. Bar No. 493028
Katherine Leong, D.C. Bar No. 492457
Felicia Medina, CAL Bar No. 255806
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Jeremy Heisler, (JH-0145)
Steven Wittels, (SLW-8110)
**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of the Americas
31st Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and that a true and correct copy of the foregoing was served by U.S. mail on this 29th day of January, 2010 upon the following parties:

Richard H. Schnadig, Esq.
**VEDDER PRICE, P.C.**
222 North LaSalle St.
Chicago, IL 60601

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

_____
Sarah E. Siegel