UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMY VELEZ, et al.,

Individually and on Behalf of Others Similarly Situated,

       Plaintiffs,

-against-

NOVARTIS PHARMACEUTICALS CORPORATION,

       Defendant.

---

Case No. 04 Civ. 09194 (CM)

**NOVARTIS PHARMACEUTICALS CORPORATION'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO
PRECLUDE EVIDENCE OR ARGUMENT RE AFTER-ACQUIRED EVIDENCE**

-i-

## TABLE OF CONTENTS

| | | Page |
|---|---|---:|
| A. | Introduction | 1 |
| B. | Argument | 1 |

-ii-

## TABLE OF AUTHORITIES

Page

A.  **Introduction**

Plaintiffs' Motion seeks to preclude argument or evidence about unidentified Class Representatives who violated Company policy and whose violations were discovered after their terminations. (Pl. Mem. 1-6). Although Plaintiffs fail to identify to whom they refer, affirmative defenses in the Fourth Amended Complaint show that the following are the individuals and the defenses concerning them:

- Karen Liggins (no longer a Class Representative witness) who violated Company policy by recording a telephone conversation with her Regional Director (Fourth Am. Comp. Affirmative Defense ("Aff. Def.") ¶ 14 (Docket No. 56)).

- Jennifer Waxman Recht (a testifying Class Representative witness) who committed the same offense with her District Manager. (Fourth Am. Comp. Aff. Def. ¶ 15.)

- Maryann Jacoby (no longer testifying but a Class Representative) recorded a telephone conversation with her colleagues and manager without disclosing same to the participants. (Fourth Am. Comp. Aff. Def. ¶ 16).

- Kelly Corbett (a testifying class representative) who disclosed the Company's proprietary information to a prospective Novartis hire. (Fourth Am. Comp. Aff. Def. ¶ 17).

B.  **Argument**

Plaintiffs assert that they offered to stipulate as to the limits on these Class Representatives' recovery and that Defendant did not accept it. (Pl. Mem. 2, 5). To Novartis' counsel's knowledge, this assertion is simply wrong. Individually and collectively, Novartis counsel recall no such offer and Plaintiffs produce no evidence of it.

Nevertheless, Novartis accepts the stipulation now offered with respect to damages only. It does not agree to forego the use of this evidence by way of impeaching the credibility of the

-1-

two remaining testifying Class Representatives to whom Plaintiffs' Motion applies – Mss. Waxman-Recht and Corbett. Both indisputably engaged in serious wrongdoing while employed by Novartis. From the affirmative defenses themselves, it is clear that such misconduct was in the context of some of the very issues in dispute. For example, Ms. Recht's recording was apparently made in anticipation of suing Novartis or building a case against it and in defending herself from discipline. (Fourth Am. Comp. ¶ 15; FED. R. EVID. 401, 608(b), 611(b).)

The Second Circuit's ruling in *Vichare v. AMBAC, Inc.* is particularly instructive. 106 F.3d 457 (2d Cir. 1996). As here (Pl. Mem. 4), the plaintiff in *Vichare* argued that *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995) precluded defendant from presenting after-acquired evidence during the liability phase of trial. *Vichare*, 106 F.3d at 467-68. The Court of Appeals rejected that argument, concluding that "*McKennon* did not establish a rule of inadmissibility: the Court held on issues of liability and damages, not evidence." *Id.* at 468. The Court further found that the question of plaintiff's credibility was essential to the case and therefore the trial court did not abuse its discretion in allowing the defendant to cross-examine plaintiff on after-acquired evidence. *Id.* .

For the same reasons cited in *Vichare*, Plaintiffs Motion should be denied.

Dated: Chicago, Illinois.
February 3, 2010

Respectfully submitted,

By: /s/ Richard H. Schnadig
Richard H. Schnadig, Esq. 02495384
Thomas G. Abram, Esq. 00004405
Aaron R. Gelb, Esq. 06230930
Sara J. Kagay, Esq. 06286528
Elizabeth N. Hall, Esq. 06286976
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
(312) 609-7500
(312) 609-5005

Jonathan A. Wexler
Vedder Price P.C.
1633 Broadway
47th Floor
New York, New York 10019
Telephone: (212) 407-7700
Fax: (212) 407-7799

Attorneys for Defendant
NOVARTIS PHARMACEUTICALS
CORPORATION

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing STATEMENT IN OPPOSITION was filed electronically and served on the following by depositing same in the United States mail, with proper first-class postage prepaid, on February 3, 2010:

>David Sanford
>Katherine Kimpel
>Katherine Leong
>Felicia Medina
>**SANFORD, WITTELS & HEISLER, LLP**
>1666 Connecticut Avenue, N.W., Suite 310
>Washington, DC 20009
>
>Steven Wittels
>Jeremy Heisler
>**SANFORD, WITTELS & HEISLER, LLP**
>1350 Avenue of the Americas, 31st Floor
>New York, NY 10019
>
>Grant Morris
>**LAW OFFICES OF GRANT E. MORRIS, ESQ.**
>1666 Connecticut Avenue, N.W., Suite 310
>Washington, DC 20009

/s/ Richard H. Schnadig
Richard H. Schnadig