UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMY VELEZ, et al.,

Individually and on Behalf of Others Similarly Situated,

                Plaintiffs,

-against-

NOVARTIS PHARMACEUTICALS CORPORATION,

                Defendant.

Case No. 04 Civ. 09194 (CM)

---

## NOVARTIS PHARMACEUTICALS CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT RE PLAINTIFFS' CALLING OF CLASS REPRESENTATIVES AND CLASS MEMBERS AS WITNESSES

## TABLE OF CONTENTS

**Page**

A.  Introduction ........................................................................................................................ 1

B.  Argument ........................................................................................................................... 1

    1.  Fair Comment or Argument on Plaintiffs' Failure to Call Their Own Party Witnesses Should be Permitted by Novartis ........................................................... 1

    2.  The Prerequisites for Comment are Present Here .................................................. 2

    3.  Plaintiffs' Arguments Are Unconvincing and Their Cases Inapposite .................. 3

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*,
  196 F.3d 407 (2nd Cir. 1999) ............................................................................... 1, 2, 3
*Rippy-El v. Makram*,
  No. 99-0321, 210 F.3d 355 (table), 2000 WL 426202 (2d Cir. April 14, 2000) ......... 4
*Santrayall v. Burrell*,
  993 F. Supp. 173 (S.D.N.Y. 1998) ................................................................................ 4
*United States v. Caccia*,
  122 F.3d 136 (2d Cir. 1997) .......................................................................................... 2
*United States v. Cook*,
  776 F. Supp. 755 (S.D.N.Y. 1991) ................................................................................ 4
*United States v. Torres*,
  845 F.2d 1165 (2d Cir. 1988) ........................................................................................ 3
*Velez, et al. v. Novartis Pharmaceuticals Corporation*,
  244 F.R.D. 243 (S.D.N.Y. 2007) ................................................................................... 2
*Yeboah v. United States*,
  Case No. 99 Civ. 4923 JFK, 2000 WL 1876638 at *2 (S.D.N.Y. Dec. 26, 2000) ......... 4

A.  **Introduction**

The initial Complaint in this suit was filed November 19, 2004 and the Fourth (and final) Amended Complaint on March 13, 2006. By the latter date, there were then 19 named Plaintiffs (since reduced to 17) who sued Novartis Pharmaceuticals Corporation ("Novartis") and agreed to act as Class Representatives on claims of a pattern or practice of gender discrimination. Now, of the 17 Class Representatives, including lead Plaintiff, Amy Velez, Plaintiffs recently have determined to call only five as witnesses: Mss. Recht, Waters, Holland, Corbett and White.

Plaintiffs' Motion seeks to bar Novartis from arguing or commenting about this extraordinary decision.

B.  **Argument**

1.  **Fair Comment or Argument on Plaintiffs' Failure to Call Their Own Party Witnesses Should be Permitted by Novartis**

Plaintiffs' decision not to call 12 of the 17 Class Representatives is their right. It is Plaintiffs' case and their burden of proof. However, it is well within this Court's discretion to allow Novartis to argue from or comment upon Plaintiffs' failure to call over two-thirds of the Class Representatives as witnesses at trial. Surely, if juries are permitted (or instructed) that they may draw adverse inferences from "missing witnesses," they should be allowed to draw such inferences from Plaintiffs' failure to call the large majority of the Class Representatives. *See, e.g., Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 407, 432 (2nd Cir. 1999) (citing various cases). Indeed, there is added justification for allowing Novartis to comment here. Plaintiffs ask the jury to find classwide discrimination in this case and the mere fact that a class has been certified inevitably (even with an appropriate instruction discounting this) will lead the jury to assume that there must be something to Plaintiffs' claims to convince the Court to have certified a class in the first instance.

And that something, in substantial part, were the allegations and testimony of the 17 Class Representatives. Indeed, Judge Lynch's decision certifying a class relies, to a significant degree, on the testimony of the Class Representatives and, in particular, on the testimony of those who will not now be called as witnesses at trial. *Velez, et al. v. Novartis Pharmaceuticals Corporation*, 244 F.R.D. 243, 266-67 (S.D.N.Y. 2007). Likewise, Plaintiffs' expert, Professor Rhode, repeatedly cites to the testimony of Class Representatives who will not be called in support of her sweeping conclusions of pervasive gender bias at Novartis. (Report of Professor Rhode 15-22 (citing the testimony of Class Representatives Jacoby, Durkin, Deyne, Velez, Tobertga, Liggins, Von Lintel, Lopes, Zelinkoff and Williams, none of whom will be called at trial) (Appendix to Novartis Pharmaceuticals Corporation's Memorandum in Opposition to Plaintiffs' Motion *in Limine* to Preclude Evidence or Argument Re Plaintiffs' Calling of Class Representatives and Class Members as Witnesses (Exhibit A)).

Plaintiffs cannot have it both ways. They cannot seek certification on the basis of 17 Class Representatives' allegations and then not call 12 of those Representatives without comment. The only fair and effective counter to Plaintiffs' tactics is to allow Novartis to comment.

### 2. The Prerequisites for Comment are Present Here

Moreover, there can be no dispute that Novartis meets the prerequisites under Second Circuit precedent for making a "missing witness" instruction or allowing counsel comment, or both. In *Martinelli*, the Court of Appeals sustained the trial court's adverse inference instruction with respect to a missing but "incardinated" witness not called by the defendant, saying:

> In this circuit, the charge "**permits the jury to draw an adverse inference against a party failing to call a witness when the witness's testimony would be material and the witness is peculiarly within the control of that party**. *United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997). In determining whether

-2-

> a witness was available to be called by the party, the court considers "all the facts and circumstances bearing upon the witness's relation to the parties, rather than merely on physical presence or accessibility." *United States v. Torres*, 845 F.2d 1165, 1170 (2d Cir. 1988) (internal quotation marks and citations omitted). [emphasis in original]

196 F.3d at 432.

As shown above, clearly the missing Class Representatives' testimony is material to the case and would have been at trial. *United States v. Torres*, 845 F. 2d 1165, 1169 (2d Cir. 1988). Plaintiffs also control or should be deemed to have control over them. They obtained from Class Representatives their Complaint allegations, presented them for depositions and also obtained their relevant documents.

Incredibly, Plaintiffs now claim immunity from the "missing witness" rule by asserting that the witnesses are equally available to Novartis (Pl. Mem. 3). They are not. Many are not within the Court's subpoena power, but, even if they were, all the Class Representatives are <u>adverse</u> to Novartis as they have been for half a decade. They are Plaintiffs' parties, not Novartis' parties. Therefore, Novartis has met its burden of showing why it may comment on absent witnesses.

### 3.    <u>Plaintiffs' Arguments Are Unconvincing and Their Cases Inapposite</u>

Plaintiffs' arguments as to why the Court should not permit a "missing witness" comment here are unconvincing and unavailing. Plaintiffs do not claim their witnesses are sick, incapacitated or otherwise unavailable to them which may be accepted justifications. Instead, they rely on their self-serving assertion that they are not calling more of the Class Representatives out of a concern for judicial economy and the alleged cumulative nature of the testimony. However, the dropping of two-thirds of the Class Representatives cannot be so readily attributable to Plaintiffs' concern over duplication of testimony. The testimony of the

absent Class Representatives has been advanced by Plaintiffs throughout this litigation when it suited their purposes. Nothing has changed except Plaintiffs' conclusion that the testimony of these Class Representatives is unhelpful. The jury should be able to hear these Class Representatives testify. If not, then the jury should be told why not, and if no explanation is forthcoming, the jury should be informed as to its right to draw inferences adverse to Plaintiffs. Alternatively, and as stated above, Novartis' counsel should be permitted to argue or at least comment about the Class Representatives' absences.

Plaintiffs' cited cases (Pl. Mem. 3) are inapposite. *Yeboah v. United States* involved the issue of whether a plaintiff could introduce evidence about a tort claim, where she had not exhausted administrative remedies under the Federal Tort Claims Act. Case No. 99 Civ. 4923 JFK, 2000 WL 1876638 at *2 (S.D.N.Y. Dec. 26, 2000). Plaintiffs' reliance on *Santrayall v. Burrell*, a copyright case, is similarly misplaced. 993 F. Supp. 173, 177 (S.D.N.Y. 1998). There, the question was whether the plaintiffs could preclude defendants from introducing evidence of copyright infringement. *United States v. Cook* is also inapposite because defendants in a drug prosecution sought to exclude evidence of prison sentences faced by co-defendants who cooperated with the government. 776 F. Supp. 755, 756 (S.D.N.Y. 1991). None of these cases casts doubt on the proposition that testimony from a Class Representative is directly relevant to the claims at issue.

Finally, Plaintiffs incorrectly cite *Rippy-El v. Makram*, an unpublished summary decision of the Second Circuit. *See* No. 99-0321, 210 F.3d 355 (table), 2000 WL 426202 (2d Cir. April 14, 2000). Although it is true that the Second Circuit affirmed the trial court's refusal to give a "missing witness" charge, a significant reason for doing so was that "the district court informed

[plaintiff's] counsel that he could argue the purported significance of [the witness's] absence to the jury during closing arguments." *Id.* at *3.

In short, neither the law nor common sense should preclude Novartis from arguing that the jury should consider the absence of available party witnesses in reaching their verdict. Accordingly, Plaintiffs' Motion should be denied.

Dated: Chicago, Illinois.
February 3, 2010

Respectfully submitted,

By: /s/ Richard H. Schnadig
Richard H. Schnadig, Esq. 02495384
Thomas G. Abram, Esq. 00004405
Aaron R. Gelb, Esq. 06230930
Sara J. Kagay, Esq. 06286528
Elizabeth N. Hall, Esq. 06286976
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
(312) 609-7500
(312) 609-5005

Jonathan A. Wexler
Vedder Price P.C.
1633 Broadway
47th Floor
New York, New York 10019
Telephone: (212) 407-7700
Fax: (212) 407-7799

Attorneys for Defendant
NOVARTIS PHARMACEUTICALS
CORPORATION

CHICAGO/#2030648.4

-6-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing MEMORANDUM IN OPPOSITION was filed electronically and served on the following by depositing same in the United States mail, with proper first-class postage prepaid, on February 3, 2010:

>David Sanford
>Katherine Kimpel
>Katherine Leong
>Felicia Medina
>**SANFORD, WITTELS & HEISLER, LLP**
>1666 Connecticut Avenue, N.W., Suite 310
>Washington, DC 20009
>
>Steven Wittels
>Jeremy Heisler
>**SANFORD, WITTELS & HEISLER, LLP**
>1350 Avenue of the Americas, 31st Floor
>New York, NY 10019
>
>Grant Morris
>**LAW OFFICES OF GRANT E. MORRIS, ESQ.**
>1666 Connecticut Avenue, N.W., Suite 310
>Washington, DC 20009

/s/ Richard H. Schnadig
Richard H. Schnadig

CHICAGO/#2030648.4