UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMY VELEZ, PENNI ZELINKOFF, MINEL HIDER TOBERTGA, MICHELLE WILLIAMS, JENNIFER WAXMAN-RECHT, KAREN LIGGINS, LORI HORTON, HOLLY WATERS, WENDY PINSON, ROBERTA VONLINTEL, CATHERINE WHITE, KELLY CORBETT, JAMIE HOLLAND, JOAN DURKIN, SIMONA LOPES, MARYANNE JACOBY, and MARTA DEYNE, <br><br>Individually and on Behalf of Others Similarly Situated, <br><br>PLAINTIFFS, <br><br>v. <br><br>NOVARTIS PHARMACEUTICALS CORPORATION, <br><br>DEFENDANT. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 04 Civ. 09194 (CM) |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY
CONCERNING ALLEGED HARASSING OR
<u>DISPARAGING COMMENTS BY CO-WORKER BOB LLOYD</u>

# Table of Contents

Table of Authorities……………………………………………………………………………..ii

Argument……………………………………………………………………………………….2

    I.  EVIDENCE OF BOB LLOYD'S INAPPROPRIATE AND HARASSING
        COMMENTS IS RELEVANT TO ISSUES CENTRAL IN THIS CASE………………..2

        A.  The Fact that Mr. Lloyd Was Not a Decision Maker Does Not Make His
            Comments Less Probative……………………………………………………….2

        B.  The Fact that Plaintiffs Are Not Pursuing a Class Claim for Sexual Harassment
            Does Not Make Mr. Lloyd's Comments About Female Body Parts Irrelevant……….5

        C.  Mr. Lloyd's Comments Bear Directly on the Issue That Novartis Failed To Prevent
            and Remedy Gender Discrimination……………………………………………..6

    II.  THE PROBATIVE VALUE OF MR. LLOYD'S COMMENTS IS NOT
        SUBSTANTIALLY OUTWEIGHED BY ANY POSSIBLE PREJUDICE TO
        NOVARTIS………………………………………………………….....…………….8

Conclusion……………………………………………………………………………………...8

## Table of Authorities

*Carlton v. Mystic Transp. Inc.*, 202 F.3d 129 (2d Cir. 2000).................................................3

*Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192 (D. Conn. 2009)....................................3

*EEOC v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994).............................................5-6

Fed. R. Evid. 401......................................................................................2, 3

Fed. R. Evid. 402.........................................................................................2

*Flores v. Pinnacle Group*, No. 06 Civ 0986, 2007 U.S. Dist. LEXIS 18394
    (S.D.N.Y. Feb. 27, 2007),...................................................................4

*Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987).....................................................6

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001).........................................................5

*Kanios v. Uliasz*, No. 3:03 CV 369, 2005 U.S. Dist LEXIS 38115
    (D. Conn Dec. 2005).........................................................................5

*Malarky v. Texaco* 983 F.2d 1204 (2d Cir. 1993).......................................................3

*Minton v. Lenox Hill Hospital*, 160 F. Supp. 2d 687 (S.D.N.Y. 2001)..................................4

*Ostrowski v. Atlantic Mutual Insurance Cos.*, 968 F.2d 171 (2d Cir. 1992)............................2

*Quinby v. WestLB AG*, No. 04 Civ. 7406, 2007 U.S. Dist. LEXIS 77040
    (S.D.N.Y. Oct. 18, 2007).....................................................................3

*Sidari v. Orleans County*, No. 95 CV 7250, 2000 U.S. Dist. LEXIS 15126
    (W.D.N.Y. Oct. 4, 2000).....................................................................6

In its motion *in limine*, Defendant Novartis Pharmaceuticals Corporation ("Novartis") seeks to preclude testimony or documents about discriminatory and harassing comments made by sales representative Bob Lloyd and other co-workers to Class Members. Such comments, however, are relevant to material issues to be decided at trial, in that they are (1) probative of the corporate culture of discrimination that existed at Novartis during the Class Period and (2) demonstrates Novartis' failure to prevent and to correct gender discrimination.

Moreover, Novartis cannot find shelter in a claim that it was unaware of Mr. Lloyd's behavior. Instead, the record demonstrates that Novartis had both actual and constructive notice of Mr. Lloyd's inappropriate and offensive commentary.

Accordingly, this Court should deny Novartis' motion *in limine* and allow Plaintiffs to introduce this evidence at trial.

## ARGUMENT

### I. EVIDENCE OF BOB LLOYD'S INAPPROPRIATE AND HARASSING COMMENTS IS RELEVANT TO ISSUES CENTRAL TO THIS CASE.

According to Federal Rule of Evidence 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible, and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Because evidence regarding Mr. Lloyd's comments is relevant to Plaintiffs' pregnancy claim against Novartis and Novartis' corporate culture that allows for such gender discrimination, this evidence should not be excluded.

#### A. The Fact that Mr. Lloyd Was Not a Decision-Maker Does Not Make His Comments Less Probative.

Novartis erroneously argues that Mr. Lloyd's comments are irrelevant because Mr. Lloyd

was the co-worker of a testifying witness, Terri Kelly, and therefore did not make any decisions affecting the terms and conditions of her employment. Def. Mot. at 2. Defendant is mistaken.

The Second Circuit has explicitly recognized that discriminatory remarks by co-workers are probative of employment discrimination claims. *See Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir. 1992) ("[S]tray remarks in the workplace by persons who are not involved in the pertinent decision-making process . . . may indeed persuade the fact-finder that the plaintiff has carried his or her ultimate burden of persuasion") (internal quotations omitted); *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 136 (2d Cir. 2000) ("Although evidence of one stray comment by itself is usually not sufficient proof to show age discrimination, that stray comment may bear a more ominous significance when considered within the totality of the evidence.") (internal quotations and citations omitted).

In *Malarky v. Texaco*, the Second Circuit upheld the District Court's ruling allowing testimony from a non-decisionmaker in an employment discrimination case, holding that the testimony was "clearly probative and admissible under Fed. R. Evid. 401 in that it "showed the pervasive corporate hostility towards Malarkey and supported her claim that she did not receive a promotion due to her employer's retaliatory animus." 983 F.2d 1204, 1210 (2d Cir. 1993); *see also Quinby v. WestLB AG,* No. 04 Civ. 7406, 2007 U.S. Dist. LEXIS 77040, at *2-4 (S.D.N.Y. Oct. 18, 2007) (holding in a gender discrimination case that "comments by non-decisionmakers concerning a plaintiff may be admissible to demonstrate a pervasive hostile atmosphere"); *Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 198 (D. Conn. 2009) (denying the defendant's motion *in limine* to exclude "stray remarks made by non-decisionmakers"). Thus, the fact that Bob Lloyd was not a decisionmaker does not render his comments irrelevant, especially in light of Plaintiffs' allegations that a culture of gender hostility existed at Novartis which tolerated such

remarks.

The cases relied on by Novartis in support of its argument that Mr. Lloyd's remarks are irrelevant are inapposite. In *Flores v. Pinnacle Group*, No. 06 Civ 0986, 2007 U.S. Dist. LEXIS 18394, at *14-15 (S.D.N.Y. Feb. 27, 2007), the employee comments at issue were virtually the only evidence of discrimination the plaintiff had to support his claim. By contrast, Plaintiffs here rely on statistical evidence, anecdotal evidence from Class Members, and documentary evidence to support their gender discrimination claims. Moreover, the "stray remarks" at issue in *Flores* were made by employees who worked at an entirely different job site than the plaintiff, and the plaintiff could not even identify the source of the statements. *Flores*, 2007 U.S. Dist. LEXIS 18394, at *14-15. By contrast, the remarks at issue here were made by a counterpart with whom Ms. Kelly worked regularly, and Ms. Kelly heard them "continual[ly]." Deposition of Terri Kelly ("Kelly Dep.") (attached hereto as Exhibit A) at 41:16-24.

*Minton v. Lenox Hill Hospital*, 160 F. Supp. 2d 687 (S.D.N.Y. 2001), is likewise inapposite. In *Minton*, the plaintiff offered virtually no evidence that his employer had discriminated against him, and it was in that context that the court refused to consider statements made by non-decision makers as evidence of pretext. Moreover, in *Minton*, the court deemed the evidence inadmissible to establish pretext. *Id.* at 694 ("[P]roof of pretext cannot rest upon 'statements by non-decision makers, or statements by decision makers unrelated to the decisional process itself . . . ."). In this case, however, the context in which the comments arise are entirely different, and Plaintiffs do not need to establish pretext. Finally, the remarks at issue in *Minton* were not excluded simply because they were not made by a supervisor. Rather, they were excluded because they were made by employees whom *the plaintiff supervised himself. Id.* By contrast, here, the comments at issue were made to Ms. Kelly's co-worker, not her subordinate.

4

*See, e.g.*, Kelly Dep. at 98:17-99:11.

### B. The Fact That Plaintiffs Are Not Pursuing a Class Claim for Sexual Harassment Does Not Make Mr. Lloyd's Comments About Female Body Parts Irrelevant.

Novartis contends that Mr. Lloyd's comments about female body parts are irrelevant because there is "no class claim of sex harassment." Def. Mot. at 2. As was recognized by Judge Lynch in his certification order, however, evidence of one type of gender discrimination may be used to establish the existence of a different form of gender discrimination. *See* Opinion at 42 ("Moreover, in deciding whether the anecdotal evidence specifically directed at pregnancy discrimination is adequate to establish a common question, it would be inappropriate to ignore the statistical evidence adduced in other contexts in this case. Pregnancy discrimination, after all, is a form of discrimination against all women, and so the fact that plaintiffs have offered significant statistical evidence of other forms of gender discrimination sheds light on their anecdotal evidence of pregnancy discrimination.").

In fact, the clear precedent of this Circuit recognizes that one type of gender discrimination may be probative of another type of discrimination. *See Gregory v. Daly*, 243 F.3d 687, 697 (2d Cir. 2001) ("Sex-based hostility to a woman's continued presence in the workplace, or to particular roles within it, does not necessarily stop at the doctrinal boundary between creation of a hostile work environment and imposition of more tangible employment injuries."); *Kanios v. Uliasz*, No. 3:03 CV 369, 2005 U.S. Dist LEXIS 38115, at *17-18 (D. Conn Dec. 2005) ("[T]he same evidence demonstrating a hostile work environment [may] also give rise to the inference that . . . [defendant's] termination of . . . plaintiff's employment was based on . . . her gender."); *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) ("Because hostility against women underlies decisions to discharge or to refuse to hire women

5

because of their gender, evidence of sexual harassment often will be relevant to claims of gender-based employment discrimination."); *Sidari v. Orleans County*, No. 95 CV 7250, 2000 U.S. Dist. LEXIS 15126 at *10-13 (W.D.N.Y. Oct. 4, 2000) (holding that evidence of racial discrimination was relevant to the plaintiff's claim of discrimination based on national origin where there was a "definite nexus between the incidents of race discrimination against inmates and the plaintiff's claim of discrimination on the basis of national origin").

Here, Mr. Lloyd's comments about female body parts and about maternity leave bear both on Plaintiffs' pregnancy claims and their pattern and practice pay and promotion claims, as they underscore the hostile corporate culture Plaintiffs allege gave rise to those disparities.

    C.    **Mr. Lloyd's Comments Bear Directly on the Issue That Novartis Failed To Prevent and Remedy Gender Discrimination.**

Mr. Lloyd's comments are probative of Plaintiffs' claims that Novartis did not have adequate procedures in place to prevent and remedy gender discrimination. Plaintiffs in this case specifically allege that Novartis' Human Resources Department did not adequately respond to complaints of gender discrimination and that women suffered adverse actions when they made such complaints. 4th Am. Compl. ¶¶ 70-71. At a minimum, Novartis' Human Resources Department failed to respond to Ms. Kelly's complaint about Mr. Lloyd, and as such, the evidence is admissible at trial. *See, e.g., Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987) (holding that a union may be held liable for discrimination through their "deliberate choice not to prosecute grievances of . . . discrimination on behalf of . . . employees and their tacit encouragement of racial harassment in the workplace"). However, more important is the fact that Novartis had both constructive and actual notice of Mr. Lloyd's inappropriate behavior and offensive comments.

Although Novartis asserts that Ms. Kelly never complained to management about Mr.

6

Lloyd, it conveniently neglects to inform the Court that Ms. Kelly's supervisors acknowledged that they were aware of Mr. Lloyd's inappropriate behavior on numerous occasions. For example, *during her job interview*, Ms. Kelly's supervisors informed her that Mr. Lloyd was "was very difficult to work with" and "that it was best to stay as far away as . . . [she] could from Bob [Lloyd]." Kelly Dep. at 28:1-21; 84:11-25; *see also id.* at 97:14-101:12, 110:3-9, 146:9-19. Moreover, Ms. Kelly was explicitly told during her initial interview that Mr. Lloyd's former colleague, who was female, did not want to work with him any longer. *Id.* at 28:1-23. In addition, during the duration of Ms. Kelly's supervision by District Manager Maurice Oswell, he made comments that she needed to "make it work" with Mr. Lloyd whenever any concerns regarding Mr. Lloyd were raised. *Id.* at 97:14-98:16. Such evidence makes clear that, at a minimum, Novartis was on constructive notice regarding Mr. Lloyd's inappropriate and offensive behavior.

Moreover, Novartis' contention that management was unaware of Mr. Lloyd's discriminatory comments is contradicted further by Ms. Kelly's deposition testimony that Novartis was directly aware of specific inappropriate comments. For example, Ms. Kelly testified that Mr. Lloyd made "derogatory comments about my maternity leave, some of which were made in front of Maurice [Oswell]." *Id.* at 39:14-40:2; *see also* Ex. A to Def.'s Mot. at 140:7-142:7 (noting that Mr. Oswell could have heard the comments made by Mr. Lloyd regarding her pregnancy during a district planning meeting.). In addition, Novartis acknowledges in its Motion that management was aware of at least one of Mr. Lloyd's comments about a female sales representative's breasts at a district planning meeting, claiming that the manager's warning to keep the comments "above the line" were sufficient. Def.'s Mot. at 1 (citing Kelly Dep. at 159:10-160:16). However, Novartis again fails to give the full picture,

7

wherein Ms. Kelly testified that the full comment "above the line, Bob, above the line" carries less of a disciplinary note than Novartis' characterization. Novartis' claim that Mr. Oswell's "above the line" remark demonstrates management's concern about gender discrimination is a futile attempt to avoid the fact that it has offered no evidence that Mr. Lloyd was ever formally disciplined for any of his discriminatory or inappropriate remarks. Def.'s Mot. at 2.

## II. THE PROBATIVE VALUE OF MR. LLOYD'S COMMENTS IS NOT SUBSTANTIALLY OUTWEIGHED BY ANY POSSIBLE PREJUDICE TO NOVARTIS.

Defendant argues that Ms. Kelly's testimony should be excluded under Fed. R. Evid. 403 because Ms. Kelly "never reported or complained . . . to Company officials who could remedy the situation. Def.'s Mot. at 2. As set forth above, Novartis did in fact have knowledge of Ms. Kelly's complaints. Because Defendant offers no other basis for this evidence to be precluded under Fed. R. Evid. 403, it should be admitted at trial.

### CONCLUSION

Mr. Lloyd's discriminatory comments regarding pregnancy and harassing comments about female anatomy are probative to the issues that the jury will have to decide in this case. Accordingly, Defendant's motion *in limine* must be denied.

Respectfully submitted,

Dated: February 3, 2010

_/s/_

David Sanford, D.C. Bar No. 457933
Katherine M. Kimpel, D.C. Bar No. 493028
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Ave. NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

8

Jeremy Heisler, (JH-0145)
Steven Wittels, (SLW-8110)
**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
(646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave. NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and that a true and correct copy of the foregoing was served by U.S. mail on this 3rd day of February, 2010 upon the following parties:

>Richard H. Schnadig, Esq.
>**VEDDER PRICE, P.C.**
>222 North LaSalle St.
>Chicago, IL 60601

>*Attorneys for Novartis Pharmaceuticals Corporation*

_____
Sarah E. Siegel