```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

AMY VELEZ, et al.,
Individually and on Behalf of Others Similarly
Situated,

                Plaintiffs,                    04 Civ. 9194 (CM)

        -against-

NOVARTIS PHARMACEUTICALS
CORPORATION,

                Defendant.

----------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/10

## ORDER CONCERNING TRIAL PROCEDURE

McMahon, J.:

The Court is relieved to see that we are finally all on the same page (more or less) concerning what gets tried to the Court and what gets tried to the jury.

Everyone now agrees that we will submit the issues of disparate treatment (pattern or practice discrimination), compensatory damages for the testifying named plaintiffs, and punitive damages for the class as a whole to the jury.

If the jury concludes that defendant is liable for disparate treatment discrimination, the verdict sheet will direct it to answer YES or NO to a question regarding the propriety of an award of punitive damages. Evidence concerning Novartis' financial condition (to which I hope the parties can stipulate) will be submitted to the jury only if the answer is YES.

Unless defendant can concretely identify some "additional evidence" not appropriately admitted in connection with the disparate treatment claims that the Court must hear before determining liability on a disparate impact theory, the Court expects all evidence relating to Novartis' liability under either theory to be presented during the jury trial. While the jury is deliberating, you will argue your respective disparate impact cases to me, based on the evidence previously admitted. Obviously I will await the jury's ruling on disparate treatment before ruling on disparate impact, but you will have your verdict on liability under a disparate impact theory within days after the jury's verdict on disparate treatment.

Evidence relating to class-wide front and back pay awards for the class will not come in while the jury is in the box. However, that evidence will be heard while the jury is deliberating.

The Court will render its verdict relatively quickly after the delivery of the jury's verdict on those claims that are triable to it. Potential claimants against those funds will have to make their case before a United States Magistrate Judge in a subsequent remedial phase.

The Court will also refer any individual compensatory damages claims (for pain and suffering) to a United States Magistrate Judge for hearing following a period for notice and opportunity to opt out.

In short, this Court intends to handle the entire trial except for the damages claims of non-testifying individual class members – liability under disparate treatment and disparate impact theories, compensatory damages to the testifying class members, punitive damages for the class, and class-wide back pay and front pay – in April and May 2010. I understand that this may lead to the introduction of unnecessary evidence during jury deliberations – for example, if the jury decides against the plaintiffs on their disparate treatment promotion claim and the Court decides against them on their disparate impact promotion claim, I will have heard evidence about back and front pay that I might not otherwise have needed to hear. However, my calendar does not permit me the luxury of postponing the portions of the trial that will result in verdicts delivered by the Court. I must move on to other matters come June 1. The procedure here outlined is designed to allow me to address all the issues I must address prior to that date.

Dated: March 31, 2010

_____
U.S.D.J.

BY ECF TO ALL COUNSEL