UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AMY VELEZ, et al.,

      Plaintiffs,

  -against-                                    04 Civ. 9194 (CM)

NOVARTIS PHARMACEUTICAL
CORPORATION,

      Defendant.

------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/10
```

## RULING ON DAVID MOATAZEDI DEPOSITION TESTIMONY

McMahon, J.:

      I have reviewed the excerpts from the deposition testimony of David Moatazedi. Mr. Moatazedi is a former Novartis employee who was deposed because he was the manager of one of the named plaintiffs. Mr. Moatazedi is not a party witness and he is not within the subpoena power of the Court.

      Much of the testimony related to the complaints of named plaintiff Catherine White. All of that testimony is admissible and can be read to the jury.

      A brief portion of the deposition testimony concerned an incident early in the witness' career, when Novartis' CEO, Paolo Costa, accompanied Mr. Moatazedi on a "ride along with a rep" trip. Plaintiffs contend that this is an example of a career-boosting benefit that was conferred on a man but that would not have been made available to a woman. Defendants argue that it should not be admitted, primarily because Judge Lynch declined to allow Costa to be deposed. From my reading of the deposition testimony, it appears that this incident took place outside of the class period. However, the introduction prompted Mr. Moatazedi to seek an appointment with the CEO at some point during the class period to discuss his career development.

      Plaintiffs point to no evidence that Costa interjected himself into Mr. Moatazedi's development after the ride along (and it was not necessary to depose Costa in order to obtain evidence of his involvement if any such evidence existed). Moatazedi testified that he never obtained a reference or recommendation from Costa. Plaintiffs make much of the fact that Mr. Moatazedi sought and obtained a private interview with Costa during a subsequent rotation at corporate headquarters, but my reading of the transcript reveals that the CEO gave the eager young man a courtesy interview and then blew him off. Costa refused to give Moatazedi any

career advice; telling someone who asks for guidance, "You figure out what you want to do next," is not exactly helpful. No evidence has been produced from Mr. Moatazedi's personnel file indicating that Costa asked subordinates to look out for his future, or even floated Moatazedi's name for a position at Novartis. Nor have plaintiffs called my attention to any evidence that Moatazedi's supervisors concluded after the ride along that Moatazedi should be fast-tracked into management. In short, there is no evidence in the record that Paolo Costa in any way promoted Mr. Moatazedi within the company after spending the afternoon riding to customer calls with him. Therefore, the inference plaintiffs would ask the jury to draw from the fact that Moatazedi was asked to do the ride along – namely, that Costa promoted his career because of their encounter – is not a permissible inference.

If plaintiffs are able to muster any evidence that Mr. Costa ever said so much as one word to promote Moatazedi's career prospects, they should show it to me now. Alternatively, if they have evidence about Costa's practices in connection with ride alongs (i.e., did he always ride along with male representatives rather then female), they should show it to me to put this portion of the deposition into context. Otherwise, the evidence about the ride-along does not appear to be relevant.

Dated: April 6, 2010

_____
U.S.D.J.

BY ECF TO ALL COUNSEL