UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMY VELEZ, PENNI ZELINKOFF, MINEL HIDER TOBERTGA, MICHELLE WILLIAMS, JENNIFER WAXMAN-RECHT, KAREN LIGGINS, LORI HORTON, HOLLY WATERS, WENDY PINSON, ROBERTA VONLINTEL, CATHERINE WHITE, KELLY CORBETT, JAMIE HOLLAND, JOAN DURKIN, SIMONA LOPES, MARYANNE JACOBY, and MARTA DEYNE, | ) ) ) ) ) ) ) ) ) ) ) ) | 04 Civ. 09194 (CM) |
| Individually and on Behalf of Others Similarly Situated, | ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| v. | ) ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | |
| DEFENDANT. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
COUNSEL'S POSITION THAT SANCTIONS ARE NOT WARRANTED**

Sanford Wittels & Heisler, LLP ("SWH" or the "Firm") submits this memorandum of law and the attached Declaration of Steven Wittels in support of its position that sanctions are not warranted. SWH hereby responds to the Court's directive on Tuesday, April 20, 2010, that it submit its reasoning as to why SWH should not be sanctioned for publishing a document to the jury that was not in evidence. On Monday, April 19, 2010, Plaintiffs' counsel Steven Wittels mistakenly presented to the jury Plaintiffs' Exhibit 426 (the "Exhibit"), which had been withdrawn at the final pretrial conference. SWH respectfully requests that the Court not impose sanctions against the firm because the use of a non-admitted exhibit was completely inadvertent.

Plaintiffsø Counsel, mistakenly used the document, not realizing it had been withdrawn.  (See accompanying Declaration of Steven Wittels, õWittels Decl.ö).  Plaintiffsø Counsel acted with good faith at all times and without any intent to improperly influence the jury or gain any litigation advantage.

## ARGUMENT

### A. The Second Circuit has held that District Courts may only use their inherent powers to sanction when an attorney has acted in subjective bad faith.

Pursuant to 28 U.S.C. § 1927 and the court's inherent powers, a court may impose sanctions only when there is õa clear showing of bad faith on the part of an attorney.ö Schlaifer Nance & Co. v. Estate of Andy Warhol, 194 F.3d 323, 336 (2d Cir. 1999).  Unlike Rule 11 sanctions (see, e.g., Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 166 (2d Cir. 1999) (noting that Rule 11 intended to preclude the õempty-head pure-heartö justification for patently frivolous suits)), these sanctions may lie only where counsel acted with subjective bad faith.  Schlaifer, 194 F.3d at 336.  Moreover, õ[a] finding of bad faith...must be supported by a high degree of specificity in the factual findings.ö Wolters Kluwer Fin. Servs. v. Scivantage, 564 F.3d 110, 114 (2d Cir. N.Y. 2009) (citing Schlaifer, 194 F.3d at 337).

In deciding whether sanctions are appropriate, courts often look to counseløs actions for evidence of subjective bad faith, and courts generally decline to impose sanctions where there is no indication of such bad faith.  See, e.g., Schlaifer Nance, 194 F.3d at 340 (reversing a district courtøs imposition of sanctions where there was no evidence that counsel acted with bad faith); Lavely v. Redheads, Inc., 2007 U.S. Dist. LEXIS 12789, *10-*11 (S.D.N.Y. Feb. 15, 2007) (declining to sanction counsel where counseløs actions did not reflect a callous disregard of the responsibilities that counsel owed to the Court); Costello v. IBM, 2006 U.S. Dist. LEXIS 57390, at *19-*20 (S.D.N.Y. Aug. 16, 2006) (declining to award sanctions where the conduct of

Plaintiff and his counsel during discovery was not obviously the product of bad faith). Furthermore, courts often afford great weight to affirmations of good faith by counsel to hold that sanctions are not appropriate.  See, e.g., Lavely, 2007 U.S. Dist. LEXIS 12789, at *10-*11 (declining to sanction counsel where counsel stated that their objective in the litigation had been to honestly and ethically defend the interests of their client); Briskovic v. Our Lady of Mercy Med. Ctr., 2000 U.S. Dist. LEXIS 2551 (S.D.N.Y. Mar. 7, 2000) (declining to award sanctions where counsel provided a sworn statement that he acted in good faith and not for any improper purpose); In re Chateaugay Corp., 2009 Bankr. LEXIS 275 (Bankr. S.D.N.Y. Jan. 14, 2009) (denying contempt sanctions in light of counsel's statement that the suits were filed in good faith).

In this case, there is no evidence that counsel acted in bad faith.  Steven Wittels has submitted a sworn declaration stating that his actions were in good faith and that the introduction of the Exhibit was an honest mistake.  (Wittels Decl.)  Plaintiffs' Counsel housed all admitted exhibits to be used at trial in a database folder maintained by our in-court technology expert, Mr. Ray McLeod of Doar Consulting.  These exhibits were stored together with non-admitted exhibits in the event that the non-admitted exhibits could be used to impeach witnesses. Plaintiffs' Counsel honestly believed that the Exhibit he introduced to the jury was in evidence. We respectfully request that the Court follow the rulings of other courts in this jurisdiction, accept as true counsel's claims of good faith, and decline to impose sanctions in this case.

**B. <u>Courts typically do not sanction counsel for honest mistakes.</u>**

Courts generally decline to issue sanctions when counsel's problematic behavior was the product of an honest mistake.  For example, in In re Faiveley Transp. Malmo Ab, 2009 U.S. Dist. LEXIS 42711 (S.D.N.Y. May 7, 2009), the court declined to issue sanctions when counsel

mistakenly represented to an arbitration panel that notes from an off-the-record telephone discussion with the court were an unofficial transcript of a court hearing.  Many other courts have similarly declined to impose sanctions as punishment for innocent error.  See, e.g., DeSilva v. DiLeonardi, 185 F.3d 815 (7th Cir. 1999) (holding that sanctions were inappropriate where counsel inadvertently did not count the words in the footnotes of their brief and exceeded the courtøs word limit); Wildberger v. Bogle, 1993 U.S. App. LEXIS 27222 (D.C. Cir. Oct. 15, 1993) (denying request for sanctions where counsel mistakenly characterized appellantøs former employer as amicus because, *inter alia*, the error appeared to have been inadvertent); Naseer v. Gegare, 2009 U.S. Dist. LEXIS 108332 (E.D. Wis. Oct. 29, 2009) (declining to order monetary sanctions for defense counseløs mistaken reliance on an inaccurate online criminal record).

In this case, Plaintiffsø Counsel followed an outline for the questioning of the witness, and the withdrawn Exhibit was inadvertently included in the outline.  Mr. Wittels asked the witness about the Exhibit without knowing that it had been withdrawn. (Wittels Decl.) Counseløs mistake was an honest one.  It came against the backdrop of a complex case with approximately 800 trial exhibits for plaintiffs.  In addition, Defendantøs counsel has on at least three occasions, presented to the jury exhibits that were not in evidence, and had to apologize to the Court once its mistakes were recognized. (Wittels Decl.)  Defense Counsel has also published exhibits that were not admitted into evidence. (Wittels Decl.)

**C. The limiting instruction already given to the jury will suffice to nullify any potential prejudice that may have resulted from the publishing of the Exhibit to the jury.**

Across the country, courts have declined to sanction counsel for inadvertently presenting information to the jury not in evidence.  For example, in Gallagher v. City of W. Covina, 141 Fed. Appx. 577, 578 (9th Cir. Cal. 2005), the Ninth Circuit found proper the district courtøs

refusal to impose sanctions when counsel mistakenly referenced barred evidence in his opening statement.  Similarly, in <u>Falconer v. Penn Mar., Inc.</u>, 421 F. Supp. 2d 190, 205 (D. Me. 2006), the court noted that the trial court's limiting instruction to the jury when defense counsel referenced exhibits that were not in evidence during his closing argument was sufficient to address any harm that could result from the reference.  <u>See also</u> <u>Ebeling & Reuss, Ltd. v. Swarovski Int'l Trading Corp., A.G.</u>, 1992 U.S. Dist. LEXIS 12731 (E.D. Pa. Aug. 24, 1992) (declining to impose sanctions where defense counsel attempted to display to the jury documents not yet in evidence).  Similarly, the limiting instruction that the Court has already offered to the jury regarding the Exhibit will suffice to nullify any potential prejudice that may have resulted from the publishing of the Exhibit to the jury.

### CONCLUSION

For the foregoing reasons, Plaintiffs' counsel respectfully request that this Court decline to impose sanctions against the firm of Sanford Wittels and Heisler, LLP.

Respectfully Submitted,

Dated: April 26, 2010          **SANFORD WITTELS & HEISLER, LLP**

By:    ___/s/_____
       David W. Sanford, D.C. Bar No. 457933
       Katherine M. Kimpel, DC Bar No. 493028
       **SANFORD WITTELS & HEISLER, LLP**
       1666 Connecticut Ave. NW, Suite 310
       Washington, D.C. 20009
       Telephone: (202) 742-7780
       Facsimile:  (202) 742-7776


       Jeremy Heisler, (JH-0145)
       Steven Wittels, (SLW-8110)

5

**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave. NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile:  (202) 742-7776

*Attorneys for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and that a true and correct copy of the foregoing will be served via hand delivery upon the following parties on April 26, 2010:

Richard H. Schnadig, Esq.
**VEDDER PRICE, P.C.**
222 North LaSalle St.
Chicago, IL 60601

*Attorneys for Novartis Pharmaceuticals Corporation*

_____/s/_____
Sarah E. Siegel