**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| AMY VELEZ, PENNI ZELINKOFF, MINEL HIDER TOBERTGA, MICHELLE WILLIAMS, JENNIFER WAXMAN-RECHT, KAREN LIGGINS, LORI HORTON, HOLLY WATERS, WENDY PINSON, ROBERTA VONLINTEL, CATHERINE WHITE, KELLY CORBETT, JAMIE HOLLAND, JOAN DURKIN, SIMONA LOPES, MARYANNE JACOBY, and MARTA DEYNE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Individually and on Behalf of Others Similarly Situated, | ) ) ) | 04 Civ. 09194 (CM) |
| PLAINTIFFS, | ) ) | |
| v. | ) ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) | |
| DEFENDANT. | ) | |

**DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION**
**FOR JUDGMENT AS A MATTER OF LAW**

## TABLE OF CONTENTS

**Page**

A.    Introduction ................................................................................................................. 1

B.    Plaintiffs' Burden of Proof on Their Class Pay and Promotion to Manager Claims ......... 1

C.    Plaintiffs Failed to Present Evidence Sufficient to Meet Their Burden of Proof .............. 2

    1.    Plaintiffs' Promotion to Manager Claims ............................................................ 2

    2.    Plaintiffs' Pay Claims ........................................................................................ 5

    3.    Plaintiffs' Pregnancy Claims .............................................................................. 7

CHICAGO/#2062319.9

# TABLE OF AUTHORITIES

Page

## Cases

Adorno v. Port Auth. of N.Y. & N.J.,
    No. 06 Civ. 593, 2009 WL 857495 (S.D.N.Y. Mar. 31, 2009) ................................................. 8

Beers v. NYNEX Material Enters. Co.,
    No. 88 Civ. 0305 (MBM), 1992 WL 8299 (S.D.N.Y. Jan. 13, 1992) ........................................... 2

Brewster v. The City of Poughkeepsie,
    447 F. Supp. 2d 342 (S.D.N.Y. 2006)...............................................................................7

Burlington N. & Santa Fe Ry. Co. v. White,
    548 U.S. 53 (2006)............................................................................................7

Caridad v. Metro-N. Commuter R.R.,
    191 F.3d 283 (2d Cir. 1999).................................................................................2

Carpenter v. Boeing Co.,
    456 F.3d 1183 (10th Cir. 2006) ............................................................................2

Carter v. Newsday, Inc.,
    528 F. Supp. 1187 (E.D.N.Y. 1981) .......................................................................6

Colon v. Abbott Lab.,
    397 F. Supp. 2d 405 (E.D.N.Y. 2005) .....................................................................4

Coser v. Moore,
    587 F. Supp. 572 (E.D.N.Y. 1983),
    aff'd, 739 F.2d 746 (2d Cir. 1984) ........................................................................2

Cruz v. Coach Stores, Inc.,
    202 F.3d 560 (2d Cir. 2000)................................................................................8

EEOC v. Carrols Corp.,
    No. 5:98 CV 1772, 2005 WL 928634 (N.D.N.Y. Apr. 20, 2005) ........................................... 6

EEOC v. Mitsubishi Motor Mfg. of Am., Inc.,
    990 F. Supp. 1059 (C.D. Ill. 1998) .......................................................................8

Faragher v. City of Boca Raton,
    524 U.S. 775 (1998)......................................................................................7, 9

Feingold v. New York,
    366 F.3d 138 (2d Cir. 2004)................................................................................7

Ferraro v. Kellwood Co.,
    440 F.3d 96 (2d Cir. 2006)..................................................................................9

Hazelwood Sch. Dist. v. United States,
    433 U.S. 299 (1977).........................................................................................2

Holtz v. Rockefeller & Co., Inc.,
    258 F.3d 62 (2d Cir. 2001)..................................................................................7

In re Rezulin Prod. Liab. Litig.,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004)......................................................................4

In re W. Dist. Xerox Litig.,
    850 F. Supp. 1079 (W.D.N.Y. 1994) .......................................................................6

Int'l Bhd. of Teamsters v. United States,
    431 U.S. 324 (1977).....................................................................................1, 2, 6

## TABLE OF CONTENTS
(continued)

Page

*King v. Gen. Elec. Co.*,
  960 F.2d 617 (7th Cir. 1992) ............................................. 7

*King v. Interstate Brands Corp.*,
  No. 02-CV-6470, 2009 WL 1162206 (E.D.N.Y. Apr. 29, 2009) ............................................. 8

*Luciano v. Olsten Corp.*,
  110 F.3d 210 (2d Cir. 1997) ............................................. 2

*Mack v. Otis Elevator Co.*,
  326 F.3d 116 (2d Cir. 2003) ............................................. 7

*Malave v. Potter*,
  320 F.3d 321 (2d Cir. 2003) ............................................. 2, 4

*Meacham v. Knolls Atomic Power Lab.*,
  128 S. Ct. 2395 (2008) ............................................. 4

*Meacham v. Knolls Atomic Power Lab.*,
  461 F.3d 134 (2d Cir. 2006) ............................................. 4

*Miles v. Merrill Lynch*,
  471 F.3d 24 (2d Cir. 2006) ............................................. 2

*Murphy v. Gen. Elec. Co.*,
  245 F. Supp. 2d 459 (N.D.N.Y. 2003) ............................................. 4

*N. Shore Concrete & Assoc., Inc. v. City of N.Y.*,
  No. 94 CV 4017, 1998 WL 273027 (E.D.N.Y. Apr. 12, 1998) ............................................. 6

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002) ............................................. 7

*Ottaviani v. State Univ. of N.Y.*,
  875 F.2d 365 (2d Cir. 1989) ............................................. 2, 4, 6

*Petrosino v. Bell Atl.*,
  385 F.3d 210 (2d Cir. 2004) ............................................. 7

*Richardson v. N.Y. State Dep't of Corr. Servs.*,
  180 F.3d 426 (2d Cir. 1999) ............................................. 7

*Robinson v. Metro N. Commuter R.R.*,
  267 F.3d 147 (2d Cir. 2001) ............................................. 1, 6

*Ross v. Nikko Sec. Co. Int'l, Inc.*,
  133 F.R.D. 96 (S.D.N.Y. 1990) ............................................. 7

*Smith v. Xerox Corp.*,
  196 F.3d 358 (2d Cir. 1998) ............................................. 4, 6

*Ste. Marie v. E. R.R. Ass'n*,
  650 F.2d 395 (2d Cir. 1981) ............................................. 6

*Velez, et al. v. Novartis Pharm. Corp.*,
  244 F.R.D. 243 (S.D.N.Y. 2007) ............................................. 1, 2

*Wards Cove Packing Co. v. Antonio*,
  490 U.S. 642 (1989) ............................................. 2

*Watson v. Fort Worth Bank & Trust*,
  487 U.S. 977 (1988) ............................................. 6

iii

## TABLE OF CONTENTS
(continued)

**Page**

*Wright v. Stern*,
450 F. Supp. 2d 335 (S.D.N.Y. 2006)............................................................................ 8

**Statutes**
Civil Rights Act of 1991,
Pub. L. No. 102-166, S. 1745, 105 Stat. 1071 ........................................................... 2

**Other Authorities**
Daniel L. Rubenfield, *Fed. Jud. Ctr., Reference Guide on Multiple Regression*,
*in Reference Manual on Scientific Evidence*, 214 (2d ed. 2000) ................................. 4

CHICAGO/#2062319.9

A.    <u>**Introduction**</u>

Defendant, Novartis Pharmaceuticals Corporation ("Novartis"), by its attorneys, submits its Memorandum in Support of its Motion for Judgment as a Matter of Law.

Plaintiffs bring this action asserting claims of gender discrimination in (1) pay, (2) promotion to first line manager positions and (3) discrimination in the terms and conditions of employment and a hostile work environment on the basis of pregnancy.  These claims are brought on behalf of a certified class consisting of all female sales representatives and first line sales managers employed by Novartis since July 15, 2002 through November, 2007.  The Court denied certification with respect to Plaintiffs' claims of pregnancy discrimination in incentive pay.  *Velez, et al. v. Novartis Pharm. Corp.*, 244 F.R.D. 243, 263-67 (S.D.N.Y. 2007).[1]

B.    <u>**Plaintiffs' Burden of Proof on Their Class Pay and Promotion to Manager Claims**</u>

Plaintiffs seek to prove their class pay and promotion gender discrimination claims under both disparate treatment and disparate impact theories.[2]   To prevail on a pattern or practice disparate treatment claim, Plaintiffs must demonstrate that intentional discrimination was the employer's "standard operating procedure."  *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977); *Robinson v. Metro N. Commuter R.R.*, 267 F.3d 147, 158 (2d Cir. 2001).  Proof of random or isolated acts of discrimination are not enough to make out such a claim.  *Teamsters*, 431 U.S. at 336.  Instead, Plaintiffs must present evidence sufficient to show that defendants had a policy, pattern or practice of intentionally discriminating against the class.  *Robinson*, 267 F.3d at 158.  Statistical evidence, based on their expert's analyses, constitutes the

---

[1] As this Court previously held, Plaintiffs also did not seek certification of sexual harassment claims.  *Velez, et al. v. Novartis Pharm. Corp.*, 244 F.R.D. 243, 258 n.12 (S.D.N.Y. 2007).

[2] Plaintiffs' disparate impact claims will be tried to the Court.  (3/31/2010 Order, Docket No. 280.)

"core" of Plaintiff's proof of its *prima facie* case. *Id*. at 158 n.5; *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307-08 (1977); *Teamsters*, 431 U.S. at 339, 340-42; *Ottaviani v. State Univ. of N.Y.*, 875 F.2d 365, 371 (2d Cir. 1989). As Judge Lynch previously noted, to prevail on their class discrimination claims, Plaintiffs must show "that the challenged [employment] practice(s) (are) causally related to a pattern of disparate treatment or has a disparate impact." *Velez*, 244 F.R.D. at 258 (citing *Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 292 (2d Cir. 1999)[3]).

**C.     Plaintiffs Failed to Present Evidence Sufficient to Meet Their Burden of Proof**

　　　　**1.     Plaintiffs' Promotion to Manager Claims**

In addition, to meet their burden of proof regarding promotion to first line manager, Plaintiffs are required to identify, under either the disparate treatment or impact theories, the pool of eligible and interested individuals from which promotions are made. *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 650-58 (1989);[4] *Malave v. Potter*, 320 F.3d 321, 326 (2d Cir. 2003); *Beers v. NYNEX Material Enters. Co.*, No. 88 Civ. 0305 (MBM), 1992 WL 8299, at *8 (S.D.N.Y. Jan. 13, 1992); *Coser v. Moore*, 587 F. Supp. 572, 584 (E.D.N.Y. 1983), *aff'd*, 739 F.2d 746 (2d Cir. 1984); *see Carpenter v. Boeing Co.*, 456 F.3d 1183, 1197 (10th Cir. 2006); *Luciano v. Olsten Corp.*, 110 F.3d 210, 218 (2d Cir. 1997).

In support of their claims of promotion discrimination, Plaintiffs presented the testimony of Dr. Louis Lanier. His testimony with respect to promotions to manager is based on two comparisons:

---

[3] *Overruled on other grounds by Miles v. Merrill Lynch*, 471 F.3d 24 (2d Cir. 2006).

[4] *Superceded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, S. 1745, 105 Stat. 1071.

(1)     The percentage representation of women in a hypothetical pool of sales representatives allegedly "eligible" for selection into the management development program ("MDP") compared to the percentage representation of women participating in the MDP as of September, 2005; and

(2)     The percentage representation of women in a hypothetical pool of sales representatives "eligible" for promotion to manager compared to the percentage representation of women who promoted to manager during the class period.

(Tr. 4/19/10 at 26:23-35:15, 66:25-67:21).

However, Dr. Lanier admitted that his hypothetical "eligible" pool was based on his own assumptions and not based on Novartis' requirements for entrance into the MDP.  Indeed, he was unfamiliar with Novartis' requirements.   (Tr. 4/19/10 at 68:5-69:23).   In particular, in constructing his hypothetical pool, Dr. Lanier failed to restrict it to sales representatives with three to four years of pharmaceutical sales experience despite testimony by Plaintiffs' other expert, Dr. James Outtz, and several other witnesses that this was a requirement.  (Tr. 4/14/10 at 164:6-21; Tr. 4/21/10 at 23:3-6, 41:16-22;  Tr. 4/19/10 at 68:20-72:25).  Dr. Lanier also admitted that he did not take into account whether employees included in his "eligible" pool had the minimum performance evaluation rating required for entrance into the MDP despite several witnesses' testimony that there was a minimum requirement.   (Tr. 4/15/10 at 77:3-10; Tr. 4/19/10 at 73:22-77:24).  Consequently, Dr. Lanier admitted that he had no idea whether the employees he included in his so-called "eligible" pool in fact met the eligibility requirements for entrance into MDP; nor did he know who among those he included were interested in participating in MDP or becoming a first line manager.  (Tr. 4/19/10 at 74:6-18).  Finally, Dr. Lanier admitted that if his eligible pool was not soundly estimated, his calculation of a

CHICAGO/#2062319.9

statistically significant difference (in terms of standard deviations) between the percentage representation of women who are "eligible" and who participated in MDP is also not soundly estimated. (4/19/10 Tr. at 74:19-75:7).[5]

Likewise, Dr. Lanier's analysis of promotions to first line manager is based on a comparison using a similar "eligible pool" using the same flawed underlying assumptions of who was to be included. (Tr. 4/19/10 at 68:9-11). More fundamentally, Dr. Lanier did not restrict his analysis of promotions to manager to those sales representatives who had successfully completed the MDP despite the testimony of many witnesses that only individuals who completed the program were eligible for promotion to first line manager. (Tr. 4/21/10 at 23:3-6, 41:16-22)

To be of any probative value, an expert's analysis must be consistent with the established evidence in the case. *See In re Rezulin Prod. Liab. Litig.,* 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004); *Colon v. Abbott Lab.,* 397 F. Supp. 2d 405, 416 (E.D.N.Y. 2005). Here, by his own admission, Dr. Lanier used assumptions in his analyses that are directly contradicted by the established evidence with respect to who is eligible for promotion to first line manager positions.

Furthermore, Dr. Lanier testified that data from his own analyses showed that women promoted at the same rate as men to first line manager from the pool of employees who had completed MDP. (Tr. 4/19/10 at 60:13-25, 65:1-5). Therefore, Plaintiffs have failed to meet

---

[5] Dr. Lanier applies the commonly accepted "two standard deviation" – technically 1.96 test – for determining statistical significance. Because it cannot be ruled out that statistically estimated differences of less than two standard deviations occurred by chance, *see* Daniel L. Rubenfield, *Fed. Jud. Ctr., Reference Guide on Multiple Regression, in Reference Manual on Scientific Evidence,* 214 (2d ed. 2000), under well-settled Second Circuit law, only a statistically significant difference of at least two standard deviations is sufficient to warrant an inference of discrimination. *Malave,* 320 F.3d at 327; *Smith v. Xerox Corp.,* 196 F.3d 358, 366 (2d Cir. 1998), *overruled on other grounds by Meacham v. Knolls Atomic Power Lab.,* 461 F.3d 134, 141 (2d Cir. 2006), *vacated by Meacham v. Knolls Atomic Power Lab.,* 128 S. Ct. 2395 (2008); *Ottaviani,* 875 F.2d at 371-72; *Murphy v. Gen. Elec. Co.,* 245 F. Supp. 2d 459, 478 (N.D.N.Y. 2003).

their burden of proving even a *prima face* case of gender discrimination in promotion to manager because of their failure to identify a pool of eligible and interested sales representatives, consistent with the record herein, or a statistically significant difference in the promotion rates of men and women out of the qualified pool into first line management.

### 2.    Plaintiffs' Pay Claims

Dr. Lanier's analyses of pay fail to establish, as a matter of law, a class-wide pattern or practice of pay discrimination. First, Dr. Lanier admits that he excludes certain class members. (Tr. 4/19/10 at 81:10-14, 93:9-21, 94:6-12). In particular, he testified that he excluded all class members who were hired or who had taken a leave of absence in the year being analyzed in his pay analyses. (Tr. 4/19/10 at 94:6-12, 94:13-25). Therefore, he presented no statistical evidence regarding any pay comparisons for these excluded class members.

Second, he admitted that, even within the group of class members included in his analyses, he found no pay disparities to the disfavor of women in many job categories and, in fact, found a disparity in favor of women in one category. (Tr. 4/19/10 at 90:6-93:8). Indeed, Dr. Lanier testified that he did not know "whether or not the majority of women in the class did or did not earn more than or the same as their male counterparts in the same job." (Tr. 4/19/10 at 81:5-9). Moreover, Dr. Lanier admitted that he did not analyze starting salaries of new hires or the annual merit pay increases received by the men and women during the class period. (Tr. 4/19/10 at 95:19-96:6.) Accordingly, Dr. Lanier's testimony fails to establish a pattern or practice of pay disparities to the disfavor of women across the entire class.

Dr. Lanier did perform a statistical analysis of predicted performance evaluations based on tenure and age that purports to show that males have a 6.2% greater probability of receiving a "3" rating. However, Dr. Lanier conceded that he had no idea what effect, if any, such a slight difference in the distribution of ratings on "Values and Behaviors" between men and women

5

might have on compensation or progression promotions to higher level non-managerial sales positions. (Tr. 4/19/10 at 77:21-78:8, 96:7-17.) As shown above, in fact, Dr. Lanier presented no statistical evidence of disparities in annual merit pay increases or promotion decisions adverse to the class. Therefore, Dr. Lanier's analysis of performance evaluations, even if accurate, is insufficient as a matter of law to create even a plausible inference or question of fact of discrimination in promotions or pay because he performed *absolutely no* statistical analyses which link the use of performance ratings to a pattern or practice of discrimination in setting merit pay increases or in determining eligibility for promotions. *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988); *Teamsters*, 431 U.S. at 340-42; *Robinson*, 267 F.3d at 160; *Smith*, 196 F.3d at 365. Accordingly, for all the above reasons, Dr. Lanier's analyses cannot demonstrate a class-wide pattern or practice of pay disparities.

Furthermore, Courts of this Circuit frequently have held in similar situations that anecdotal evidence alone cannot suffice to prove a systemic pattern of discrimination. *See Ste. Marie v. E. R.R. Ass'n*, 650 F.2d 395, 405-07 (2d Cir. 1981); *EEOC v. Carrols Corp.*, No. 5:98 CV 1772, 2005 WL 928634, at *4-5 (N.D.N.Y. Apr. 20, 2005) (holding that complaints from approximately 1% of the female workforce fell well short of what is needed to establish a pattern or practice of sexual harassment); *N. Shore Concrete & Assoc., Inc. v. City of N.Y.*, No. 94 CV 4017, 1998 WL 273027, at *4 (E.D.N.Y. Apr. 12, 1998) (citation omitted); *see also Ottaviani*, 875 F.2d at 376 (upholding trial court's finding that, without significant statistical evidence, anecdotal evidence failed to show class-wide discrimination); *Carter v. Newsday, Inc.*, 528 F. Supp. 1187, 1193-98 (E.D.N.Y. 1981) (the proffered anecdotal evidence, without statistical evidence, was insufficient to establish a *prima facie* case); *In re W. Dist. Xerox Litig.*, 850 F. Supp. 1079, 1085-87 (W.D.N.Y. 1994) (same); *Ross v. Nikko Sec. Co. Int'l, Inc.*, 133 F.R.D. 96,

98 (S.D.N.Y. 1990); *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992). Therefore, even crediting the testimony of all of Plaintiffs' non-expert witnesses who alleged discrimination in pay, Plaintiffs have failed, as a matter of law, to meet their burden of establishing a class-wide pattern or practice of pay discrimination.

### 3.    Plaintiffs' Pregnancy Claims

To establish an individual *prima facie* hostile working environment claim, Plaintiffs must demonstrate, by a preponderance of the evidence, "that the workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (citation omitted); *see also Brewster v. The City of Poughkeepsie*, 447 F. Supp. 2d 342, 348 (S.D.N.Y. 2006) ("Title VII does not establish a 'general civility code' for the American work place") (citing *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004)); *Mack v. Otis Elevator Co.*, 326 F.3d 116, 122 (2d Cir. 2003); *Richardson v. N.Y. State Dep't of Corr. Servs.*, 180 F.3d 426, 436 (2d Cir. 1999)[6]). The allegedly offensive conduct "must be sufficiently continuous and concerted to be deemed pervasive." *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004) (citation omitted). Courts will also consider "the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 75 (2d Cir. 2001) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998). "Simple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support" a hostile work environment claim. *Petrosino*, 385 F.2d at 223.

---

[6] *Abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

CHICAGO/#2062319.9

To prove a pattern or practice of a hostile work environment, Plaintiffs must demonstrate that an objectively reasonable person would find a hostile environment of severe and pervasive harassment throughout the Company's workforce and that the Company tolerated or condoned this. *Adorno v. Port Auth. of N.Y. & N.J.*, No. 06 Civ. 593, 2009 WL 857495, at *17 (S.D.N.Y. Mar. 31, 2009); *Wright v. Stern*, 450 F. Supp. 2d 335, 369-71 (S.D.N.Y. 2006); *EEOC v. Mitsubishi Motor Mfg. of Am., Inc.*, 990 F. Supp. 1059, 1073 (C.D. Ill. 1998). The focus is on "the landscape of the total work environment, rather than the subjective experiences of each individual claimant." *Mitsubishi*, 990 F. Supp. at 1074. While there is no magic number of harassing incidents that are required as a matter of law, *King v. Interstate Brands Corp.*, No. 02-CV-6470, 2009 WL 1162206, at *11 (E.D.N.Y. Apr. 29, 2009), sporadic or episodic instances of harassment will not suffice to survive summary judgment on a claim of a class-wide hostile work environment. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000); *Wright*, 450 F. Supp. at 371.

Here, Plaintiffs' case is based on the testimony of 7 witnesses claiming pregnancy-based harassment or discrimination out of a sales workforce of 5,000 to 7,000 depending on the time frame. Moreover, their testimony highlights the individualized nature of the witnesses' claims of discrimination and/or harassment based on pregnancy. Although Plaintiffs' witnesses testified about allegedly discriminatory actions or harassing comments by certain managers, they also have complimented, and disclaimed any discrimination by, other managers. (*See, e.g.*, Tr. 4/20/10 at 225:16-226:7.) Moreover, this is not a situation where all the class members work at a common facility under common supervision. The class works in the field, out of their homes, across the United States. Individual managers supervise no more than eight to ten employees and the direct reports of one manager do not regularly interact, if at all, with other managers.

Accordingly, the actions of one, or even a few, managers, even if harassing or discriminatory, cannot serve to establish a hostile work environment across the class as a whole.

The testimony likewise underscores the individualized affect of the alleged harassment on specific witnesses. For example, Terri Kelly, despite alleging harassing comments by her coworker and manager, also testified at length about her successful career at Novartis and her laudatory comments about the coworker and manager, including affirmations that she could work successfully with both of them. (Tr. 4/20/10 at 214:19-215:6, 217:8-219:22.) This does not constitute testimony that the alleged harassing conduct unreasonably interfered with her work performance. In addition, several of the witnesses concede that they never complained about the alleged harassment on the basis of pregnancy they claim to have experienced. *Faragher*, 524 U.S. at 808; *Ferraro v. Kellwood Co.*, 440 F.3d 96, 102-103 (2d Cir. 2006).

Under these circumstances, even crediting the testimony of Plaintiffs' witnesses, Plaintiffs have failed to establish a pattern or practice of a severe or pervasive hostile work environment throughout Novartis' workforce and that Novartis tolerated or condoned it.

NOVARTIS PHARMACEUTICALS
CORPORATION


By: /s/ Richard H. Schnadig
     One of Its Attorneys

Richard H. Schnadig
Thomas G. Abram
Aaron R. Gelb
Amy L. Bess
Elizabeth N. Hall
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
312-609-7500
312-609-5005 (facsimile)

Amy L. Bess
Vedder Price P.C.
875 15th Street NW
Suite 725
Washington, D.C. 20005
202.312.3320
202.312.3322 (facsimile)

Dated:  April 27, 2010

Jonathan A. Wexler
Vedder Price P.C.
1633 Broadway
47th Floor
New York, New York  10019
Telephone:  (212) 407-7700
Fax:  (212) 407-7799

10

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing

DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MEMORANDUM IN

SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW was filed

electronically and served on the following by depositing same in the United States mail, with

proper first-class postage prepaid, before 5:00 p.m. on April 27, 2010:

> David Sanford
> Katherine Kimpel
> Katherine Leong
> Felicia Medina
> Sharon Eubanks
> **SANFORD, WITTELS & HEISLER, LLP**
> 1666 Connecticut Avenue, N.W., Suite 310
> Washington, DC 20009
>
> Steven Wittels
> Jeremy Heisler
> **SANFORD, WITTELS & HEISLER, LLP**
> 1350 Avenue of the Americas, 31st Floor
> New York, NY 10022
>
> Grant Morris
> **LAW OFFICES OF GRANT E. MORRIS, ESQ.**
> 1666 Connecticut Avenue, N.W., Suite 310
> Washington D.C. 20009

                                   /s/ Richard H. Schnadig
                                   Richard H. Schnadig