UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY VELEZ, PENNI ZELINKOFF, MINEL HIDER TOBERTGA, MICHELLE WILLIAMS, JENNIFER WAXMAN-RECHT, KAREN LIGGINS, LORI HORTON, HOLLY WATERS, WENDY PINSON, ROBERTA VONLINTEL, CATHERINE WHITE, KELLY CORBETT, JAMIE HOLLAND, JOAN DURKIN, SIMONA LOPES, MARYANNE JACOBY, and MARTA DEYNE,<br><br>**Individually and on Behalf of Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**NOVARTIS PHARMACEUTICALS CORPORATION,**<br><br>**DEFENDANT.** | FILED<br>DOC #: _____<br>DATE FILED: 11/30/10<br><br>04 Civ. 09194 (CM) |

### FINAL JUDGMENT AND ORDER OF APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

WHEREAS this matter comes before the Court on the joint request of Plaintiffs Amy Velez, Penni Zelinkoff, Minel Hider Tobertga, Michelle Williams, Jennifer Waxman-Recht, Karen Liggins, Lori Horton, Holly Waters, Wendy Pinson, Roberta Vonlintel, Catherine White, Kelly Corbett, Jamie Holland, Joan Durkin, Simona Lopes, Maryanne Jacoby and Marta Deyne and a class of persons similarly situated ("Class Representatives" or "Plaintiffs") and Defendant Novartis Pharmaceuticals Corporation ("Defendant") for (a) final approval of the Settlement of this case as memorialized in the Settlement Agreement, dated July 14, 2010, and (b) entry of a Judgment and Order dismissing this action with prejudice; and

WHEREAS, Plaintiffs and Defendant entered into the Agreement to settle this Class action; and

WHEREAS, the Court entered an Order Preliminarily Approving Settlement, dated July 14, 2010, preliminarily certifying the proposed Class for settlement purposes under Federal Rule of Civil Procedure 23, ordering Notice to Class Members, and scheduling a Final Fairness Hearing for November 19, 2010; and

WHEREAS, the Court has reviewed and considered the proposed Settlement Agreement and the submissions of the parties in support thereof, and has held oral argument at the Final Fairness Hearing in this matter on November 19, 2010,

NOW THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>. For purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" section of the Settlement Agreement.

2. <u>Class Action Requirements</u>. The Court finds that the requirements of Federal Rule of Civil Procedure 23 have been met, in that:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law and fact common to the Settlement Class, which questions predominate over any questions affecting only individual members;

    c. The Settlement Class Representatives' claims are typical of the other Settlement Class Members' claims;

    d. The Settlement Class Representatives and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class and absent Settlement Class members. The Settlement Class Members retained counsel

experienced in bringing class action and civil rights litigation.

3. <u>Certification of the Settlement Class.</u>  The requirements of Federal Rule of Civil Procedure 23(b)(2) and (b)(3) having been met, the Court certifies the following Settlement Class for the purpose of effectuating the Settlement:

> *All women who are currently holding, or have held, a sales-related position with Novartis Pharmaceuticals Corporation, including those who have held positions as Sales Representatives, Sales Consultants, Senior Sales Consultants, Executive Sales Consultants, Sales Associates, Sales Specialists, Senior Sales Specialists and District Managers I, from the start of the class period, July 15, 2002, through the Preliminary Approval date (July 14, 2010) and excluding individuals who opt out of the settlement on a timely basis.*

4. <u>Notice.</u>  The Court finds that dissemination of the Notice as provided for in the Preliminary Approval Order constituted the most effective and practicable notice, under the circumstances, to all Settlement Class Members concerning the pendency of this action, the proposed Settlement, the claim form process and instructions, and the final fairness hearing, and constituted due and sufficient notice to all persons entitled to receive notice required by due process and Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure and any other applicable law.

5. <u>Final Approval of the Agreement.</u>  The Court finds that the proposed Agreement is APPROVED as fair, reasonable and adequate, pursuant to Rule 23(e)(1)(C) of the Federal Rules of Civil Procedure. The Court further finds that each and every term, provision, condition and agreement of the Settlement Agreement, including all exhibits

thereto, apply and are adopted, incorporated, and made part of this Judgment, as if copied herein in extensor, and shall be effective, implemented and enforced as provided in the Settlement Agreement.

6. <u>Monetary Relief.</u> Defendant is required to pay the monetary relief to the class in the total amount of $152,500,000.00, as fully set forth in the Settlement Agreement and allocated as follows:

    a. $60,000,000.00 committed to back pay for class members;

    b. Up to approximately $40,000,000.00 is available to be awarded as compensatory damages for class members who file Claims Forms as set forth in the Agreement;

    c. $9,835,500.00 committed to testifying witnesses, class representatives and deponents;

    d. $164,500.00 committed to *cy pres* awards;

    e. $38,125,00.00 committed to attorneys' fees; and

    f. Approximately $2,375,000.00 committed to payment of administrative settlement costs; and

    g. $2,000,000.00 committed to reimbursement of litigation expenses.

7. <u>Non-monetary Relief.</u> Defendant is required to implement each and every programmatic relief measure set forth in the Settlement Agreement, with Defendant's compliance with such relief measures subject to monitoring by Class Counsel and the Compliance Master.

8. <u>Compensatory Damage and Service Awards.</u>  The Court approves the awards of compensatory damages and service awards ranging from $175,000 to $425,000 to the 26 Named Plaintiffs and Testifying Witnesses, and an award of $25,000 in service payments to each of the 20 deponents, as set forth in the Settlement Agreement, which the Court

approves for the reasons stated in the opinion approving the Settlement.

9. <u>Appointments.</u> The Court appoints The Hon. William B. Wetzel (ret.) as Claims Adjudicator and Dr. Neal A. Gelfand as Court Monitor pursuant to the relevant provisions of the Settlement Agreement.

10. <u>Jurisdiction.</u> The Court finds that it has jurisdiction over the subject matter of the Action, the Settlement Class Representatives, the other Settlement Class Members, and the Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Agreement and/or Judgment.

11. <u>Attorneys' Fees, Costs and Expenses.</u> The Court awards to Settlement Class Counsel Attorneys' fees in the amount of $38,125,000.00 and costs and expenses in the amount of $2,000,000.00, which amounts the Court finds are fair, adequate and reasonable. The amounts shall be paid out of the Settlement Fund by the Claims Administrator no later than thirty-five (35) calendar days after the Effective Date as defined in the Settlement Agreement.

12. <u>Dismissal With Prejudice.</u>  The Class Action is hereby DISMISSED WITH PREJUDICE.

13. <u>Confidential or Highly Confidential Information.</u> The Court hereby orders that all discovery materials marked as containing Confidential or Highly Confidential Information be returned to the producing party or destroyed pursuant to the Court's Protective Order of October 25, 2005.

14. <u>Entry of Judgment.</u> There being no just reason to delay entry of this Judgment, the Clerk

of the Court is ordered to enter this Judgment forthwith, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED THIS 30th DAY OF NOVEMBER, 2010

_____
Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE